UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**NICOLE REYES, ET AL**                         **CIVIL ACTION**

**VERSUS**                                      **NO. 12-2043**

**JULIA PLACE CONDOMINIUMS**                    **SECTION "C" (3)**
**HOMEOWNERS ASSOCIATION,**
**INC., ET AL**

## ORDER

This matter comes before the Court on the plaintiff's motion for preliminary injunction. Having considered the record, the memorandum of counsel for the plaintiff and the defendant, and the law, the Court has determined that the motion should be denied for the following reasons.

The plaintiff, Nicole Reyes ("Reyes"), is the class representative in this suit, and has filed this suit against the defendants under the Federal Debt Collection Act, Louisiana usury laws and Louisiana Unfair Trade Practices Act. (Rec. Docs. 1 & 40). The plaintiff claims that defendants refuse to inspect or fix her unit, which suffered damage in Hurricane Isaac, in retaliation for bringing this suit. (Rec. Doc. 81).

A preliminary injunction is an extraordinary and drastic remedy that is granted only when the mover carries the burden of persuasion by a clear showing. Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 11A *Federal Practice & Procedure* § 2948 (West). It is appropriate only when the mover establishes: (1) a substantial likelihood that she will prevail on the merits; (2) a

substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendants; and (4) the granting of the preliminary injunction will not disserve the public interest. *Id.*; *Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). All four prerequisites must be met.

Here, the plaintiff has not demonstrated that a substantial threat of irreparable harm exists if the injunction is not granted. An irreparable injury is one that cannot be prevented or fully rectified by a final judgment following a trial. *See Superior Merchandise Co. v. M.G.I. Wholesale, Inc.*, 2000 U.S. Dist. LEXIS 4333 (E.D. La. Mar. 27, 2000). Plaintiff has not shown that the alleged damage to her ceiling cannot be rectified by a by a final judgment following a trial, and therefore she has not demonstrated a substantial threat of irreparable harm.

This Order is directed only to the appropriateness of a temporary restraining order and preliminary injunction. The Court does not express any opinion as to the appropriateness of any other relief sought by the Plaintiff.

Accordingly,

IT IS ORDERED that the plaintiff's motion for preliminary injunction is DENIED. (Rec. Doc. 81).

New Orleans, Louisiana, this 9th Day of October, 2012.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**