**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**NICOLE REYES, ET AL**                                    **CIVIL ACTION**

**VERSUS**                                                 **NO. 12-2043**

**JULIA PLACE CONDOMINIUMS**                               **SECTION "C" (3)**
**HOMEOWNERS ASSOCIATION,**
**INC., ET AL**


**ORDER AND REASONS**

Before the Court are four motions: (1) Defendant Rotunda's 12(b)(1) Motion to Dismiss and

for Compliance with FRCP 20. Rec. Doc. 118; (2) Motion of Steeg Law, LLC and Margaret V.

Glass to Dismiss under Federal Rule of Civil Procedure 12(b)(6). Rec. Doc. 100; (3) Motion of Julia

Place Condominium Homeowners Association, Inc. to Dismiss under Federal Rule of Civil

Procedure 12(b)(6). Rec. Doc. 110; (4) Plaintiff's Motion for Partial Summary Judgment. Rec. Doc.

114.  All motions are opposed.  Having considered the record, the memoranda of counsel, and the

law, the Court rules as follows.

**I. BACKGROUND**

Nicole Reyes, individually and as class Representative of two classes, the Federal Debt

Collection Practices Act ("FDCPA") class and the Louisiana Usurious class, filed this complaint

under the FDCPA, Louisiana usury law, Louisiana Deceptive Trade Practices Act ("LUTPA"), and

the Louisiana Condominium Act. Rec. Docs. 1 & 40.  In the complaint, plaintiff brings claims for

alleged usurious late fees, interest and the acceleration of payments in alleged violation of the

1

mandatory 30-day debt notification requirements under the FDCPA. Rec. Doc. 1, p. 2. Reyes brings the claims against defendants Julia Place Condominium Association ("JPCA"), 14 additional Condominium Associations throughout the New Orleans area, the Steeg Law Firm, LLC ("Steeg") and Margaret V. Glass ("Glass"). *Id.* Plaintiff alleges that Steeg has directed the Condominium Associations to set Condominium Declarations that facially violate Louisiana usury laws, by illegally authorizing interest rates of 18%, late fees exceeding 40% of the principal, and attorney fees that are assessed before the unit owner receives any notification that debt is owed in violation of the FDCPA. Rec. Doc. 1, p. 3. In Reyes' case, she alleges that an unenforceable $100.00 late fee in January 2012 grew to $624.34 in 45 days as a result of compounding the late fee and interest of 18% and adding attorney fees ($210). Reyes also alleges that the late fee of $100.00 violates the Louisiana Condominium Act, *La. R.S. 9:1123.102*, and is against the public policy of Louisiana on its face because it exceeds 40% of her monthly assessment of $219.13. Rec. Doc. 1, p. 3. In the Amended Complaint, plaintiff alleges that defendant JPCA refused to inspect or fix her unit, which suffered damage in Hurricane Isaac, in retaliation for bringing this suit. Rec. Doc. 40, p.1-2.

## II. MOTIONS TO DISMISS

### A. Rule 12(b)(1) and 12(b)(6) Standard of Review

The standard of review for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is the same as that for a Rule 12(b)(6) motion. *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992); *U.S. v. City of New Orleans*, No. Civ. A. 02-3618, 2003 WL 22208578, at *1 (E.D. La. 2003). The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When considering a motion to dismiss under Rule 12(b)(6) for failure

to state a claim upon which relief can be granted, a district court must accept the factual allegations of the complaint as true and resolve all ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Unless it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim," the complaint should not be dismissed for failure to state a claim. *Id.* at 284-85 (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46, 787 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss. *See Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (*citing Fernandez-Montes*, 987 F.2d at 284).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2009). The face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 256-57 (5th Cir. 2009). If there is insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007), the claim must be dismissed.

When considering a Rule 12(b)(6) motion, a court must accept all reasonable inferences in favor of the plaintiff. *Lormand*, 565 F.3d at 232. However, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*citing Twombly*, 550 U.S. 544). Although for the purposes of a motion to dismiss a court must take all of the factual

allegations in the complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

### B. Rotunda's 12(b)(1) Motion to Dismiss and for Compliance with FRCP 20

Defendant Rotunda Condominiums Homeowners Association, Inc. ("Rotunda") asserts that Reyes lacks standing to bring claims against it under Rule 12(b)(1) of the Federal Rules of Civil Procedure and because she did not comply with Federal Rule of Civil Procedure 20. Rec. Doc. 118. The motion is denied for the following reasons.

I. Standing

Under *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 102-03 (1998) and *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), the "irreducible constitutional minimum of standing" has three components: 1.) that there is an injury-in-fact suffered by the plaintiffs that is concrete and actual or imminent, not conjectural or hypothetical, 2.) that there is causation with a fairly traceable connection between the alleged injury and challenged conduct and 3.) that there be redressability with a likelihood that the requested relief will redress the alleged injury.

Here, plaintiff is a class representative and claims an injury-in-fact was suffered by the class and that the injury came from Rotunda's alleged conduct. Rec. Doc. 1, p. 7.  Defendant claims Reyes maintains no relationship with any of the twenty condominium association defendants and that she may not "'champion the rights of another.'" *Scottsdale Ins. Co. v. Knox Park Constr., Inc.*, 488 F.3d 680, 684 (5th Cir. 2007) (*citing Rohm & Hess Tex. Inc. v. Ortiz Bros. Insulation, Inc.*, 32 F.3d 205, 208 (5th Cir. 1994)).  Defendant cites to *Raines v. Byrd* to demonstrate that "a plaintiff's complaint must establish that he has a 'personal stake' in the alleged dispute, and that the alleged injury suffered is particularized as to him." 521 U.S. 811,

4

819 (1997).

Defendant overlooks the fact that Reyes is the class representative in this litigation and is bringing the case on behalf of herself and on behalf of two classes, the FDCPA class and the Louisiana Usurious Class. Rec. Doc. 1, p. 2.  Defendant alleges that Reyes may not attempt to recover on behalf of a putative class because the class has not yet been certified. Rec. Doc. 118, p. 4.

Defendant cites to *Audler v. CVC Innovis, Inc.* where the Fifth Circuit held on appeal that the class representative did not have standing "[b]ecause no class has been certified and because, for the reasons discussed below, Audler's direct claims must be dismissed, he cannot serve as the representative of any properly certified class." 519 F.3d 239, 248 (5th Cir. 2008).  *Audler* is different than the present case where Ms. Reyes' direct claim has not been dismissed. Additionally, unlike in *Audler*, this claim comes at the beginning of the litigation, and a class may still be certified. *See Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831, 119 S.Ct. 2295, 2307, 144 L.Ed.2d 715 (1999) ("the class certification issues are . . . 'logically antecedent' to Article III concerns, and themselves pertain to statutory standing, which may properly be treated before Article III standing.  Thus the issue about Rule 23 certification should be treated first."); *Payton v. County of Kane*, 308 F.3d 679, 677-81 (7th Cir. 2002) (holding the district court should have addressed class certification before Article III standing to sue each defendant).   The Court agrees that Rule 23 certification should be treated before it finds Ms. Reyes lacks standing on behalf of her class.

Plaintiff asserts that the Juridical Link Doctrine gives her standing to bring claims on behalf of the class against defendants from whom she has not sustained a direct injury. Rec. doc. 127, p. 15.  The doctrine is premised on the idea that the class, not the class representative, is the

legal entity for the purposes of Article III standing. *Tex. Med. Providers Performing Abortion Servs. v. Lakey*, 806 F. Supp. 2d 942, 953-54 (W.D. Tex. 2011). There is a Circuit split on whether the Juridical Link Doctrine gives a class representative standing to bring claims against defendants that did not cause her actual injury, and the Fifth Circuit has not made its own determination. In *Mahon v. Ticor Title Insurance Co.*, the Second Circuit held that the doctrine did not apply because the defendant's alleged unlawful conducts must have caused injury to the plaintiff herself in order for there to be Article III standing. 683 F.3d 59, 62. However, in *La Mar v. H & B Novelty & Loan Co.*, the Ninth Circuit held that the Juridical Link Doctrine applies to allow a group of plaintiffs–named and unnamed–to have standing to bring a claim against defendants when they have suffered an identical injury that is related by conspiracy, concerted scheme or otherwise "juridically related in a manner that suggests a single resolution of the dispute would be expeditious." 489 F.2d 461, 466 (1973). *See also Moore v. Comfed Sav. Bank*, 908 F.2d 834, 838-839 (11th Cir. 1990) (adopting Juridical Link Doctrine when all the transactions arose from a common source and all involved the same question of law and fact); *Payton*, 308 F.3d at 679 (upholding the Juridical Link Doctrine in the Seventh Circuit); *Fallick v. Nationwide Mut. Ins. Co*, 162 F.3d 410, 423-24 (6th Cir. 1998) (adopting the Juridical Link Doctrine for Article III standing because all defendants committed the conduct being challenged).

The Fifth Circuit has only addressed the Juridical Link Doctrine in *Audler* where it found that it was inapplicable for the reason stated above, but did not strike it down, or affirm it. 519 F.3d at 248. This Court, as other district courts have, finds that the Juridical Link Doctrine may be applicable after Rule 23 certification. *Lakey*, 806 F. Supp. 2d at 953-54; *Mayo v. Hartford Life Ins. Co.*, 214 F.R.D. 465, 2002 U.S. dist. LEXIS 15990 (S.D. Tex. 2002). Ms. Reyes has

6

alleged that the defendant condominium associations have engaged in a scheme or otherwise conspired with Steeg and Glass to set their respective Condominium Declarations to charge usurious interest upon its members in violation of the Louisiana Condominium Act and Louisiana usury laws and for Steeg and Glass to send form collection letters on behalf of Rotunda and the other named condominium associations which violate the FDCPA, LUTPA and Louisiana usury laws. Rec. doc. 127, p. 17. The factual allegations must be taken as true in this 12(b)(1) motion, and the Juridical Link Doctrine is applicable to the alleged scheme or conspiracy.

     ii. Rule 20 Challenge

     Defendant Rotunda re-iterates many of its arguments regarding its 12(b)(1) motion to dismiss as a violation of Rule 20 of the Federal Rules of Civil Procedure.[1] Rec. doc. 118, pp. 5-7. The issue of Permissive Joinder of Parties would arise in this case if class certification was denied. *See Kemp v. Metabolife Intern., Inc.*, No.Civ. A. 00-3513, 2003 WL 22272186 (E.D. La. Oct. 1, 2003). The plaintiff has made "Class Action Allegations" that asserted the claims arise out of 1) the same transaction or occurrence common to all defendants, and 2) that a question of law or fact is common to all defendants. Rec. Doc. 1, Compl., pp. 24-27. The Court refrains from commenting further on the allegations made in this class action suit at this time. The Court finds that the plaintiffs have sufficiently established standing for present purposes, and the defendant's argument on this issue is unpersuasive. Accordingly, the motion is DENIED.

**C. 12(b)(6) Motion to Dismiss by Steeg Law, LLC and Margaret V. Glass**

---

[1]Rule 20(a)(2) states: Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurences; and (B) any question of law or fact common to all defendants will arise in the action. FED.R.CIV.P. 20.

Defendants Steeg and Glass bring this motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure asserting that plaintiff failed to state a claim upon which relief may be granted under i.) the FDCPA, ii.) Louisiana usury laws and iii.) the LUTPA. Rec. Doc. 100.  The motion is partially granted and partially denied.

i.) FDCPA claims

Defendants Steeg and Glass claim they cannot be prosecuted under the FDCPA because they have only sought judicial, not nonjudicial, action against Reyes, and they are not debt collectors and were only attempting to preserve a security interest through their letters to Reyes. Rec. Docs. 100, pp. 8-14.

Steeg and Glass argue that the Complaint does not accuse them of violating 15 U.S.C. § 1692f(6), which regulates "nonjudicial action." The Court agrees with defendants Steeg and Glass that the April and June letters do not threaten nonjudicial dispossession.  Rec. Doc. 1, Exh. A & D.  Additionally, it appears that Reyes makes allegations of nonjudicial dispossession because the Condominium Association refused to give her the new access code to the unit.  But this is a complaint against the Condominium Association, not Steeg or Glass. *Id.*, p. 20. Therefore, defendants Steeg and Glass' actions do not fall under 15 U.S.C. § 1692f(6) of the FDCPA. Rec. Docs. 100, p. 9. The Court dismisses any claims against Steeg and Glass made under 15 U.S.C. § 1692f(6). *Brooks v. Flagstar Bank, FSB,* No. 11-67, 2011 WL 2710026, at *8 (E.D. La. July 12, 2011) (dismissing § 1692f(6) claim because nonjudicial action was not threatened).

Defendants Steeg and Glass argue that the other sections of the FDCPA that Reyes and her class allege they violated, § 1692c,  § 1692e and  § 1692g, do not apply to them because they are not debt collectors. Rec. Doc. 100, p. 9.  The term 'debt collector' is defined as:

8

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another . . . . [S]uch term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692a(6).

A debt is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."  15 U.S.C. § 1692a(5).  Attorneys that engage in debt collection or debt collection litigation on a regular basis are covered by the FDCPA and must comply with the act. *Heintz v. Jenkins*, 514 U.S. 291, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995).

Here, Steeg and Glass are attorneys that engage in debt collection. They were seeking to collect from Reyes for alleged late fees, attorney fees and the acceleration of assessments. Rec. Doc. 1, p. 12.  Steeg and Glass' letters to Reyes (and perhaps their alleged letters to other class members) explain that they seek to collect a debt. Rec. Doc.1, Exh. A & D.  The Court does not need to determine whether Steeg and Glass were in fact enforcing a security interest as they claim because the Fifth Circuit has held that "a party who satisfies §1692a(6)'s general definition of a 'debt collector' is a debt collector for the purpose of the entire FDCPA even when enforcing security interests." *Kaltenbach v. Richards*, 464 F.3d 524, 528-29 (5th Cir. 2006); *Piper v. Portnoff Law Associates*, 396 F.3d 227, 234-36 (3d Cir. 2005) (finding a debt collector is not immune to the requirements of the FDCPA when a "security interest" is involved).  Neither plaintiff nor defendant discuss whether defendants Steeg and Glass regularly collect debts in their business activities, however Steeg and Glass' actions appear as though they are regularly

attempting to collect debts owed to another. 15 U.S.C. § 1692a(6).  Therefore, the Court finds

that at this stage, plaintiff's allegations that defendants are debt collectors under the statute are

sufficient. *Brooks*, 2011 WL 2710026 at *6.

ii.) Louisiana Usury Laws

Defendants Steeg and Glass assert that Reyes does not have a claim against them under

Louisiana usury law because 1) they did not directly contract with Reyes and 2) they did not

receive a benefit from the usurious charges made against Reyes. Reyes contends that she and her

class have a claim against Steeg and Glass under Louisiana usury laws because they 1) prepared

the condominium bylaws that charge usurious interest and late fees, 2) because they benefit

directly from those documents through continued legal work and fees from the condominium

associations they represent and 3) use the Louisiana Condominium Act to extract attorney's fees

not owed under the association bylaws because they come from enforcing late fees, not

assessments. Rec. Doc. 113, p. 16.

The Court agrees with the plaintiff that Steeg and Glass have cited authority that does not

go to the applicability of Louisiana usury law and does not set precedent for this case. *Weiner v.*

*Bank of King of Prussia*, 358 F. Supp. 684, 687 (E.D. Pa. 1973).  Additionally, defendants Steeg

and Glass cite California and Idaho cases which deal with those state's usury laws without

explaining why they should be persuasive in interpreting Louisiana law. *Hillier v. Muth*, 23 P.2d

46 (Cal. App. 1933); *Clarke v. Horany*, 212 Cal. App. 2d 307 (1963); *Milo Theater Corp. v.*

*National Theater Supply*, 233 P.2d 425 (Idaho App. 1951).

Steeg and Glass' only supported argument is that Subsection 2 of Louisiana Revised

Statute 9:3505 entitled "Items or Charges Not Considered Interest" provides that the types of

penalties JPCA assessed against Reyes are not subject to Louisiana usury law.  In citing to this

section, defendants are arguing that the charges assessed for non-payment of a loan and

reasonable attorney's fees provisions of Louisiana Revised Statute 9:3505 exempt them from

liability.  However, defendants overlook the fact that they were charging Reyes not just for

charges assessed for non-payment of a "federally related mortgage," La. R.S. 9:3505, but for

interest charged on a late fee for monthly condominium assessments under La. R.S. 9350-3501.

Rec. doc. 113, p. 23; *See* Compl., Rec. Doc. 1, pp. 1, 13, 23, 24 & 30.  Defendants have not

demonstrated that the late charges and interest on those charges that they were seeking to enforce

were factually similar to the loan charges discussed in *Cage*. *United Federal Savings & Loan*

*Association v. Cage*, 487 So.2d 171, 173 (La. App. 4th Cir. 1986) *writ denied* 491 So.2d 22 (La.

1986). *See also State ex rel Guste v. City of New Orleans*, 309 So.2d 290, 295-96 (La. 1975)

(discussing usury charges late payments on utility bills which are "consumer credit sales").

     Reyes has pleaded sufficient information to allege Steeg and Glass violated Louisiana

usury laws in assisting JPCA and other condominium associations in drafting declarations that

violate Louisiana usury law in their interest rates and in charging late fees with interest. Rec.

Doc. 1, p. 21. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)

(establishing a lenient pleading standard requiring only a "short and plain statement of the claim"

to demonstrate the pleader is entitled to relief).  Arguments about whether Steeg  and Glass

profited from the interest rates, or were in contractual privity with Reyes, were not fully briefed

in Steeg and Glass' memo and are not appropriate for a motion to dismiss. Rec. Doc. 100.  As

such, the Court finds at this stage that Reyes has stated a claim upon which relief may be granted

against Steeg and Glass under Louisiana usury law.

     <u>iii.) the LUTPA</u>

     In the complaint, Reyes raised claims against Steeg and Glass under the LUTPA. Rec.

Doc. 1, p. 32. In its opposition, plaintiffs do not respond to Steeg and Glass' request to dismiss

the LUTPA claims. Rec. Doc. 113.  Steeg and Glass argue Reyes has not stated a claim against

them under LUTPA because LUTPA does not declare unlawful the practices Reyes alleges Steeg

and Glass undertook to collect the debt against her. Rec. Doc. 100, p. 17.  Specifically, Steeg and

Glass argue that the letters they sent Reyes were required by the Louisiana Condominium Act

and do not violate the LUTPA. The act declares unlawful "[u]nfair methods of competition and

unfair or deceptive acts or practices in the conduct of any trade or commerce. . . ." La. R.S.

51:1405A.

Steeg and Glass argue that the LUTPA claims fail because the FDCPA and Louisiana

usury law claims fail. Rec. Doc. 100, p. 18; *Levine v. FNBC*, 948 So.2d 1051, 1065-66, 2006-

0394 (La. 12/15/06).  The Court does not agree. The range of prohibited practices under LUTPA

is extremely narrow. *Cheramie Services, Inc. v. Shell Deepwater Production*, 35 So.3d 1053,

1059-60 (La. 2010).  LUTPA prohibits immoral, unethical, oppressive, unscrupulous or

substantially injurious practice which offend public policy.  The determination of whether an act

or practice is unfair in a particular case is left to the courts. *Coffey v. People's Mortgage & Loan*

*of Shreveport, Inc.*, 408 So.2d 1153, 1156 (La. App. 2d Cir. 1981) (*citing Moore v. Goodyear*

*Tire and Rubber Co.*, 364 So.2d 630 (La. App. 2d Cir. 1978)).  Because Reyes did not respond to

this claim, the Court analyzes the complaint and amended complaint on its own to find that the

two letters Steeg and Glass claim were required to be sent under the Louisiana Condominium

Act did not offend public policy, and therefore were not sent in violation of the LUTPA. Rec.

Docs. 1, Ex. A & D, 40.   The Court withholds judgment on whether drafting the Condominium

Declaration or any other allegations violate LUTPA. It also refrains from commenting on the

element of scienter. Rec. Doc. 100, p. 20.

### D. 12(b)(6) Motion to Dismiss by Julia Place Condominium Homeowners

Defendant JPCA bring this motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure asserting that plaintiff failed to state a claim upon which relief may be granted under i.) the FDCPA, ii.) Louisiana usury laws and iii.) LUTPA. Rec. Doc. 110.  The motion is partially granted and partially denied.

<u>I.) FDCPA claims</u>

The definition of a debt collector is detailed above. *See supra*, p. 8.  JPCA is Reyes' creditor not debt collector.  A creditor is defined by the FDCPA as: "any person who offers or extends credit creating a debt or to whom a debt is owed . . . ." 15 U.S.C. § 1692a(4).  Only a debt collector and not a consumer's creditor, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned, can be liable under the FDCPA. *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).  Reyes entered into the Condominium Declaration with JPCA when she purchased the condominium. Rec. Doc. 110, Ex. A.  The Condominium Declaration makes fees and assessments payable to JPCA. Rec. Doc. 110, p. 3.  Hence, JPCA is the creditor.  The debt at issue here is collected by Steeg, not by JPCA. Even if the debt were collected by JPCA, it would be a creditor attempting to collect its own debt and hence would not fall under the FDCPA. *Madura v. Lakebridge Condo Ass'n*, 2009 U.S. Dist. LEXIS 21241, *7-8 (D. Fla. 2009).

Reyes claims 1) JPCA is directly involved with the collection and retaliatory activity that gives rise to emotional distress under the FDCPA and 2) JPCA is so closely tied to the debt collection activity that for purposes of the FDCPA it could be determined that the association is acting like a debt collector under the "false name" exception, or as the agent for Steeg and Glass. The only support Reyes provides from the Fifth Circuit or the district courts within its circuit is

from *Taylor v. Perrin, Landry, deLaunay & Durand*, which held that a creditor was a "debt collector" and therefore liable under the FDCPA because while the creditor sent collection letters under the attorney's signature, the attorney had not engaged in any meaningful review of the debtors' file. 103 F.3d 1232, 1240 (5th Cir. 1997). Reyes has not alleged facts similar to the facts in *Taylor* in her complaint. In *Taylor*, USI Financial Services, Inc. loaned Taylor money to purchase automobile insurance premiums. When Taylor failed to pay the debt in a timely matter, USI used a form letter prepared by the law firm Perrin, Landry, deLaynay and Durand to attempt to collect the debts. The law firm had pre-approved the letter for collecting debts, but neither reviewed Taylor's debt nor sent the letter. *Id.* at 1235. The Fifth Circuit found that USI was the actual debt collector. Here, Reyes argues it is too early to know if Steeg law firm did any meaningful review of Reyes' file or not, or how the letters were generated. However, Reyes did not argue that JPCA was acting in place of Steeg in her complaint, Rec. Doc. 1, pp. 15-22, or amended complaint, Rec. Doc. 40, p. 7. If Reyes wishes to allege that JPCA is the debt collector rather than Steeg and Glass, she shall amend her complaint to state that within 10 days.

Accordingly, at this time, plaintiff does not have a claim against JPCA under the FDCPA, and the claims against JPCA under the FDCPA will be dismissed if Reyes does not amend her complaint within 10 days. Reyes may not bring retaliation claims under the FDCPA if JPCA is not considered a "debt collector" under the JPCA. Rec. Doc. 112, p. 15. Additionally, Reyes cannot maintain its FDCPA claim because of JPCA's alleged retaliation. Rec. Doc. 112, p. 16. The Court does not consider whether Reyes can bring the retaliation or Intentional Infliction of Emotional Distress claims on their own since this was not raised in the initial motion and only mentioned in the reply. Rec. Docs. 110, 120.

ii.) Louisiana Usury Laws

14

JPCA asserts that Louisiana usury laws do not apply because the usury laws apply to interest on loans, rather than on the nonpayment of monthly condominium fees. Rec. doc. 110, p. 6.  JPCA argues the intent of the legislature was for Louisiana usury laws to only apply to loans when La. R.S. 9:3500 was moved to Title 12 "Of Loan"of Book three of the Louisiana Civil Code Ancillaries. Rec. Doc. 110, p. 5-6.  JPCA claims that by moving the statute and titling part of it "Maximum rate of conventional interest on certain loans," La. R.S. 9:3503, the usury law only applies to loans and the holding in *Walker, Took & Lyons, L.L.P. v. Sapp* is no longer valid. 862 So.2d 414, 418-19 (La. App. 2d Cir. 2003).  *Sapp* held that an interest rate of 18% on unpaid legal fees was usurious. *Id.* at 418.  *Sapp* explained that this applied to a usurious interest rate agreed to in any contract and that this provision did not only apply to loans. *Id.* at 419.  JPCA claims *Sapp* is an outlier, but only cites to the 1975 case *State ex. rel Guste* as a case that came out the other way. 309 So.2d 290.  *Guste* held only that the usury statutes applied to loans but not to consumer credit sales for which there is a specific exception in the statute. *Id.* at 296; La. R.S. 9:3500.  *Guste* did not look at condominium assessment fees and Reyes' allegations against JPCA are not for a consumer credit sale. Reyes directs the court to several cases demonstrating that *Sapp* is not an outlier and that the usury law is the general law unless a specific exception applies. *See Research Group, Inc. v. Sharp*, 430 So.2d 165, 168-69 (La. App. 2d Cir. 1983); *C & A Tractor Company v. Branch*, 520 So.2d 909 (La. App. 3d Cir. 1987); *Production Wireline Services, Inc. v. Trans-tech International Wireline Services, Inc.*, 685 So.2d 480, 483-84 (La. App. 3d Cir. 1996); *Bonfanti v. Davis*, 487 So.2d 165, 168-69 (La. App. 3d Cir. 1986); *Southern Maine Sales, Inc. v. Matherine*, 915 So.2d 1042, 1047-48 (La. App. 5th Cir. 2005); *W.W. Page & Son v. Russell*, 7 La. App. 129 (La. App. 2d Cir. 1927); *Bieber-Guillory v. Aswell*, 723 So.2d 1145, 1152 (La. App. 3d 1998); *Succession of Drake*, 359 So.2d 249 (La. App. 2d Cir. 1978).

15

The Court finds that JPCA has not demonstrated that *Sapp* is an outlier. 862 So.2d 414.

Additionally, the shifting of the statute in the Louisiana Revised Statutes has not changed its

meaning to make the statute only applicable to loans nor has it invalidated *Sapp*. *Id.* As stated

above, *supra*, p. 10-11, the Court finds that Subsection 2 of Louisiana Revised Statute 9:3505

entitled "Items or Charges Not Considered Interest" provides that the types of penalties JPCA

assessed against Reyes are subject to Louisiana usury law.

Additionally, JPCA argues the late charges and penalties plaintiff contests constitute "not

interest on a conventional obligation" and hence are not covered by La. R.S. 9:3505. Once again,

the Court does not find this argument to be dispositive because Reyes does not bring her claim or

her classes' claims under La. R.S. 9:3505. Rec. Doc. 1, pp. 1, 13, 23, 24 & 30.  The bankruptcy

case to which JPCA cites does not address the Louisiana usury law at issue here. *In re Stewart*,

2008 Bankr. LEXIS 3226, *24 (Bankr. Ed. La. 2008).

Accordingly, at this time, the Court does not find that JPCA's motion to dismiss should

be granted as it pertains to Louisiana usury law.

iii.) the LUTPA

JPCA asserts that the LUTPA claims plaintiff alleges against it must be dropped because

it issued authorized charges and procedures that were lawful and had been agreed to by the

plaintiff, and the punitive remedies of LUTPA are unavailable for the plaintiff's claims. Rec.

Doc. 110, p. 8.  Plaintiff alleges that the defendant wrongly seized and converted her property in

violation of LUTPA.  The Court has already acknowledged that the range of prohibited practices

under LUTPA is extremely narrow. *Cheramie Services, Inc.* 35 So.3d at 1059.  However, at this

stage in the case before discovery has been conducted, the Court cannot determine if JPCA's

actions fall within that range of prohibited practices. *See Slayton v. Davis*, 901 So.2d 1246 (La.

16

App. 3d 2005) (finding a LUTPA violation for wrongful seizure).  Reyes alleges that JPCA has refused to make repairs, to inspect her unit for damage after Hurricane Isaac, to report an insurance claim to the association insurer, and has explained that it will not do so because of this law suit. Because the Court must take all allegations in the complaint as true in considering a 12(b)(6) motion to dismiss, it cannot now find that Reyes has failed to state a claim under the LUTPA.  *Iqbal*, 556 U.S. at 678; Rec. Doc. 40, p. 30-31.  Additionally, it cannot now determine whether *intentional deception* was present in JPCA's actions. *Cargill, Inc. v. Degesch America, Inc.*, 2012 U.S. Dist. LEXIS 85929, *19-20 (E.D. La. 2012).  Without further discovery and briefing, the Court refrains from addressing whether treble damages under the LUTPA are appropriate. Rec. Doc. 110, p. 10.

The Court maintains supplemental jurisdiction over JPCA's state claims under 28 U.S.C. § 1376.  The Court has not dismissed all FDCPA claims in this matter, and the Court does not assert its discretion to dismiss claims that are supplemental to its federal question jurisdiction.

Additionally, the Court finds that the individual remedies sought by Reyes against JPCA in the Amended Complaint arise out of the same conduct, transaction, or occurrence as the allegations in the original pleading in compliance with Federal Rule of Civil Procedure 15(c)(1)(B). Rec. Docs. 1, 40.  The Court does not dismiss the Amended Complaint. Rec. Doc. 110, p. 13.  Despite the allegation that Reyes' claims are personal property damage claims between non-diverse parties, the Court has supplemental jurisdiction over Reyes' additional claims in the amended complaint.  28 U.S.C.  § 1376.

### III. MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff moves for partial summary judgment, individually and as a representative of two classes, under Louisiana usury law. La. R.S. 9:3500; La. R.S. 9:3501. Rec. Doc. 114.  Plaintiff

asks the Court to find only if Louisiana usury law applies and to "leav[e] for another day the question of which defendants may be liable for violating the usury statutes, and for how much." Rec. Doc. 114, p. 1. The motion is granted for the following reasons.

## A. Legal Standard

Rule 56 of the Federal Rules of Civil Procedure states: "The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56.  When considering whether any genuine issues of material fact exist, courts view the evidence and inferences drawn from that evidence in the light most favorable to the non-moving party. *United States ex re. Reagan v. East Texas Medical Center Regional Healthcare System*, 384 F.3d 168, 173 (5th Cir. 2004) (*citing Daniels v. City of Arlington, Texas*, 246 F.3d 500, 502 (5th Cir. 2001)).

An issue is material if its resolution could affect the outcome of the action. *Wyatt v. Hunt Plywood Co., Inc.*, 297 F.3d 405, 409 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2502, 91 L.Ed.2d 202 (1986)).  A factual dispute precludes summary judgment if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Hunt v. Rapides Healthcare Sys. LLC*, 277 F.3d 757, 762 (5th Cir. 2001).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (*citing Celotex*, 477 U.S. at 322-

24).  In order to satisfy its burden, the nonmoving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See e.g., Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 902 (1990). The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion. *See Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247-48 (1996).  "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249-50.

### B. Law and Analysis

As analyzed above, the Court finds that Louisiana usury statutes apply to the late fees and interest charged by condominium associations. The plaintiff asserts that she brings the complaint under La. R.S. 9:3500 and La. R.S. 9:3501 not La. R.S. 9:3505. Compl., Rec. Doc. 1, pp. 1, 13, 23, 24 & 30. The plain language of La. R.S. 9:3500 makes clear that "conventional interest cannot exceed twelve percent per annum." The statute applies to any interest on a contract. *Id.* The Condominium Declaration constitutes a contract. Rec. Doc. 1, Exh. A.  The case law cited above, *supra*, p. 15, makes clear that interest of the type allegedly collected by defendants meets the definition of conventional interest and falls under La. R.S. 9:3500.

Steeg and Glass argue that they did not draft the Condominium Declaration. Rec. Doc. 126, p. 1-2.  The motion specifically moves not to determine whether the usury laws were violated by anyone, but rather whether they are applicable to a late fee on assessments, interest on those assessments and attorney fees. Rec. Doc. 114, p. 1.  As such, Steeg and Glass' argument that they did not draft the Condominium Declaration has no bearing on this motion.  In ruling on this motion for partial summary judgment, this Court will not determine whether the usury laws were violated–only whether they are applicable to this factual situation.

19

Steeg and Glass continue to argue that the claim falls under La. R.S. 9:3505. Rec. Doc. 126, p. 4-5. JPCA alleges that Reyes' claims fall under La. R.S. 9:3502. Rec. Doc. 128, p. 3. The Court has responded to defendants' claims about the applicable statute above. It finds that La. R.S. 9:3500 and 9:3501 are the appropriate statutes for the present claims, and these statutes are not only applicable to loans. Late fees of this type and interest accrued on them are not specifically excluded from the usury statutes. La. R.S. 9:3500.

JPCA alleges that Rule 56 of the Federal Rules of Civil Procedure does not allow part of a claim to be resolved. Rec. Doc. 128, p. 4. To the contrary, the plain language of Rule 56 makes clear that a motion for partial summary judgment may be brought on an entire claim or defense, "or [a] part of each claim or defense." FED.R.CIV.P. 56(a). JPCA cited to no binding precedent for the proposition that courts have interpreted this language to mean summary judgment may only be granted on a motion that is dispositive of an entire claim. Rec. Doc. 128, p. 4. Additionally, since plaintiff's exhibit A, Rec. Doc. 114, would only be necessary to determine liability, and the Court is not determining liability in this motion, JPCA's arguments about it are inapplicable. Rec. Doc. 128, p. 6. Defendants are respectfully reminded to cite to binding precedent, rather than cases in other Circuits, whenever possible.

## V. CONCLUSION

IT IS ORDERED that the Rotunda's 12(b)(1) Motion to Dismiss and for Compliance with FRCP 20 is DENIED. Rec. Doc. 118.

IT IS FURTHER ORDERED that the 12(b)(6) Motion to Dismiss by Steeg Law, LLC and Margaret V. Glass is GRANTED IN PART and DENIED IN PART. Rec. Doc. 100.

IT IS FURTHER ORDERED that the 12(b)(6) Motion to Dismiss by Julia Place

Condominium Homeowners Association, Inc.  is GRANTED IN PART and DENIED IN PART. Rec. Doc. 110.

IT IS FURTHER ORDERED that if plaintiff wishes to amend her complaint to allege that JPCA is the debt collector rather than Steeg or Glass, she shall do so within 10 days.

IT IS FURTHER ORDERED that Plaintiff's Motion for Partial Summary Judgment is GRANTED. Rec. Doc. 114.

New Orleans, Louisiana, this 5th day of February, 2013.


HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE