**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **NICOLE REYES, individually and as** | * | **CIVIL ACTION** |
| **Representative of two classes, the** | * | |
| **FDCPA class and the LA usurious class** | * | |
| | * | **No. 2:12-cv-2043** |
| **Plaintiffs,** | * | |
| | * | |
| **v.** | * | **Judge Helen C. Berrigan** |
| | * | |
| **Julia Place Condominiums Homeowners** | * | **Magistrate Daniel E. Knowles, III** |
| **Association, Inc., et al.** | * | |
| | * | |
| **Defendants.** | | |

_____

**MEMORANDUM IN SUPPORT OF DEFENDANT ROTUNDA'S MOTION FOR SUMMARY JUDGMENT**

_____

Defendant The Rotunda Condominiums Homeowners Association Inc. ("Rotunda") submits this memorandum in support of its Motion for Summary Judgment. For the reasons described in detail below, the Court should grant summary judgment in favor of Rotunda, dismissing the putative class claims asserted against Rotunda.

## I.      PRELIMINARY STATEMENT

Summary judgment is appropriate because no evidence supports the putative class action claims asserted against Rotunda.  Plaintiff Nicole Reyes brought these claims under the Fair Debt Collection Practices Act (the "FDCPA") and Louisiana Usury Law based on Rotunda's alleged practices of collecting condominium dues.  Specifically, Reyes claims that Rotunda violated Louisiana Usury Law by collecting usurious late fees

Rotunda and violated the FDCPA by sending putative class members coercive, harassing correspondence.  Rotunda, however, engaged in neither of these practices:  from August 2010 to the present, Rotunda received no late fee payments and, from August 2011 to the present, made no efforts to collect late fees as a debt collector.  Reyes lacks any evidence to the contrary and is unable to prove her claims.  Accordingly, Rotunda is entitled to a judgment as a matter of law, and this Court should grant its motion for summary judgment.

## II.    FACTUAL BACKGROUND

This lawsuit arose from a dispute between Ms. Reyes and Julia Place Condominiums Homeowners Association ("Julia Place") over the payment of condominium dues.    Reyes failed to timely pay her condominium dues for certain months, and in response, Julia Place charged Reyes late fees and engaged in various collection efforts, including correspondence sent from the Steeg Law Firm.  *See, e.g.*, (Rec. Doc. 1-1.)   Reyes claims that the late fees and interest were set at a usurious rate and that the correspondences were intended to coerce her into paying these fees immediately.  *See* (Rec. Doc. 1 ¶¶ 2-7.)  Collecting these late fees, according to Reyes, violated Louisiana Usury Law, and sending this type of correspondence violated the FDCPA.

Reyes, however, asserts no direct claims against Rotunda.  She makes no allegations that Rotunda charged her usurious late fees or sent her coercive

correspondence.   Instead, Reyes claims that Rotunda engaged in these collection practices when dealing with third-party individuals who pay condominium fees to Rotunda.  *See* (Rec. Doc. 1 ¶¶ 81-88.; Rec. 40 ¶¶81-88; Rec. Doc. 168 ¶¶81-88, 89-97.) Based on this belief, she seeks to represent a putative class of these individuals who allegedly have either paid usurious late fees (the "LA usurious class") or received coercive correspondence (the "FDCPA class").  Reyes defines the "LA usurious class" as "those class members who paid usurious fees, penalties or interest in the two year period before this filing" and the "FDCPA class" as "those class members who were sent Exhibit 'A' and 'D' during the one year prior to the date of filing this action."  *See* (Rec. Doc. 1 ¶ 81.)

Reyes, nevertheless, identifies no individual who falls within either of these putative subclasses.   That is because no putative class member exists.   Rotunda's condominium association manager, RCB Developers, Inc. ("RCB Developers"), is responsible for collecting Rotunda's condominium dues and maintains these collection records.   *See* Declaration of Stephanie Burmaster ("Decl. Burmaster") ¶ 2.   RCB Developers' search of the collection records confirmed that no individual paid any late fees from August 2010 through the present.   *See* Decl. Burmaster ¶¶ 3-9.    During this period, MTB Properties, LLC—the legal entity that owns Unit 210— was the only tenant charged a late fee due to delinquent payments for the months of August through November 2010.  *See id.* ¶ 7.  Rotunda, however, ultimately forgave those fees and never

collected payment.[1]   *See id.* ¶¶ 7-9.   Furthermore, RCB Developers' search also confirmed that, from August 2011 to the present, Rotunda has not assessed late fees to anyone.   *See id.* ¶ 10-11.   Therefore, no individual or entity responsible for paying condominium dues received any late fee correspondence during this time period.   *See id.*

Reyes offers no contradictory evidence to demonstrate that, during the relevant time periods, a putative class member was charged a late fee by Rotunda or received coercive correspondence from or on behalf of Rotunda.   Accordingly, Rotunda is entitled to a judgment as a matter of law.

## III.   LAW AND ARGUMENT

### A.   Summary Judgment Standard

Summary judgment is appropriate if the moving party can show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A factual dispute is 'genuine' where a reasonable party would return a verdict for the non-moving party." *Chiu v. Plano Indep. Sch. Dist.*, 339 F.3d 273, 282 (5th Cir. 2003) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action." *Weeks Mar., Inc. v. Fireman's Fund*

---

[1] During the course of its search, RCB found that two condominium owners paid late fees in 2008. Rotunda's counsel informed Reyes's counsel of these payments prior to Rotunda's Motion to Dismiss, and Reyes's counsel attached this correspondence to its Opposition to Rotunda's Motion to Dismiss. *See* (Rec. Doc. 127-4.)  Although these payments fall beyond the applicable statute of limitations, in the interest of full disclosure, Rotunda provides the following information regarding these payments.  David Wood made a payment of $207.47 on May 20, 2008, and Irene Rand made two $200 payments, one on June 2, 2008 and the other on June 5, 2008.

*Ins. Co*., 340 F.3d 233, 235 (5th Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The moving party bears the initial burden of identifying the absence of a genuine issue of material fact. *See Celotex*, 477 at 322. The moving party may satisfy its initial burden by either "(1) submitting evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense." *See Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (quotations omitted). Once the moving party satisfies its initial burden, it then "shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (citing *Celotex*, 477 U.S. at 322-24). The non-movant does not carry its burden of demonstrating a genuine issue merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

**B.      As A Matter Of Law, Reyes's Putative Class Actions Claims Fail**

Reyes's putative class action claims against Rotunda fail as a matter of law because no evidence exists to establish that (1) Rotunda collected any payments relating to late fees during the period from August 2010 to the present or (2) that Rotunda is a debt collector, who sent late fee collection correspondence to anyone.[2]

**1.      No one paid Rotunda any late fees two years prior to the suit's filing**

Reyes fails to establish that anyone paid a late fee to Rotunda that violated Louisiana usury laws.  This Court previously clarified on partial summary judgment that Louisiana usury statutes "apply to late fees and interest charged by condominium associations" and that "La. R.S. 9:3500 and 9:3501 are the appropriate statutes for" Reyes's claim.  (Rec. Doc. 153, pp. 19-20.)   Those statutes, therefore, set forth the elements that Reyes must prove in order to establish a claim against Rotunda on behalf of putative class members.  Specifically, La. R.S. 9:3500(C) provides that, "if any person shall <u>pay</u>" interest at an amount above twelve percent per annum, "the same may be sued for and recovered <u>within two years from the time of such payment</u>."  (emphasis added). Accordingly, Reyes must submit evidence that a putative class member actually <u>paid</u> Rotunda late fees that were usurious <u>within two years</u> from the suit's filing.

---

[2] This Court should deny any request for further discovery.  RCB Developers performed the relevant search of Rotunda's records, which demonstrated that Rotunda did not collect late fee payments or engage in collection efforts during the applicable statutes of limitations. Because no discoverable information exists to support Reyes's putative class action claims against Rotunda, this Court should grant summary judgment based on what Rotunda has offered.

Reyes is unable to do so.  From August 2010 through the present date, no one paid Rotunda any late fees.   RCB Developers, who Rotunda entrusts with collecting condominium dues and maintaining the records which reflect these collections, conducted a search of Rotunda's collection database.  *See* Decl. Burmaster ¶¶ 3-9.   RCB Developers specifically targeted its search for payments of late fees and limited the time period to August 2010 to the present.  *See id.* ¶ 7-9.  This search confirmed that no one paid Rotunda any late fees from August 2010 to the present.  *See id.*   In fact, RCB Developers' search revealed that only one condominium owner – MTB Properties, LLC – was initially assessed late fees for its failure to pay condominium dues from August through November 2010, but that Rotunda forgave these fees and never collected their payment. *See id.*

Because Reyes is unable to produce any evidence to establish that any putative class member paid a usurious fee to Rotunda within two years of this suit's filing, Rotunda is entitled to a judgment as a matter of law on Reyes's putative class claim under Louisiana usury law.

### 2. Rotunda is not a debt collector and made no attempts to collect late fees

Reyes's putative class action claims under the FDCPA also fail because Reyes is unable to produce any evidence that Rotunda is a debt collector or that Rotunda engaged in <u>any</u> collection efforts of late fees within one year of this suit's filing.

The FDCPA aims to "eliminate 'abusive, deceptive, and unfair debt collection practices' by regulating the type and number of contacts a 'debt collector' can make with a debtor." *See Castrill v. Am. Home Mortgage Serv., Inc.*, 670 F. Supp. 2d 516, 523 (E.D. La. 2009). Rotunda, however, must qualify as a "debt collector" to fall within the FDCPA's restrictions. Ruling on a motion to dismiss filed by Julia Place, this Court held that "[o]nly a debt collector and not a consumer's creditor . . . can be liable under the FDCPA." (Rec. Doc. 153, p. 13.) Because a creditor is "any person . . . to whom a debt is owed" and because the Julia Place's "Condominium Declaration makes fees and assessments payable" to Julia Place, this Court held that Julia Place qualifies as a creditor—not a debt collector. This Court further reasoned that "[e]ven if the debt were collected by JPCA, it would be a creditor attempting to collect its own debt and hence would not fall under the FDCPA." *See* (*id.*) For those same reasons, Rotunda is a creditor with respect to any fees and assessments that are payable under its Condominium Declaration and, accordingly, does not fall under the FDCPA.

Reyes has nevertheless amended her Complaint as an attempt to force the condominium associations under the FDCPA's purview. Her new theory is that the condominium associations operate as the true "debt collector" by engaging in collection practices under a "false name". Specifically, Reyes alleges that "the individual Condominium Associations may have assumed the role as the debt collector under the FDCPA's false name exception by (1) participating in the scheme to include usurious

interest and late fees in the Condominium Declarations and By-Laws; (2) preparing calculations for grossly exaggerated debts by including these charges; and (3) requesting that Steeg send the form collection letters on its letterhead without further review." (Rec. Dec. 168 ¶ 96(m).) Reyes supports her new theory with no evidence. Rotunda has delegated the collection of dues and fees to its condominium association manager, RCB Developers, and is uninvolved in collection efforts. *See* Decl. Burmaster ¶¶ 3, 10. Accordingly, Rotunda is not a debt collector under any theory that Reyes conjures.

Even if Rotunda is a "debt collector," Reyes still must prove that Rotunda engaged in illegal collection practices within the FDCPA's one-year statute of limitation. *See* 15 U.S.C. § 1692k; *Deaville v. Capital One Bank*, 425 F. Supp. 2d 744, 751 (W.D. La. 2006) ("Thus, the FDCPA has a one-year statute of limitations.") Rotunda made no collection efforts, whatsoever. RCB Developers confirmed that, from August 2011 to the present, no condominium owner received a late fee assessment, and accordingly, neither Rotunda nor any third party engaged in any type of late fee collection effort. *See* Decl. Burmaster ¶¶ 10-11. Reyes's FDCPA against Rotunda must therefore fail. She lacks any evidence that, within a year of this suit's filing, an individual received any type of late fee collection correspondence, including the alleged "form collection letters" attached as Exhibits A and D to Reyes's Complaint. Rotunda is entitled to a judgment as a matter of law, dismissing Reyes's putative class claim under the FDCPA.

## IV.    CONCLUSION

Reyes offers no evidence that a putative class member paid Rotunda late fees within two years of this suit's filing or that Rotunda is a debt collector, who attempted to collect late fees within one year of this suit's filing.  Rotunda is therefore entitled to judgment as a matter of law on Reyes's putative class action claims against Rotunda. Accordingly, this Court should grant Rotunda's Motion for Summary Judgment and dismiss Rotunda from this suit.

Respectfully submitted on May 2, 2013.

*/s/ Thomas P. Hubert*

THOMAS P. HUBERT   (LA #19625)
JOSEPH F. LAVIGNE  (LA #28119)
P. J. KEE (LA #34860)
***Jones Walker LLP***
201 St. Charles Avenue - 50th Floor
New Orleans, Louisiana  70170-5100
Telephone:  (504) 582-8000
Facsimile:  (504) 582-8015
Email:  thubert@joneswalker.com
Email:  jlavigne@joneswalker.com
Email:  pkee@joneswalker.com
***COUNSEL FOR DEFENDANT***
***THE ROTUNDA CONDOMINIUMS***
***HOMEOWNERS ASSOCIATION, INC.***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Memorandum in Support of Rotunda's Motion for Summary Judgment* has been served upon all counsel of record by filing the same in this Court's CM/ECF system on May 2, 2013.


*/s/ Thomas P. Hubert*
THOMAS P. HUBERT