UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NICOLE REYES, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2043** |
| **JULIA PLACE CONDOMINIUMS HOMEOWNERS ASSOCIATION, INC., ET AL** | **SECTION "C" (3)** |

## ORDER AND REASONS

Before the Court are five motions: (1) defendant Parkview Condominiums Homeowners Association's ("Parkview") motion for summary judgment; Rec. Doc. 141; (2) Parkview's motion for sanctions; Rec. Doc. 142; (3) defendant Mills Row Condominiums Homeowners Association, Inc.'s ("Mills Row") motion to dismiss and to drop mis-joined defendant; Rec. Doc. 144; (4) defendant Carondelet Place Condominiums Owners Association, Inc.'s ("Carondelet Place") motion to dismiss and to drop mis-joined defendant; Rec. Doc. 154; (5) defendant Gallery Row Condominiums Association, Inc.'s ("Gallery Row") motion to dismiss and to drop mis-joined defendant; Rec. Doc. 155. The Court applies its past ruling on several similar motions to the current motions. Rec. Doc. 153. Having considered the record, the memoranda of counsel, and the law, the Court rules as follows.

### I. BACKGROUND

Nicole Reyes, individually and as class Representative of two classes, the Federal Debt Collection Practices Act ("FDCPA") class and the Louisiana Usurious class, filed this complaint

1

under the FDCPA, Louisiana usury law, Louisiana Deceptive Trade Practices Act ("LUTPA"), and the Louisiana Condominium Act. Rec. Docs. 1 & 40.  In the complaint, plaintiff brings claims for alleged usurious late fees, interest and the acceleration of payments in alleged violation of the mandatory 30-day debt notification requirements under the FDCPA. Rec. Doc. 1 at 2.  Reyes brings the claims against 15 Condominium Associations throughout the New Orleans area, the Steeg Law Firm, LLC and Margaret V. Glass (collectively, "Steeg"). *Id.*  Plaintiff alleges that Steeg directed the Condominium Associations to set Condominium Declarations that facially violate Louisiana usury laws by illegally authorizing interest rates of 18%, late fees exceeding 40% of the principal, and attorney fees that are assessed before the unit owner receives any notification that debt is owed in violation of the FDCPA. Rec. Doc. 1 at 3.

## II. STANDARD OF REVIEW

### A. Rule 12(b)(1) and 12(b)(6) Standard of Review

The standard of review for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is the same as that for a Rule 12(b)(6) motion under the Federal Rules of Civil Procedure. *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992); *U.S. v. City of New Orleans*, No. Civ. A. 02-3618, 2003 WL 22208578, at *1 (E.D. La. 2003).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, a district court must accept the factual allegations of the complaint as true and resolve all ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). However, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. 544). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient

factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2009).  The face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 256-57 (5th Cir. 2009).  If there is insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007), the claim must be dismissed.  Unless it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim," the complaint should not be dismissed for failure to state a claim. *Id.* at 284-85 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 787 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).  However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss. *See Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (citing *Fernandez-Montes*, 987 F.2d at 284).

     **B. Summary Judgment Standard of Review**

Rule 56 of the Federal Rules of Civil Procedure states: "The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56.  When considering whether any genuine issues of material fact exist, courts view the evidence and inferences drawn from that evidence in the light most favorable to the non-moving party. *United States ex re. Reagan v. East Texas Medical Center Regional Healthcare System*, 384 F.3d 168, 173 (5th Cir. 2004) (citing *Daniels v. City of Arlington, Texas*, 246 F.3d 500, 502 (5th Cir. 2001)).  An issue is material if its resolution could affect the outcome of the action. *Wyatt v. Hunt Plywood Co., Inc.*,

297 F.3d 405, 409 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2502, 91 L.Ed.2d 202 (1986)). A factual dispute precludes summary judgment if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Hunt v. Rapides Healthcare Sys. LLC*, 277 F.3d 757, 762 (5th Cir. 2001).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (citing *Celotex*, 477 U.S. at 322-24). In order to satisfy its burden, the nonmoving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See e.g., Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 871-73 (1990). The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion. *See Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247-48 (1996). "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249-50.

### III. LAW AND ANALYSIS

#### A. Standing

Defendants Parkview, Mills Row, Carondelet Place and Gallery Row all argue that the plaintiff has not suffered an injury-in-fact that is traceable to the defendants. Rec. Doc. 141 at 3-4; Rec. Doc. 144 at 5-8; Rec. Doc. 154 at 5-9, and Rec. Doc. 155 at 5-9. *See Steel Co. v. Citizens*

*for a Better Environment*, 523 U.S. 83, 103-03 (1998); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The Court has already found in its previous ruling that the Juridical Link Doctrine gives plaintiffs standing to bring claims on behalf of the class against defendants from whom she has not sustained a direct injury. *See* Rec. Doc. 153 at 5-7 (discussing the same claim against a different defendant to whom this same factual scenario applies). For the same reasons, the Court denies defendants' motion to find that the plaintiff does not have standing to bring the claims against them. Rec. Doc. 141; Rec. Doc. 144; Rec. Doc. 154 and Rec. Doc. 155.

### B. Misjoinder

Defendants Parkview, Mills Row, Carondelet Place and Gallery Row all argue that the claims against them should be dismissed as a violation of Rule 20 of the Federal Rules of Civil Procedure. Rec. Doc. 141 at 3; Rec. Doc. 144 at 13-14; Rec. Doc. 154 at 15-16; Rec. Doc. 155 at 15-16. The Court previously explained that permissive joinder would become relevant if no class is certified, and that it refrains from ruling on permissive joinder in this class action suit as it stands at this time. Rec. Doc. 153 at 7. The Court follows its previous ruling, and denies the defendants' motions to dismiss based on misjoinder.

### C. Summary Judgment for Parkview

Parkview moves the Court to grant summary judgment on whether it fulfilled the plaintiff's request for its production of documents rather than on the legal allegations made in the complaint. Rec. Doc. 141 at 4. The Court shall not make a blanket conclusion that Parkview "did not engage in any of the conduct that makes up Plaintiff's case." *Id.* Hence, summary judgment is denied. Rec. Doc. 141. Parkview's motion for summary judgment is premature.

### D. Parkview's Motion for Sanctions

Parkview moves to sanction Reyes for filing this suit, which it alleges is frivolous. Rec.

5

Doc. 142 at 1.  Parkview moves for sanctions under Rule 11 of the Federal Rules of Civil Procedure.  The Court has not found that Reyes' case is frivolous, and therefore, it denies Parkview's motion for sanctions. FED.R.CIV.P. 11(b) & (c). Rec. Doc. 142.

### E. Additional Claims brought by Mills Row, Carondelet and Gallery Row

### 1. Supplemental Jurisdiction over the claims against defendants

Defendants Mills Row, Carondelet and Gallery Row argue that the Court does not have supplemental jurisdiction over Ms. Reyes' allegations of violation of Louisiana usury law because it is a purely state law allegation and do not form a part of the same case or controversy. 28 U.S.C. 1367(a).  Rec. Doc. 144 at 8-9; Rec. Doc. 154 at 9-11; Rec. Doc. 155 at 9-10.  Mills Row, Carondelet and Gallery Row claim that Reyes' FDCPA claims are only brought against Steeg and Glass and therefore, there is no supplemental jurisdiction for claims against them. Rec. Doc. 144 at 9; Rec. Doc. 154 at 10; Rec. Doc. 155 at 9-10.  To the contrary, Reyes alleged in her complaint that with regard to FDCPA violations and violations of the Louisiana usury laws, "[u]pon information and belief, similar acts also occurred with the 20 other Condominium Associations represented by Steeg." Rec. Doc. 1 at 18.  The Court finds that the claims for violations of Louisiana usury law arise out of the same case or controversy as Ms. Reyes' claims for violations of the FDCPA. The Court does not, at this time, assert its discretion to dismiss claims that are supplemental to its federal question jurisdiction.

### 2. That there are plausible, factual allegations against defendants

The Court finds that plaintiff has plead plausible, factual allegations against Mills Row, Carondelet and Gallery Row. Rec. Doc. 144 at 11-12; Rec. Doc. 154 at 11-14; Rec. Doc. 155 at 11-14.  Throughout the complaint, plaintiff refers to "the Condominium Associations" rather than referring to Mills Row or Carondelet specifically by name. *See e.g.* Rec. Doc. 1 at 18. This

6

is sufficient. With twenty original defendants, it would not have been realistic to require plaintiff to name each defendant nor each Condominium Declaration every time she referenced a claim.

### 3. Defendants' claim that they are not debt collectors under the FDCPA

The Court agrees with Mills Row, Carondelet and Gallery Row's allegation that they are not debt collectors under the FDCPA. Rec. Docs. 144 at 12-13; Rec. Doc. 154 at 14; Rec. Doc. 155 at 14. The Court follows the same ruling that it made when Julia Place Condominium Association ("JPCA") brought this claim. Rec. Doc. 153 at 13-14. The claims against Mills Row and Carondelet under the FDCPA shall be dismissed if Reyes does not amend her complaint within 10 days to argue that Mills Row, Carondelet and Gallery Row are a debt collectors rather than that Steeg and Glass are the debt collectors at issue here.[1]

### 4. Louisiana Usury Laws

Mills Row, Carondelet and Gallery Row adopted the arguments made by JPCA regarding whether they charge usurious rates. Rec. Doc. 144 at 13; Rec. Doc. 154 at 15; Rec. Doc. 155 at 14-15. The Court found that JPCA had assessed penalties against Reyes that were usurious. It makes the same finding for Mills Row and Carondelet. Should they choose to make other claims regarding this based on the class allegations, the Court will entertain those claims separately.[2]

### 5. LUPTA Claims

Mills Row, Carondelet and Gallery Row adopt JPCA's LUPTA claims arguments. Rec.

---

[1] The Court is aware that Reyes amended her complaint after the filing of these motions, and it shall assess any claims that become relevant after the second amended complaint separately. Rec. Doc. 168.

[2] The parties are advised, in the interest of judicial economy, to submit joint motions in the future rather than submitting several motions from different parties making the same arguments.

Doc. 144 at 13; Rec. Doc. 154 at 15; Rec. Doc. 155 at 15. They make no other arguments in support of granting their motion to dismiss this claim. Therefore, as the Court found for JPCA, it denies Mills Row and Carondelet's motion to dismiss this claim. Rec. Doc. 144 at 13; Rec. Doc. 154 at 15; Rec. Doc. 155 at 15.

## V. CONCLUSION

Accordingly,

IT IS ORDERED that defendant Parkview Condominiums Homeowners Association's motion for summary judgment is DENIED. Rec. Doc. 141.

IT IS FURTHER ORDERED that defendant Parkview Condominiums Homeowners Association's motion for sanctions is DENIED. Rec. Doc. 142.

IT IS FURTHER ORDERED that defendant Mills Row's motion to dismiss and drop mis-joined defendants is GRANTED IN PART and DENIED IN PART unless plaintiff amends her complaint to claim defendant is a debt collector within ten days, in which case the motion shall be DENIED. Rec. Doc. 144.

IT IS FURTHER ORDERED that defendant Carondelet Place Condominiums Association, Inc.'s motion to dismiss and drop mis-joined defendants is GRANTED IN PART and DENIED IN PART unless plaintiff amends her complaint to claim defendant is a debt collector within ten days, in which case the motion shall be DENIED. Rec. Doc. 154.

IT IS FURTHER ORDERED that defendant Gallery Place Condominiums Association, Inc.'s motion to dismiss and drop mis-joined defendants is GRANTED IN PART and DENIED IN PART unless plaintiff amends her complaint to claim defendant is a debt collector within ten days, in which case the motion shall be DENIED. Rec. Doc. 155

IT IS FURTHER ORDERED that if plaintiff wishes to amend her complaint to allege that

Mills Row, Carondelet and/or Gallery Place are debt collectors rather than Steeg or Glass, she shall do so within 10 days.

New Orleans, Louisiana, this 10th Day of September, 2013.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE