**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **NICOLE REYES, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2043** |
| **JULIA PLACE CONDOMINIUMS HOMEOWNERS ASSOCIATION, INC., ET AL** | **SECTION "C" (3)** |

**ORDER AND REASONS**

Before the Court are three motions: (1) defendants Mills Row Condominiums Homeowners Association, Inc.'s ("Mills Row"), Gallery Row Condominiums Association, Inc.'s ("Gallery Row") and Carondelet Place Condominiums Owners Association, Inc.'s ("Carondelet Place") Rule 12(b)(6) motion to dismiss; Rec. Doc. 212; (2) defendant Rotunda Condominiums Homeowners Association, Inc.'s ("Rotunda") motion for summary judgment; Rec. Doc. 227; (3) defendants Gallery Row and Mills Row's motion for partial summary judgment; Rec. Doc. 228. Where applicable, the Court applies its past ruling on several similar motions to the current motions. Rec. Doc. 153. Having considered the record, the memoranda of counsel, and the law, the Court rules as follows.

**I. BACKGROUND**

Nicole Reyes, individually and as class Representative of two classes, the Federal Debt Collection Practices Act ("FDCPA") class and the Louisiana Usurious class, filed this complaint under the FDCPA, Louisiana usury law, Louisiana Deceptive Trade Practices Act ("LUTPA"), and the Louisiana Condominium Act. Rec. Docs. 1 & 40. In the complaint, plaintiff brings claims for alleged usurious late fees, interest and the acceleration of payments in alleged violation of the

mandatory 30-day debt notification requirements under the FDCPA. Rec. Doc. 1 at 2. Reyes brings the claims against 15 Condominium Associations throughout the New Orleans area, including her own Condominium Association, Julia Place Condominium Homeowners Association, Inc. ("JPCA"), and the Steeg Law Firm, LLC and Margaret V. Glass (collectively, “Steeg”). *Id.* Plaintiff alleges that Steeg directed the Condominium Associations to set Condominium Declarations that facially violate Louisiana usury laws by illegally authorizing interest rates of 18%, late fees exceeding 40% of the principal, and attorney fees that are assessed before the unit owner receives any notification that debt is owed in violation of the FDCPA. Rec. Doc. 1 at 3. Plaintiff filed her second amended complaint on February 15, 2013. Rec. Doc. 168.

## II. STANDARD OF REVIEW

### <u>A. Rule 12(b)(1) and 12(b)(6) Standard of Review</u>

The standard of review for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is the same as that for a Rule 12(b)(6) motion under the Federal Rules of Civil Procedure. *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992); *U.S. v. City of New Orleans*, No. Civ. A. 02-3618, 2003 WL 22208578, at *1 (E.D. La. 2003). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, a district court must accept the factual allegations of the complaint as true and resolve all ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. *See Fernandez-Montes v. Allied Pilots Ass’n*, 987 F.2d 278, 284 (5th Cir. 1993). However, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. 544). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient

factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2009). The face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 256-57 (5th Cir. 2009). If there is insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007), the claim must be dismissed. Unless it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim," the complaint should not be dismissed for failure to state a claim. *Id.* at 284-85 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 787 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss. *See Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (citing *Fernandez-Montes*, 987 F.2d at 284).

**B. Summary Judgment Standard of Review**

Rule 56 of the Federal Rules of Civil Procedure states: "The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56. When considering whether any genuine issues of material fact exist, courts view the evidence and inferences drawn from that evidence in the light most favorable to the non-moving party. *United States ex re. Reagan v. East Texas Medical Center Regional Healthcare System*, 384 F.3d 168, 173 (5th Cir. 2004) (citing *Daniels v. City of Arlington, Texas*, 246 F.3d 500, 502 (5th Cir. 2001)). An issue is

material if its resolution could affect the outcome of the action. *Wyatt v. Hunt Plywood Co., Inc.*, 297 F.3d 405, 409 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2502, 91 L.Ed.2d 202 (1986)). A factual dispute precludes summary judgment if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Hunt v. Rapides Healthcare Sys. LLC*, 277 F.3d 757, 762 (5th Cir. 2001).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (citing *Celotex*, 477 U.S. at 322-24). In order to satisfy its burden, the nonmoving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See e.g., Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 871-73 (1990). The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion. *See Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247-48 (1996). "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249-50.

## III. LAW AND ANALYSIS

### <u>A. Defendant's Motion to Dismiss under the False Name Exception</u>

Mills Row, Gallery Row and Carondelet Place move to dismiss Reyes' FDCPA claim

against them based on Reyes' second amended complaint. Rec. Doc. 212 at 1. The Court granted plaintiff leave to amend its complaint to "argue that JPCA was acting in place of Steeg in her complaint." Rec. Doc. 153 at 14. The Court has followed this same ruling for other Condominium Associations. Plaintiff was given the opportunity to argue that the condominium association was the debt collector rather than Steeg. *Id.* ("If Reyes wishes to allege that JPCA is the debt collector rather than Steeg and Glass, she shall amend her complaint to state that within 10 days.") The Court found that without amending the complaint, plaintiff did not have a claim against JPCA under the FDCPA and that the claims against JPCA under the FDCPA would be dismissed if Reyes did not amend her complaint within 10 days. *Id.* Reyes properly amended her complaint within ten days. Rec. Doc. 168. Defendants note that Ms. Reyes did not dismiss the FDCPA claims against the Steeg Firm. Rec. Doc. 212 at 3. Considering its past ruling, the Court would entertain a motion from Steeg to dismiss the FDCPA claims. Rec. Doc. 153 at 14.

In the plaintiff's second amended complaint, she alleged that the Condominium Associations acted as debt collectors by "calculating the illegal interest and late fees and submitting the illegal charges directly to Steeg." Rec. Doc. 168 at 3. Plaintiff alleges that Steeg submitted the illegal charges provided by the Condominium Associations to the owners as directed by the Condominium Associations. *Id.* Plaintiff attempts to use hedging language such as that the Condominium Associations "may have acted as debt collectors in some instances," and plaintiff attempted to make an argument based on the "extent the individual Condominium Associations acted as debt collectors through a third party like Steeg . . . ." Rec. Doc. 168 at 3-4. Since this Court gave plaintiff the option to amend its complaint if it wished to argue that the Condominium Associations were the debt collectors rather than Steeg, it construes that to be

what plaintiff has done in her second amended complaint. Rec. Doc. 153 at 14; Rec. Doc. 168. Furthermore, the Court agrees with defendants that plaintiff did not argue in the alternative in its second amended complaint. Rec. Doc. 212 at 3.

As this Court previously explained, *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1240 (5th Cir. 1997), applies when a plaintiff alleges that a debt collector acted under a "false name" to collect its own debts by sending collection letters under attorney signature without any meaningful review by the attorney. Rec. Doc. 153 at 14. The Court explained that if Reyes were to argue that the Condominium Associations were acting as debt collectors, she would be making this same argument. *Id.* The Court finds that Reyes has alleged facts sufficient to make this argument, and therefore it denies defendants' motion to dismiss. Rec. Doc. 212.[1]

**B. Defendant Rotunda's Motion for Summary Judgment**

Defendant Rotunda makes the same argument that Mills Row, Gallery Row and Carondelet Place made above regarding the "false name" exception. Rec. Doc. 227 at 8-9. As explained above, Reyes has alleged sufficient facts to argue that Rotunda is a debt collector. Rec. Doc. 153 at 14. However, in this motion for summary judgment Rotunda argues that it delegated the collection of dues and fees to its condominium association manager, RCB Developers ("RCB"), and is uninvolved in collection efforts. Rec. Doc. 227 at 9. Rotunda has not made clear whether it is vicariously liable for RCB's actions, and therefore it may not be granted

---

[1]Reyes argues in her second amended complaint that "the individual Condominium Associations may have assumed the role as the debt collector under the FDCPA under the false name exception by (1) participating in the scheme to include usurious interest and late fees in the Condominium Declarations and By-Laws; (2) preparing the calculations for grossly exaggerated debts by including these charges; and (3) requesting that Steeg send the form collection letters on its letterhead without further review, and contrary to the Act." Rec. Doc. 168 at 4. Reyes has alleged that Steeg sent the letters without further review.

summary judgment on the FDCPA claims.

Rotunda argued and submitted evidence that there is no genuine issue of material fact that it did not collect any late fees within two years before filing this suit.[2] Rec. Doc. 227 at 9; Plaintiff has not rebutted this evidence.[3] RCB's general manager, Stephanie Burmaster declared that her company had used property management software to search the General Ledger and Tenant Ledger for Rotunda, and that between August 1, 2010 and May 1, 2013, the only condominium owner that was charged a late fee was MTB Properties, LLC, the owner of unit 210. Rec. Doc. 227-2 at 3. Furthermore, while MTB Properties, LLC was assessed four late fees from August to November 2010, Rotunda forgave these late fees on December 1, 2010. *Id.* Burmaster also stated that RCB did not enlist the help of the Steeg firm in collecting any late fees. *Id.* at 4. The Court finds that Rotunda has demonstrated that it did not collect any late fees during the two-year period at issue here under Louisiana Revised Statute 9:3500(C)(2). Rec. Doc. 227 at 6; Rec. Doc. 153 at 15-16. Therefore, the Court grants Rotunda's motion for summary judgment on this issue only. Rec. Doc. 227.

**C. Mills Row and Gallery Row's motion for partial summary judgment**

---

[2]The complaint was filed on August 9, 2012. Rec. Doc. 1.

[3]The Court reminds the parties that in order to oppose a motion, a party must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date. L.R. 7.5. The noticed submission date for the present motion was June 19, 2013. Rec. Doc. 249. The Court granted the parties' motion to continue the summary judgment motion's request to that date, and the parties did not move to continue the motion any further. Rec. Doc. 332. Furthermore, "[i]f the opposition requires consideration of facts not in the record, counsel must also file and serve all evidence submitted in opposition to the motion with the memorandum." L.R. 7.5. The Court explains to the plaintiff that pending motions, set before the Magistrate Judge, do not invalidate the need to oppose or move to continue a different motion.

Defendants move the Court to grant summary judgment finding that the Louisiana Condominium Act rather than Louisiana Revised Statute 9:3500, which governs contracts generally, governs the application of late fees in this case. Rec. Doc. 228 at 4-7. Defendants argue that this is the case because the Louisiana Condominium Act is more specific than La. R.S. 9:3500. *Id.* at 5. In opposition, plaintiff explains that the defendants have omitted any discussion of the 2011 amendments to the Louisiana Condominium Act. Rec. Doc. 234 at 1. Defendants did not explain to the Court how it should address the difference between how the law is enforced for acts before and after June 24, 2011. *Id.* at 3. Plaintiff also explains that the matter at issue here is whether a late fee violates the usury laws by being unreasonable and that a question of material fact remains as to that issue. *Id.* at 2.

The plaintiff points out that the legislature made clear that its intent in amending the Louisiana Condominium Act was to eliminate unscrupulous practices and to enhance consumer protection. *Id.* at 5. Furthermore, the legislature did not say that the amended Condominium Act exempts condominium fees from the usury law. *Id.* at 8. The Court shall not now provide an advisory opinion that one statue applies to the exclusion of the other without a better understanding of whether both statutes may be applied.

Defendants noted that they do not now move for the Court to reconsider its prior ruling. Rec. Doc. 228 at 2, n.1. Defendants also moved for the Court to state that 9:3500(C)(2) requires a person to *pay* a late fee. Rec. Doc. 228 at 10. While the Court declines the opportunity to provide a ruling on this conjectural issue, it notes that a plaintiff must suffer an injury-in-fact in order to have standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 103-03 (1998). Defendants' motion for partial

summary judgment is denied.

Accordingly,

IT IS ORDERED that defendant Mills Row, Gallery Row and Carondelet Place's motion to dismiss under Rule 12(b)(6) is DENIED. Rec. Doc. 212.

IT IS FURTHER ORDERED that defendant Rotunda's motion for summary judgment is PARTIALLY GRANTED and PARTIALLY DENIED. Rec. Doc. 227.

IT IS FURTHER ORDERED that defendant Mills Row and Gallery Row's motion for partial summary judgment is DENIED. Rec. Doc. 228.

New Orleans, Louisiana, this 11th Day of September, 2013.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE