UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


**NICOLE REYES, ET AL**                               **CIVIL ACTION**

**VERSUS**                                            **NO. 12-2043**

**JULIA PLACE CONDOMINIUMS**                          **SECTION "C" (3)**
**HOMEOWNERS ASSOCIATION,**
**INC., ET AL**


## ORDER AND REASONS

Before the Court is defendant Rotunda Condominiums's ("Rotunda's") motion for reconsideration of denial of summary judgment. Rec. Doc. 276. Having considered the law and record, and after having allowed the opposing party an opportunity to respond, *see Millar v. Houghton*, 115 F.3d 348, 349 (5th Cir. 1997), the Court denies Rotunda's motion for the following reasons.

On May 5, 2013, Rotunda moved for summary judgment on the issues of its liability under the Federal Debt Collection Practices Act (FDCPA) and the Louisiana statute prohibiting usury. Rec. Doc. 227. The Court granted summary judgment on the latter claim, finding that the plaintiff had not put forward any evidence to show that Rotunda had collected any late fees during the two years before this suit was filed. *See* Rec. Doc. 275 at 7. Such evidence, the Court reasoned, was necessary to prove liability under La. Rev. Stat. 9:3500(C)(2). *Id.* The Court, however, denied summary judgment on the FDCPA claim, finding that the liability was still possible under a theory of vicarious liability. *Id.* Rotunda now urges the Court to reconsider this latter position, in light of its recognition that the plaintiffs had not established collection for purposes of the usury statute.

1

The plaintiffs oppose and argue that they should be allowed to conduct additional discovery as to Rotunda, including subpoenas to and depositions of persons associated with Rotunda's condominium association manager, RCB Developers. Rec. Doc. 290. They argue for a second time[1] that Rotunda's declaration and bylaws facially violate the usury statute. Finally, they raise several arguments related to Rotunda's liability under the Louisiana Condominiums Act, which, as the Court understands, has not been at issue in either the original motion for summary judgment or the instant motion for reconsideration.

Summary judgment is proper when there is no genuine issue of material fact. Fed. R. Civ. P. 56. The party moving for summary judgment has the initial burden to advise the district court of the basis of its motion by identifying the portions of the record it believes demonstrate the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once this burden is met, the non-moving party must come forward with competent evidence showing the existence of a genuine issue for trial. *Id.* at 324. An issue will only be material if it could affect the outcome of the action. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When considering a motion for summary judgment, the court is to view the evidence in a light most favorable to the non-moving party and draw every reasonable inference in its favor. *Daniels v. City of Arlington, Texas*, 246 F.3d 500, 502 (5th Cir. 2001). Even if the non-moving party fails to meet its burden initially, a court need not grant summary judgment if further discovery would allow the non-moving party to defeat summary judgment at a later time. Fed. R. Civ. P. 56(d)(2); *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991); *see also Anderson*, 477 U.S. at 255 ("trial courts should act . . . with

---

[1]This argument was initially raised in the Plaintiffs' untimely opposition to summary judgment, filed with the Court after an order an reasons partially granting summary judgment had been issued. *See* Rec. Doc. 279.

caution in granting summary judgment" and "may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial").

Although the Court previously held that the plaintiffs had not shown collection of late fees such that dismissal of its usury claim was required, this finding does not preclude liability under the FDCPA. The same holds true for Stephanie Burmaster's yet-uncontested declaration that Rotunda did not engaged Steeg Law Firm or any other entity to collect debt on its behalf. Under FDCPA, damages are available "for any debt collector who fails to comply with any provision of [the debt collection] subchapter." 15 U.S.C. § 1692k. Activities covered by the statute include the dissemination of misleading forms to debtors and "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e. Burmaster's declaration does not foreclose the possibility that the condominium declaration and bylaws were used to illicit effect in Rotunda's interactions with tenants and potential tenants, as the plaintiff's have alleged, even though no formal assessment of fees was made. *See* Rec. Doc. 168, ¶ 1.B. The possibility that such details will emerge if the plaintiffs are allowed to pursue additional discovery warrants denying summary judgment on this issue at this stage of the litigation, without prejudice to re-raising at a later date. *See Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006) (motions for further discovery in response to summary judgment "are broadly favored and should be liberally granted.").

Finally, although the plaintiff failed to timely advise the Court of its request to postpone consideration of Rotunda's motion for summary judgment, leading the Court to rule in Rotunda's favor on the collection issue, the Court notes the possibility that additional discovery will produce competent evidence contradicting Burmaster's declaration that no formal collection activity took place during the prescriptive period. This evidence would allow the plaintiffs to defeat summary

3

judgment on the FDCPA issue.[2]

The Court does not, by this ruling, resolve the plaintiffs' pending motion to compel, Rec. Doc. 265, or their entitlement to pursue the discovery outlined in their opposition to reconsideration. This Order merely acknowledges the materiality of certain pending requests. The issue of whether, in light of all of the circumstances, including burdens on the witnesses and parties, the plaintiffs should be allowed to go forward with those requests was properly referred to the magistrate in this case. The Court simply finds that in light of these pending requests, Rotunda's request for summary judgment is premature and that it can be reurged whenever the relevant requests are disposed of.

Accordingly,

IT IS ORDERED that Rotunda's motion for reconsideration is DENIED. Rec. Doc. 276.

New Orleans, Louisiana, this 30th day of October, 2013.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[2] Such evidence would further allow the plaintiffs to defeat summary judgment under the usury statute. However, the plaintiffs have not moved for reconsideration of the Court's grant of summary judgment on that issue, and the Court will not *sua sponte* vacate its previous order and reasons.