UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NICOLE REYES, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2043** |
| **JULIA PLACE CONDOMINIUMS HOMEOWNERS ASSOCIATION, INC., ET AL** | **SECTION "C" (3)** |

## ORDER AND REASONS

Before the Court is plaintiff's Motion to Reverse Magistrate's Order on Motion to Compel. Rec. Doc. 297. Defendant Gallery Row Condominiums Association, Inc. opposes. Rec. Doc. 307. Having considered the record, the law, and the parties' submissions, the Court DENIES plaintiff's motion.

**I.     Background**

Plaintiff's claims in this case are based on an allegation that the condominium association defendants adopted by-laws and declarations prepared by defendant Steeg law firm that incorporated unlawful late-fee structures, from which all defendants profited or expected to profit. Rec. Doc. 168. The plaintiff's Motion to Compel sought production of ledgers spanning a decade in the custody of RCB Developers, Inc., the property manager of some of the condominium association defendants. Rec. Doc. 265. In addition, it sought to depose, among others, a corporate designee of RCB. *Id.*

Plaintiff's subpoena for documents relied in large measure on an argument that the scope of pre-certification discovery should be governed by the Louisiana Condominium Act ("LCA"), La. Rev. Stat. 9:1121.101, *et seq*. The Magistrate Judge correctly rejected this argument, in all of its various forms, because the plaintiff has yet to institute a class action claim under the LCA. Rec. Doc.

1

296 at 5. Plaintiff also cited the need to counter Steeg's defense that it was not a debt collector for purposes of the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, *et seq*. The Magistrate Judge properly rejected this argument as premature and uniquely tied to the merits of plaintiff's claims. Rec. Doc. 296 at 6. Finally, to justify the requested depositions, plaintiff cited the need to oppose Rotunda's motion for summary judgment, which the Court has already resolved. *See* Rec. Doc. 275. The Magistrate Judge thus considered this argument moot. Rec. Doc. 296 at 6.

Now, raising a series of arguments not presented to the Magistrate Judge, plaintiffs argue that his ruling was "clearly erroneous" and "contrary to law." Rec. Doc. 297-1 at 9.

## II.     Standard of Review

When a party timely objects to a magistrate judge's order on a properly referred, non-dispositive matter, the district court must modify or set aside any part of the order that is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72(a). "This highly deferential standard requires the court to affirm the decision of the magistrate judge unless 'on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.'" *Benoit v. Nintendo of Am., Inc.*, 01-674, 2001 WL 1524510 (E.D. La. Nov. 28, 2001) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 542 (1948)).

## III.    Analysis

Plaintiff first argues that the Magistrate Judge's ruling, predicated on the statute of limitations applicable to plaintiff's class claims, is contrary to this Court's ruling in *Gaffney v. U.S. Dep't of Energy,* 98-3772, 2000 WL 1036221 (E.D. La. July 25, 2000). Rec. Doc. 297-1 at 10. However, plaintiff's reliance on *Gaffney* is misplaced.

That case involved an age employment discrimination complaint. *Gaffney*, 2000 WL

1036221 at *1. The Magistrate Judge had limited discovery to post-1997 instances of misconduct based on plaintiff's failure to administratively exhaust any pre-1997 acts. *Id.* The Court vacated this portion of the Magistrate Judge's order because the discovery sought could have led to evidence relevant to motive, intent, or plan. *Id.* at *4. Here, by contrast, plaintiff points to no evidence <u>relevant to certification</u> to which RCB's records dating back 10 years could eventually lead.

Specifically, plaintiff offers no support for her argument that ledgers more than two years old could prove that Steeg and the condominium associations acted as debt collectors under the FDCPA during the one year before the complaint was filed. Even assuming that the records sought were relevant to this issue, the Magistrate Judge correctly found that it was not relevant to a certification issue. The same is true of plaintiff's claimed entitlement to injunctive relief under the LCA, which has not even been pleaded as a class action claim in this case.

Plaintiff is entitled to identify condominium residents with claims "typical" of the class for purposes of establishing numerosity. Thus, the Magistrate Judge properly ordered Steeg to identify similarly situated condominium associations and owners. Rec. Doc. 259. Because a reasonable estimate of the number of putative class members will suffice for this purpose, *see Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1038 (5th Cir. 1981), there is no need for the plaintiff to comb through all of RCB's files attempting to identify every single resident, late fee, or lien by a Steeg affiliated condominium at this point in the litigation.

Plaintiff also asserts a right to verify Steeg's identification of similarly situated condominiums in response to the Magistrate Judge's order, using records in RCB's custody. Rec. Doc. 297 at 2, 15-16. However, the records sought by plaintiff are not even limited to condominium associations with debt collection ties to Steeg. Plaintiff seeks <u>every single record for every single</u>

condominium serviced by RCB dating back to 2002. Rec. Doc. 265-2 at 9. In light of the privilege that certain defendants asserted in certain of the RCB files, and the need to bring the certification question to resolution "at an early practicable time," the Magistrate Judge did not err in denying this request.

Plaintiff next argues that the Magistrate Judge erred in denying the opportunity to depose RCB's designee because her right to do so is guaranteed by Rule 30(b)(6). Rec. Doc. 297-1 at 11. By this argument, plaintiff conflates the scope of permissible pre-certification and merits discovery. As the plaintiff acknowledges, no Rule 26(f) discovery order has been entered. Whether any deposition is permitted in connection with class certification, be it of an individual or corporate designee, is a matter that lies within the sound discretion of the trial court. *Stewart v. Winter*, 669 F.2d 328, 331 (5th Cir. 1982). Plaintiffs may eventually be entitled to access RCB's records and to a 30(b)(6) deposition of an appropriate RCB designee to explain what its records purport to show. For the time being, they fail to show that this information had any connection to certification issues, such that they would be entitled to that explanation now.

Finally, plaintiff argues that the Magistrate Judge erred by concluding that her request to depose RCB's designate was moot in light of this Court's ruling on Rotunda's motion for summary judgment. However, the Court notes that it was plaintiff who tied her own need to depose RCB to the need to oppose Rotunda's motion. Indeed, this was the only argument plaintiff offered in support of deposing RCB in her original motion to compel. *See* Rec. Doc. 265-1 at 11. Plaintiff cannot claim that the Magistrate Judge erred by addressing the only argument presented to him.

Accordingly, IT IS ORDERED that the plaintiff's Motion to Reverse Magistrate's Order on Motion to Compel is DENIED. Rec. Doc. 297.

4

New Orleans, Louisiana, this 3rd day of February, 2014.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE