UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NICOLE REYES, ET AL                                         CIVIL ACTION

VERSUS                                                      NO. 12-2043

JULIA PLACE CONDOMINIUMS                                    SECTION: C(5)
HOMEOWNERS ASSOCIATION, INC.,
ET AL

### ORDER and REASONS[1]

Before the court is the Motion for Partial Summary Judgment by defendants Julia Place Condominiums Association, Inc. ("Julia Place"), Mills Row Condominium Homeowners Association, Inc. ("Mills Row"), Gallery Row Condominium Association, Inc. ("Gallery Row"), Carondelet Place Condominium Owners Association, Inc. ("Carondelet Place"), The Rotunda Condominiums Homeowners Association, Inc. ("The Rotunda"), Lofts Condominiums Homeowners Association, Inc. ("Lofts"), FQRV Resort Condominium Association, Inc. ("FQRV"), Parkview Condominiums Homeowners Association, Inc. ("Parkview"), 1750 Saint Charles Condominium Homeowners Association, Inc. ("1750 St. Charles"), and The Henderson Homeowners' Association, Inc. ("The Henderson") (collectively "Condo Associations"). Rec. Doc. 381-1. The plaintiffs oppose this motion. Rec. Doc. 401.

**I. Background and Procedural History**

The plaintiffs, Nicole Reyes, et al., seek class certification in their suit against SteegLaw ("Steeg") and various condominium associations represented by Steeg. They claim that debt collection practices by Steeg and the condo associations violate the Fair Debt Collection Practices Act ("FDCPA"), Louisiana Usury Laws, the Louisiana Unfair

---
[1] Ardis Strong, a second-year student at Brooklyn Law School, assisted with the preparation of this order.

1

Trade Practices Act ("LUPTA"), and the Louisiana Condominium Act ("LCA"). The defendant condo associations seek this partial summary judgment of the plaintiffs' FDCPA claims. The condo associations claim that they and Steeg cannot both be "debt collectors" under the FDCPA; and because the plaintiffs, in their Motion for Class Certification, Rec. Doc. 351-1, focused their FDCPA claims primarily against Steeg, the FDCPA claims against the condo associations should be dismissed. Rec. Doc. 381-1 at 10.

In a February 2013 order, this Court held that the law firm, SteegLaw, and its associate, Margaret Glass, are covered under the FDCPA as "attorneys that engage in debt collection" and, therefore, must comply with the act. Rec. Doc. 153 at 9. The court also held that Julia Place Homeowners Association, as plaintiff Reyes's creditor, was not liable under the FDCPA unless they were collecting their own debt under a "false name." Rec. Doc. 153 at 13-14. At that time, Reyes had not addressed the circumstances needed to prove the "false name" exception under Fifth Circuit precedent. *See Taylor v. Perrin, Laudry, deLaunay & Durand*, 103 F.3d 1232, 1239 (5th Cir. 1997). Specifically, plaintiffs had presented no evidence that Julia Place was sending collection letters under Steeg's signature without Steeg's meaningful review of the debtor's file. *Id.* The court gave Reyes leave to amend the complaint to specify facts that Julia Place was collecting debt under a "false name," Rec. Doc. 153 at 14. As a result, the plaintiffs included a more explicit FDCPA false name claim against the condo associations in their Second Amended Complaint, Rec. Doc. 168 at 3, and the Court found that Reyes had alleged sufficient facts to support this argument. Rec. Doc. 275 at 6.

Despite the plaintiffs' assertion of FDCPA claims against the Condo Associations, in their motion to certify the class, the plaintiffs focused primarily on their FDCPA claims against Steeg.  Rec. Doc. 351-1 at 1.  This prompted the current Motion for Partial Summary Judgment on the FDCPA claims by the condo associations, who argue that the plaintiffs should not be allowed to maintain FDCPA claims against both the condo associations and Steeg. Rec. Doc. 381-1 at 10.  Plaintiffs counter that there has not been adequate discovery to definitively establish Steeg as the primary debt collector, particularly as Steeg itself has denied being a debt collector and has offered evidence that tends to support a false name exception against the condo associations. Rec. Doc. 401 at 5 (citing Rec. Doc. 100 at 1-2).  Plaintiffs argue that more discovery is needed before all of the defendant condo associations are released from the FDCPA claim. *Id.* at 7.

**II. Standard of Review**

Summary judgment is proper when there are no genuine issues of material fact in dispute. Fed. R. Civ. P. 56(a).  A genuine issue of material fact exists when there is sufficient evidence favoring the non-moving party such that a jury could return a verdict for that party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  When reviewing the facts for summary judgment, the court will draw all inferences most favorable to the non-moving party.  *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).  The court should grant summary judgment against the party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party seeking summary judgment bears the initial burden of justifying its motion and demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  However, "if the moving party meets this initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (citing *Celotex*, 477 U.S. at 322-24). The alleged existence of a factual dispute will not defeat an otherwise properly supported motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Rather, the non-moving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324.

### III. Analysis

The question of whether Steeg was the active debt collector for all of the defendant condo associations, or whether all or some of the condo associations were collecting their own debt under a false name exception to the FDCPA remains an issue of genuine disputed fact.  Both sides have conducted limited pre-certification discovery on this matter as evidenced by Rec. Doc. 351, Ex A-3, A-4.  However, without further documentation regarding the Steeg's debt collection practices, including letters sent to members of the putative class, evidence that has been the subject of several discovery requests by the plaintiffs, *e.g.* Rec. Doc. 393-1 at 1, the Court can only speculate as to which defendants would be liable under the FDCPA.

The defendants have not met their initial burden to identify evidence showing the absence of genuine issue of material fact. Instead, they confuse the standards for summary judgment with the standards for a Rule 23 Motion to Certify. When determining class certification, the question is not whether the plaintiffs have stated a cause of action or will prevail on the merits, but rather, whether the requirements of Rule 23 are met. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974). Although limited determinations on the merits may be warranted to establish the various requisites of certification, including commonality and numerosity, *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011), "class certification hearings should not be mini-trials on the merits of the class or individual claims." *Unger v. Amedisys Inc.,* 401 F.3d 316, 321 (5th Cir. 2005). Plaintiffs do not have to prove which parties are primarily responsible for FDCPA violations to succeed in their certification motion, as this is a question of fact that would not disturb the remedies available to the class as a whole. *See Wal-Mart Stores*, 131 S. Ct. at 2552. Dismissing the FDCPA claims against the condo associations would be premature at this time, especially given the pending discovery requests on this matter.

## IV. Conclusion

Accordingly, IT IS ORDERED that the defendant's Motion for Partial Summary Judgment is DENIED.

New Orleans, Louisiana, this 20th day of August 2014.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT COURT

5