UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NICOLE REYES, ET AL                                   CIVIL ACTION

VERSUS                                                NO. 12-2043

JULIA PLACE CONDOMINIUMS                              SECTION: C(5)
HOMEOWNERS ASSOCIATION, INC.,
ET AL

# ORDER AND REASONS[1]

Before the court is a Motion for Reconsideration of a denial of a 12(b)(6) Motion to Dismiss submitted by defendants Steeg Law ("Steeg") and Margaret V. Glass ("Glass"). Rec. Doc. 385.  Also before the court is the plaintiffs' Motion for Reconsideration on the partial granting and partial denial of the defendants' Motion to Dismiss. Rec. Doc. 387.  Both Motions for Reconsideration are opposed.  Having considered the record, the law, and the submissions of counsel, the motions are DENIED, except to clarify that the previous Order and Reasons did not dismiss plaintiffs' claim against the condominium association defendants under the Louisiana Condominium Act.

**I. Fair Debt Collection and Practices Act**

On reconsideration, the court agrees with the plaintiffs that, pursuant to Federal Rule of Civil Procedure 15(c)(1)(B), the amendments to the pleadings should relate back to the date of the original pleading, August 9, 2012.  Thus, plaintiffs whose FDCPA cause of action originated after August 9, 2011 are not timed-barred from participating in this action.

However, Plaintiff Mike Sobel's FDCPA causes of action against the defendants Steeg and Glass are time-barred for reasons set out in the previous Motion to Dismiss. Rec. Doc. 380 at

---

[1] Ardis Strong, a second-year student at Brooklyn Law School, assisted with the preparation of this order.

10. The lien letter against Sobel was sent in July of 2008 and the ensuing lien was filed in July of 2009. Rec. Doc. 343-1 at 5. This is three years prior to the filing of the original complaint in this case. Furthermore, Sobel does not plead adequate evidence that subsequent communications between himself and Steeg were "intimidating or harassing." Rec. Doc. 380 at 10 ("Numbers on a ledger cannot intimidate or harass."); *see also Bell v. CSD Collection Specialist*, No. 11-280-BAJ, 2013 WL 311841 at *3 (M.D. La. Jan. 25, 2013); *Beattie v. D.M. Collections, Inc.,* 754 F. Supp. 383, 394 (D. Del. 1991). Furthermore, Sobel's claims that the locks were changed as a form of retaliation are more properly asserted against the defendant Homeowner Associations rather than against Steeg or Glass. Rec Doc. 380 at 10. For these reasons, Sobel's FDCPA claims against Steeg and Glass were properly dismissed.

## II. Louisiana Unfair Trade Practices Act

The Court views the defendants' assertion that all of the LUTPA claims related to the drafting of the condominium declarations are perempted as a new motion to dismiss rather than a request for reconsideration. Steeg and Glass's original Motion to Dismiss the Third Amended Complaint, asserts only that plaintiff Sobel's LUTPA claims are perempted. Rec. Doc. 343-1 at 9. For all other LUTPA claims, Steeg and Glass argued only that plaintiffs had failed to show that SteegLaw has violated any portions of LUTPA as a matter of law. Rec. Doc. 343-1 at 14.

The Court has withheld judgment on whether SteegLaw's drafting of the condominium declarations violated LUTPA pending further discovery on this issue. Rec. Doc. 153 at 12. The courts generally review LUTPA cases on a case-by-case basis. *Reingold v. Swiftships, Inc.*, 126 F.3d 645, 653 (5th Cir. 1997) (citing *Marshall v. Citicorp Mortgage, Inc.,* 601 So.2d 669, 670 (La.Ct.App. 5th Cir.1992)). According to the language of LUTPA , "any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use

or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages." La. Rev. Stat. Ann. § 51:1409.  "A trade practice is 'unfair' when it offends established public policy and when it is immoral, unethical, oppressive, or unscrupulous.  A trade practice is deceptive when it amounts to fraud, deceit, or misrepresentation.  A trade practice does not have to be both unfair *and* deceptive to violate the law." *Monroe Med. Clinic, Inc. v. Hosp. Corp. of Am.*, 622 So. 2d 760, 763 (La. Ct. App. 1993) *writ denied,* 629 So. 2d 1135 (La. 1993).

      In this case, the Court has already held that the plaintiffs do have claims against Steeg for violations of Louisiana Usury Laws. Rec. Doc. 380 at 11.  Furthermore, plaintiffs have adequately pleaded facts regarding the claim that Steeg illegally profited from the collection of usurious interest and late fees by sending inflated initial assessments, charging more late fees, collecting attorney's fees, compounding interest, and threatening unit owners with illegal liens. Rec. Doc. 325 at 4. Given SteegLaw's alleged role in the drafting of these declarations and collecting debts on behalf of the Condominium Homeowner's Associations, there is enough indication of unethical and unscrupulous practices that may violate LUTPA.  To dismiss these claims on the merits at this time would be premature.

      The defendants claim that Sobel's LUTPA claims should be dismissed, regardless of the merits, because they were perempted at the end of June 2007. Rec. Doc. 385-1 at 5.   However, Louisiana law allows for continuing tort theory to apply in cases where there has been an ongoing violation of the law. *Crump v. Sabine River Auth.*, 98-2326 (La. 6/29/99), 737 So. 2d 720, 728 ("A continuing tort is occasioned by continual unlawful acts and for there to be a continuing tort there must be a continuing duty owed to the plaintiff and a continuing breach of

that duty by the defendant."); *S. Cent. Bell Tel. Co. v. Texaco, Inc.*, 418 So. 2d 531, 533 (La. 1982) ("Where the cause of the injury is a continuous one giving rise to successive damages, prescription dates from cessation of the wrongful conduct causing the damage."). Louisiana courts have further extended the theory of continuing torts in cases where continued violations of other statutes gave rise to a LUTPA claim. See *Capitol House Pres. Co. v. Perryman Consultants, Inc.*, 98-1514 (La. App. 1 Cir. 12/10/98), 725 So. 2d 523, 528 (holding that each day the defendants failed to disclose a known violation of the Riverboat Economic Development and Gaming Control Act constituted a new violation of the statutory duty and may constitute an unfair trade practice); *Fox v. Dupree*, 633 So. 2d 612, 614 (La. Ct. App. 1993), *writ denied*, 635 So. 2d 233 (La. 1994) (holding that the peremptive term could not begin until a loan broker complied with the law because every day he is in violation gives rise to a new right of action for an unfair trade practice); *Benton, Benton & Benton v. Louisiana Pub. Facilities Auth.*, 95-1367 (La. App. 1 Cir. 4/4/96), 672 So. 2d 720, *writ denied,* 96-1445 (La. 9/13/96), 679 So. 2d 110 (applying "continuing tort" to extend peremption period in a LUTPA action, where alleged violations of Louisiana Anti-trust Act were ongoing). Thus, if the defendants' alleged violations of the FDCPA and Louisiana usury laws prove true, then the continuing tort theory may apply and toll peremption of the LUTPA claims.

Because the Sobel has stated a facially plausible claim for relief, the defendants' Motion to dismiss the LUTPA claims regarding the condo declarations was properly DENIED. For the same reasons, the defendants' Motion to Dismiss plaintiffs' LUTPA claims regarding the drafting and enforcement of the declarations for the other condo associations is also DENIED.

**III. Louisiana Condominium Act**

The plaintiffs seek clarification on the Court's ruling to dismiss the claims against Steeg and Glass for violations of the Louisiana Condominium Act ("LCA"). In ruling to dismiss the defendant's LCA claims, the Court was referring specifically to defendants Steeg and Glass. Just as Condominium Associations have a private right of action against unit owners, La. Rev. Stat. §9:1124.115, the courts have repeatedly recognized unit owners' private rights of action against condominium associations. *See FMC Enterprises, L.L.C. v. Prytania-St. Mary Condominiums Ass'n, Inc.*, 12-1634 (La. App. 4 Cir. 5/15/13), 117 So. 3d 217, 221; *Caracci v. Cobblestone Vill. Condo. Ass'n*, 03-1487 (La. App. 5 Cir. 5/26/04), 877 So. 2d 1000, 1002, *writ denied,* 2004-2290 (La. 11/19/04), 888 So. 2d 207; *Roach v. Kamath*, 02-1309 (La. App. 4 Cir. 12/30/02), 837 So. 2d 118, *writ denied*, 2003-0308 (La. 4/4/03), 840 So. 2d 1219. However, actions by Steeg and Glass, who are neither unit owners nor a condominium association, fall outside the reaches of the LCA. *See Peyton Place Condominium Assoc., Inc. v. Guastella*, 08-365 (La. App. 5 Cir. 5/29/09) 18 So. 132, 154. Therefore, the defendants' motion to dismiss the LCA claims against Steeg and Glass was properly GRANTED.

**IV. Negligence**

The defendants request the court to dismiss with prejudice Count Five of the Third Amended Complaint for negligence as it relates to defendants Steeg and Glass. Since the defendants did not raise this issue in their original motion, it would be improper for the court to make a ruling on this issue at this time. *See Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) ("These motions [to Reconsider] cannot be used to raise arguments which could, and should, have been made before the judgment issued."). As such, the court declines to rule on whether the plaintiffs can rightfully assert a claim of negligence against defendants Steeg and Glass. This

5

issue should be brought before the court in a new dispositive motion prior to the motion deadline.

## V. Conclusion

Accordingly, and for the reasons set forth above, IT IS ORDERED that Steeg and Glass's motion for reconsideration is DENIED. Rec. Doc. 385. IT IS FURTHER ORDERED that plaintiffs' motion for reconsideration is GRANTED IN PART and DENIED IN PART. Rec. Doc. 387.

New Orleans, Louisiana, this 20th day of August, 2014.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT COURT**