UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **NICOLE REYES, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-CV-2043** |
| **JULIA PLACE CONDOMINIUMS HOMEOWNERS ASSOCIATION INC., ET AL.** | **SECTION "C"** |

## ORDER AND REASONS[1]

Before the Court is a Motion for Summary Judgment and New Trial by defendants Steeg Law, LLC and Margaret V. Glass. Rec. Doc. 470. The Motion is opposed by plaintiffs as set out in their Memoranda in Opposition. Rec. Docs. 477, 498. The Motion is before the Court on the briefs and without oral argument. Having considered the record, the law, and the submissions of the parties, IT IS HEREBY ORDERED that defendants' Motion for Summary Judgment is GRANTED.

## I. BACKGROUND

Plaintiff Nicole Reyes brings this class action lawsuit on behalf of herself and other condominium owners. Rec. Doc. 325. Plaintiff alleges that she and the other class members have been subject to excessive fines and fees and debt collection practices by the Steeg Law Firm, LLC ("Steeg") and various Condominium Associations throughout the New Orleans area that

---

[1] Andrew Lombardo, a second year student at Tulane Law School, helped prepare this order.

violate the Fair Debt Collection Practices Act ("FDCPA"), Louisiana usury law, and the Louisiana Condominium Act ("LCA"). *Id.* The factual background of this case has been described in greater detail in this Court's prior orders dated February 5, 2013 and July 3, 2014. Rec. Docs. 153, 380.

On December 18, 2014, this Court issued an Order granting plaintiffs' Motion to Certify Class as to the FDCPA Monetary Relief Class, as narrowed by the Court. Rec. Doc. 464. Now, defendants move the Court to grant summary judgment on the claims of five (5) members of this certified class whom defendants assert are corporate entities. According to defendants, these five claimants, as corporations, cannot be "consumers" as defined under the provisions of the FDCPA as they are not "natural persons" and, therefore, their claims must be dismissed with prejudice. Rec. Docs. 470, 495, 503.

## II.  STANDARD OF REVIEW

The plain language of Rule 56(c) of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party seeking summary judgment always bear the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. If the moving party satisfies the initial burden, the nonmoving party must "designate specific facts showing there is a genuine issue for trial" using evidence

cognizable under Rule 56. *Id.* at 324. Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

When considering whether any genuine issue of material fact exists, courts view the evidence and inferences fairly drawn from that evidence in the light most favorable to the nonmoving party. *Daniels v. City of Arlington, Texas,* 246 F.3d 500, 502 (5th Cir. 2001). Summary judgment does not allow a court to resolve credibility issues or to weigh evidence. *Int'l. Shortstop, Inc. v. Rally's Inc.,* 939 F.2d 1257, 1263 (5th Cir. 1991).

### III.  LAW AND ANALYSIS

1. **The FDCPA and its Purpose**

The Fair Debt Collection Practices Act, by definition, was adopted by Congress in order to "eliminate abusive debt collection practices by debt collectors" and to "protect *consumers* against debt collections abuses." 15 U.S.C. §1692(e) (emphasis added). Under the statute, a 'debt' is defined as "any obligation or alleged obligation of a *consumer* to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. §1692a(5) (emphasis added). It is clear, then, that Congress intended for the Act to apply only to the collection of "traditional consumer debts" and has "no application to the collection of commercial accounts." Manuel H. Newburger and Barbara M. Barron, *Fair Debt Collection Practice* ¶ 1.02[1-2] (Senate Report No. 95-382 on the FDCPA states: "This bill applies only to debts contracted by consumers for personal, family, or household purposes; it has no application to the collection of commercial accounts.").

2. **"Consumers" under the FDCPA**

The FDCPA defines a "consumer", for purposes of the Act's protections, as "any *natural person* obligated or allegedly obligated to pay any debt." 15 U.S.C. §1692a(3) (emphasis added). It is defendants' assertion and the Court's finding that Congress' use of this specific "natural person" language is of central importance to the resolution of the question presently before the Court – that is, whether a corporate entity may be held to be a "consumer" for purposes of the FDCPA.

Plaintiff's argument points to what she calls the "broad purpose" of the Act and rests on the central assertion that, despite the statute's explicit use of the "natural person" language, it was not Congress' intent to so narrowly prescribe who may recover under the FDCPA. Rec. Doc. 477 at 2. Plaintiff argues instead that Congress intended to allow "any person" to recover under the Act. Rec. Doc. 477 at 6-7. To support this, plaintiff points to discrete use of this "any person" phrasing in other parts of the statute.[2] The Court draws a different conclusion from this occurrence. The Court finds the fact that the legislature deliberately chose to use the more specific "natural person" language in the "consumer" definition instead of the "any person" phrasing found elsewhere in the statute to be strong evidence of Congress' precise intent to limit applicability of the Act to <u>only</u> "natural persons." Additionally, plaintiff cites to the *Fair Debt Collection Practice* treatise for the assertion that "it appears that Congress intended that word [person] to have its broadest legal meaning and not be limited to 'natural' persons." Manuel H. Newburger and Barbara M. Barron, *Fair Debt Collection Practice* ¶ 1.02[2]. While this Court admittedly entertained this argument in its class certification Order (Rec. Doc. 464 at 8), it finds

---

[2] The "any person" language to which plaintiffs refer is found in the FDCPA's statutory definitions of the terms "communication" ("conveying the information regarding a debt directly or indirectly to *any person*. . ."), "creditor" ("*any person* who offers or extends credit. . ."), and "debt collector" ("*any person* who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts. . .") (emphasis added). 15 U.S.C. §1692a(2, 4, 6).

4

now that closer inspection and an expounding of the full quote with the aid of the surrounding context yields a different conclusion:

> The FDCPA defines the term "consumer" as "any natural person obligated or allegedly obligated to pay any debt." **This definition clearly excludes all corporations, partnerships, trusts, and other legal entities that are not natural persons**. It must be noted, however, that regardless of consumer status, any "person" who comes into contact with a violation of the FDCPA may maintain an action under the Act. Given the way that "person" is used in the definitions of creditor and debt collector, it appears that Congress intended that word to have its broadest legal meaning and not be limited to "natural" persons. **Thus, <u>while a corporation could not be a "consumer" for FDCPA purposes</u>, it certainly could be a plaintiff in a fair-debt suit if it were damaged by a debt collector's violations of the Act while collecting from a consumer.**

Fair Debt Coll. Prac. ¶ 1.02[2] (emphasis added). What this portion of the treatise contemplates is a situation where a corporation has been harmed by a debt collector's actions toward collecting a debt *against a natural-person "consumer"* and not the corporation itself. The underlying debt, in all circumstances, must always be to a "consumer", and therefore a natural-person as provided by the Act. Thus, with the benefit of context it is apparent that this portion of the treatise addresses a discrete set of circumstances not present in plaintiffs' case and, further, does not disrupt the usual requirement of "consumer status" in order to recover under the Act.

For further support, plaintiff cites to unreported and non-binding authority[3] which they claim supports the finding that a claimant need not be a consumer in order to sustain a cause of action under the FDCPA. Rec. Doc. 477 at 6. However, upon inspection, the Court finds that a fair reading of the court's opinion there does not support such a broad conclusion. While the court in *Walker v. Gallegos* came to the conclusion that ". . . plaintiff need not be a 'consumer' to have standing under the FDCPA to bring this action" by pointing to the "any person" language used in the so-called "enforcement section" of the Act, Section 'k', it was careful to acknowledge that this catch-all language could not be read into sections that were clearly

---

[3] Plaintiffs cite to *Walker v. Gallegos*, CV 00-1231, 2002 U.S. Dist. LEXIS 25682 (D. Az. 2002).

intended to be applicable to "consumers" only. *Walker v. Gallegos*, CV 00-1231, 2002 U.S. Dist. LEXIS 25682 (D. Az. 2002). Of note, the *Walker* decision has been followed by only one other court in an unreported opinion and is not controlling on this Court.

The Court has discovered a line of cases focusing on the purpose of the underlying debt rather than the nature of the indebted entity when evaluating whether a claimant may sustain a cause of action under the FDCPA. In *Sluys v. Hand*, the court held that although relief under the FDCPA is limited by statute to "consumers" only, business debts are covered if incurred by a sole proprietorship. 831 F.Supp. 321, 323 (S.D.N.Y. 1993). This narrow holding, however, has been sharply criticized and discredited by subsequent cases, most directly in *Slenk v. Transworld Systems, Inc.* In *Slenk*, the court expressly overruled the holding in *Sluys* that debt incurred by a sole proprietorship was a de facto consumer debt[4], and held instead that the determination hinged on the *purpose* for which the credit was extended – whether primarily consumer or commercial in nature. *Slenk v. Transworld Systems, Inc.,* 236 F.3d 1072, 1075 (9th Cir. 2001); *see also DepoLink Court Reporting & Litigation Support Services v. Rochman,* 430 N.J. Super. 325, 334-36 (App. Div. 2013); *see also Fisher v. O'Brien,* 2010 WL 1269793 at *10 (E.D.N.Y. Mar 9, 2010). However, the Court notes that none of these cases is binding authority upon this Court and, further, stand in the face of a straightforward reading of the statute which clearly defines a consumer as "any natural person". In addition, the Court finds that each case fails to address and track the actual language and provisions of the FDCPA statute with regard to "consumer debts.".

---

[4] The court in *Slenk* offered the following: "[Plaintiff's] reliance on *Sluys* is misplaced. The opinion in *Sluys* has been sharply criticized—and rightly so—by courts and academic commentators due to its abandonment of the FDCPA's definition of a consumer debt. The United States District Court for the Western District of Oklahoma in *Beaton v. Reynolds, Ridings, Vogt and Morgan, P.L.L.C.,* 986 *F.Supp.* 1360 (W.D.Okla.1998), found the result in *Sluys* to be "plainly wrong," stating that "to the extent *Sluys* stands for the proposition that the Act does not require proof [that a transaction was entered into primarily for personal, family, or household purposes], the decision is in error." 236 F.3d at 1076 (2001).

Both parties agree that past-due condominium assessments are "consumer debts." Rec. Docs. 498, 503. However, as defendants correctly observed, "consumer debts", by statute, may only be held by natural persons. Rec. Doc. 503. If a debt is held by a corporate entity, then by definition it is not, and cannot be, a "consumer debt." Plaintiffs have argued – and asked the Court to accept – that because the five corporate entities in question did in fact incur debt in the form of past-due condominium assessments that they are therefore proper claimants under the FDCPA. The Court declines to make this leap. To be sure, past-due condominium assessments would yield a cognizable claim under the FDCPA *if* the party who had incurred them were a "natural person." The mere fact that past-due condominium assessments qualify as "consumer debts" in the abstract may not abrogate the plain fact that these five corporate claimants fail to meet the initial and most fundamental requirement for recovery under the FDCPA: that they be "consumers" as defined by the Act and, thus, "natural persons."

## IV.  CONCLUSION

The plaintiffs here bear the burden of proving a genuine issue of material fact in order to preclude summary judgment and the Court finds that they have failed to do so. As defendants correctly observed, the only factual question to be determined at the present time is whether the five identified corporate claimants – Vanderbilt New Orleans, LLC; Penthouse at New Jax, LLC; New Jax Commercial, LLC; Bank of America; and Wells Fargo – are "consumers" as defined by the FDCPA and thus entitled to join claims as part of the certified FDCPA Monetary Relief Class. As discussed above, a clear reading of the statute itself and the weight of relevant case law unambiguously militate against allowing corporate entities to recover as claimants under the FDCPA. As defendants have pointed out, plaintiffs have admitted that the five claimants at issue

are in fact non-natural persons (Rec. Doc. 503 at 6) and, therefore, the Court finds that there exists no genuine issue as to this evident fact. Therefore, defendants are entitled to summary judgment on this matter. The Court notes that this holding does not disrupt the previous certification of the FDCPA Monetary Relief Class.

Accordingly,

IT IS HEREBY ORDERED that defendants' Motion for Summary Judgment and New Trial (Rec. Doc. 470), construed by this Court as a Motion for Summary Judgment, is GRANTED.

New Orleans, Louisiana, this 27th day of July, 2015.

*[signature]*

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE