UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NICOLE REYES, ET AL | CIVIL ACTION |
| v. | No. 12-2043 |
| JULIA PLACE CONDOMINIUMS, ET AL | Section "C" |

## ORDER AND REASONS

Before the Court is plaintiff's Motion for Partial Summary Judgment on FDCPA Claims Rec. Doc. 505. Defendants, Steeg Law, LLC and Margaret V. Glass ("Steeg"), oppose the motion. Rec. Doc. 517. The parties have also filed further briefs in support and opposition to the motion. Rec. Docs. 523, 526, 528.

Reyes, individually and on behalf of the previously certified class of condominium owners alleging violations of the Fair Debt Collection Practices Act ("FDCPA class"), seeks summary judgment finding that Steeg are "debt collectors" under the FDCPA and that Steeg is liable for violations of the FDCPA. Rec. Doc. 505-1.

As a threshold matter, the Court must determine whether Steeg is in fact a "debt collector" as defined by the FDCPA before it can rule on whether Steeg is liable for violations of the FDCPA. Under the FDCPA, a debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection

1

of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6). The Fifth Circuit has held that the "principal purpose" prong of the statute differs from the "regularly prong," such that "a person may regularly render debt collection services, even if these services are not a principal purpose of his business." *Garrett v. Derbes*, 110 F.3d 317, 318 (5th Cir. 1997). Debt collection activity includes litigation on behalf of a creditor client. *Hester v. Graham, Bright & Smith, P.C.*, 289 Fed. Appx. 35, 41 (5th Cir. 2008). "Whether a party regularly attempts to collect debts is determined, of course, by the volume or frequency of its debt-collection activity." *Id*. (citing *Brown v. Morris*, 243 Fed.Appx. 31, 35 (5th Cir. 2007). However, the Fifth Circuit has held that "no bright-line rule identifies when an attorney or law firm 'regularly' collects or attempts to collect debts, so courts must make this determination a case-by-case basis." *Id*. (citing *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carrooll & Bertolotti*, 374 F.3d 56, 62 (2d Cir. 2004)).

Plaintiff insists that Steeg is a debt collector because it regularly engages in debt collection activity and identifies itself as collecting consumer debts in letters sent to members of the FDCPA class. Rec. Docs. 505-1 at 30; 523 at 4. However, central to plaintiff's argument that summary judgment is warranted on this issue is her claim that Steeg has refused to disclose evidence relevant to its contention that it is not a debt collector, in violation of Federal Rule of Civil Procedure Rule 25(a)(1)(A)(ii). According to plaintiff, Steeg failed to respond to interrogatories requesting an explanation of its factual basis for claiming not to be a debt collector, failed to identify evidence for this claim, and refused to produce documents on this point. Rec. Doc. 505-1 at 33-34. Plaintiff contends that due to Steeg's refusals, it is barred under Rule 37 from relying on information it did not produce in the instant motion. *Id*. at 32.

Steeg counters that plaintiff failed to appear for a Rule 37 conference to discuss the parties' discovery disputes, and therefore cannot opine about Steeg's lack of disclosure. Rec. Doc. 517 at 3. Steeg has also provided affidavits from Randy Opotowski, a partner at Steeg, and Nicolle Jene, a paralegal at Steeg. Rec. Docs. 517-2, 517-3. These affidavits attest that Steeg derives less than 1.5% of its annual revenue from files involving debt collection, does not employ any fulltime employees for the purpose of debt collection, and obtained all its collection business from its condominium association clients. *Id*. Steeg further attests that its collection work amounted to less than 1% of its case load in 2010, 2011, and 2012. *Id*. at 7.

In response to this showing by Steeg, plaintiff argues that although there are no staff members assigned to work only on debt collection activity, more than half the attorneys on its staff are identified in their collection letters. Rec. Doc. 523 at 13. Plaintiff also claims that although the percentage of revenue that Steeg derives from debt collection is small, it has uncovered a minimum of 66 lien letters to condominium owners and 34 liens prepared against condominium units, which were subsequently filed, and that this number demonstrates that its collection activities are sufficiently regular. Rec. Docs. 523 at 12-13; 512-1 *in globo*. Plaintiff also points to Steeg's own website, which advertises its services in collecting unpaid condominium fees. Rec. Docs. 523 at 16; 505-7 at 3. In addition, plaintiff challenges the validity of Steeg's affidavits, pointing to the fact that neither Jene nor Opotowsky based their assertions on firsthand knowledge, but rather on their review of documents that Steeg has not provided to plaintiffs or the Court. Rec. Doc. 523 at 5. However, as far as the Court can discern, Steeg has provided the documents upon which the affidavits are based. Rec. Docs. 517-10, 517-11 (filed under seal).

Finally, plaintiff points to the fact that other courts have found debt collector status when debt collection made up only a small portion of a firm's revenue. Rec. Doc. 523 at 9. In *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertollotti*, the Second Circuit found that a defendant was a debt collector although its debt collection activities contributed only $5,000 to its roughly $10 million revenue over the period in question—roughly 0.05%. 374 F.3d 56, 60 (2d Cir. 2004). In *Garrett v. Derbes*, the Fifth Circuit found that attempts to collect debts owed to 639 different individuals within a nine-month period rendered a person a debt collector, although this activity accounted for less than 0.5% of the defendant's practice. 110 F.3d at 318. Thus, plaintiff urges that a finding that Steeg is a debt collector is appropriate despite the fact that debt collection activities account for a small percentage of Steeg's overall revenue.

Given the ongoing discovery dispute in this case, the Court finds that a ruling on this motion is premature. While debt collection accounts for a small percentage of Steeg's revenue, Steeg appears to market itself as having debt collection expertise, and the representation of creditor clients—in this case, condominium associations—constitutes a significant part of Steeg's practice. In addition, given the similarity in the collection letters issued,[1] Steeg appears likely to have systems in place for its collection activities.[2] However, due to Steeg's failure to answer plaintiff's discovery requests and plaintiff's failure to participate in a Rule 37 conference, these and other factors relevant to the Court's inquiry have not been fully developed for the record. As defendants point out, a motion for summary judgment is not the appropriate vehicle for resolving discovery disputes. Rec. Doc. 517 at 13. Thus, the Court defers consideration of the motion for thirty (30) days so that plaintiff may either file motions to compel or confer in good

---

[1] The Court has previously discussed the similarity of Steeg's letters in its Order and Reasons of December 18, 2014. Rec. Doc. 464 at 15.

[2] These factors have been acknowledged by other federal courts as relevant to the determination of whether a defendant qualifies as a debt collector under the FDCPA. *See, e.g.*, *Goldstein*, 374 F.3d at 62-63; *Kirkpatrick v. Dover & Fox, P.C.*, Civ. A. 13-123, 2013 WL 5723077 (S.D. Tex. Oct. 21, 2013).

faith to resolve the outstanding discovery disputes. At the end of thirty days from the date of this order, plaintiff may re-urge its motion and submit supplemental briefing, if necessary.

New Orleans, Louisiana this 14th day of September, 2015.

_____
UNITED STATES DISTRICT JUDGE