UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NICOLE REYES ET AL.                    CIVIL ACTION

VERSUS                                 NO: 12-2043

JULIA PLACE CONDOMINIUMS               SECTION: "J"(3)
HOMEOWNERS ASSOCIATION
INC. ET AL.

## ORDER & REASONS

Before the Court is a *Second Motion for Summary Judgment* **(Rec. Doc. 595)** filed by Defendant The Rotunda Condominiums Homeowners Association Inc. ("Rotunda"), an opposition thereto (Rec. Doc. 597) filed by Plaintiffs Nicole Reyes and Mike Sobel as class representatives for a certified usury class, and Rotunda's reply (Rec. Doc. 600). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

The facts of this case are set forth in detail in previously issued Orders and Reasons (*see, e.g.*, Rec. Doc. 464); therefore, the Court will only briefly recount them here. This is a class action lawsuit brought by Plaintiffs Nicole Reyes and Mike Sobel on behalf of themselves and other condominium owners at various properties throughout New Orleans against their respective condominium associations as well as Steeg Law LLC ("Steeg").

Plaintiffs allege that the Defendants have engaged in debt collection practices that violate state and federal law.

On May 23, 2014, Plaintiffs filed a motion to certify three classes of condominium owners. (Rec. Doc. 351.) The first class consists of condominium owners who had been subject to alleged violations of the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff allege that Steeg utilizes a standard form collection letter that violates the FDCPA on its face by demanding payment of unpaid assessments within seven days, and that Steeg violated the FDCPA by filing excessive liens on condominium owners' properties. The second class consist of condominium owners who had been charged excessive late fees and interest rates for delinquent payment of assessments that allegedly violated Louisiana's usury laws. The third class consists of those who were charged late fees allegedly in violation of the Louisiana Condominium Act ("LCA").

On December 18, 2014, the Court certified a FDCPA class limited to claims for monetary relief against Steeg. The Court defined the FDCPA monetary relief class narrowly as "consisting of unit owners who received letters identical or substantially similar to those attached as Exhibits "A" and "D" of the original complaint during the year prior to the filing of the action." (Rec. Doc. 464, at 16.) The Court denied certification of an FDCPA class for injunction relief and denied certification of the FDCPA monetary relief class for claims against the various condominium

2

associations. *Id.* at 6, 15. The Court also denied certification of the LCA class and deferred ruling on whether certification was appropriate for the proposed usury class because a portion of the proposed class had not actually paid the late fees that had been charged to them.

On August 20, 2015, the Court certified a narrowed version of the usury class, divided into two subclasses. Specifically, the Court certified "a class of past and present condominium owners who have paid allegedly usurious late fees. The class shall be divided into two subclasses, one seeking monetary relief and another seeking injunctive relief for purported violations of the usury law." (Rec. Doc. 529, at 16.) The Court did not reach whether members who had not actually paid late fees possess standing because it held that the usury class "must exclude those who did not actually make payments on late fees because they lack commonality with the other members of the proposed class." *Id.* at 6, 9-10.

Furthermore, the Court held that both Sobel and Reyes were adequate representatives of the usury class seeking monetary relief. *Id.* at 10-14. The Court also found Reyes to be an adequate representative of the class seeking injunctive relief, because Reyes is a current condominium owner. *Id.* However, because Sobel is not a current condominium owner, the Court found that Sobel is not an adequate representative of the class seeking injunctive

3

relief. *Id.* Plaintiffs subsequently filed their Fourth Amended Complaint (Rec. Doc. 553), which adds Patrick Anders as an additional named plaintiff and a purported class representative for the usury class.

On January 8, 2016, this case was temporarily realloted and randomly assigned to this section of the court for all purposes. Since that time, the parties have filed several motions. Rotunda filed the instant *Second Motion for Summary Judgment* **(Rec. Doc. 595)** on April 12, 2016. Plaintiffs opposed the motion on April 26, 2016, and Rotunda filed a reply. The motion is now before the Court on the briefs.

**PARTIES' ARGUMENTS**

Rotunda moves for summary judgment, seeking a full and complete dismissal from the suit. Rotunda contends that the Court's previous orders have eliminated all possible avenues for recovery against it. According to Rotunda, the only class-wide claim against the condominium associations is the usury claim. Rotunda asserts that the Court previously granted Rotunda summary judgment on Plaintiffs' usury claim for monetary relief, based on its finding that Rotunda did not collect any allegedly usurious fees within two years before suit. Rotunda argues that the Court's previous finding forecloses any class claims against it under usury law. Further, because Plaintiffs have no direct claims against it,

Rotunda argues that the Court should dismiss Rotunda from this lawsuit entirely.

Plaintiffs oppose Rotunda's motion for summary judgment. First, Plaintiffs argue that the "juridical link" doctrine gives the class representatives standing to bring claims against Rotunda. Second, although the Court has already granted Rotunda summary judgment on whether it collected usurious fees, Plaintiffs argue that an affidavit of an owner of a condominium at Rotunda shows that Rotunda coerced and received late fees from the owner, and therefore the usury class may pursue injunctive and monetary relief against Rotunda. Third, Plaintiffs also argue that Rotunda cannot moot class claims for injunctive relief by amending its bylaws and declarations to delete the portions that allegedly violate usury law. Lastly, Plaintiffs argue that factual questions exist as to when usurious amounts were collected by Rotunda.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in

the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden

6

then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g.*, *id.* at 325; *Little*, 37 F.3d at 1075.

<u>DISCUSSION</u>

The issue before the Court is whether, considering the Court's previous rulings, Rotunda is entitled to a judgment as a matter of law dismissing the putative class claims asserted against it. For the following reasons, the Court finds that Rotunda's motion for summary judgment should be granted, and all claims against it in this litigation are dismissed.

Plaintiffs brought claims under the FDCPA, Louisiana usury law, and LCA alleging that Rotunda engaged in an unlawful scheme with the help of Steeg to collect usurious late fees. Because none of the named Plaintiffs owned or rented a condominium unit at Rotunda, Plaintiffs have no direct claims against Rotunda. Instead, Plaintiffs seek to represent a class of condominium unit owners at the Rotunda who paid usurious fees or received form letters from Steeg which violate the FDCPA.

As Rotunda correctly asserts, the previous orders issued in this case have eliminated all possible avenues of recovery and relief against Rotunda. First, in the December 18, 2014 Order and

Reasons, the Court denied certification of the FDCPA injunctive relief class altogether, denied certification of the FDCPA monetary relief class for claims against the condominium associations, and denied certification of the LCA class. (Rec. Doc. 464, at 6, 15, 17.) Accordingly, Plaintiffs have no direct or class claims under the FDCPA or LCA against Rotunda.

Second, in the August 20, 2015 Order and Reasons, the Court certified a narrow version of the usury class, limited to "past and present condominium owners who have paid allegedly usurious late fees." (Rec. Doc. 529, at 16.) Specifically, the Court explained that the requirements of commonality are met for "those members who have made payments on usurious fees only." *Id.* at 10. The requirement of commonality, and therefore the requirement that class members have actually paid allegedly usurious fees, applies to both subclasses of the usury class, regardless of whether the relief sought is monetary or injunctive.[1]

In short, Plaintiffs' usury claims against Rotunda depend on whether any condominium unit owners actually paid Rotunda allegedly usurious late fees. It is beyond cavil that this Court has already granted Rotunda summary judgment on this issue. In the September 11, 2013 Order and Reasons, the Court found that Rotunda

---

[1] "[T]he requirements of commonality are met for those members who have made payments on usurious fees only. . . . [M]embers within this narrow class maintain the ability to pursue the injunctive relief sought by the plaintiffs." (Rec. Doc. 529, at 10.)

had demonstrated that it did not collect any allegedly usurious late fees during the two-year period at issue. (Rec. Doc. 275, at 7.) The Court explained that Rotunda had argued and submitted evidence that there was no genuine issue of material fact that it did not collect any late fees within two years before Plaintiffs filed this suit. *Id.* Plaintiffs did not rebut that evidence. *Id.* Nearly three years have passed since the Court's grant of summary judgment to Rotunda on that issue, and Plaintiffs have not moved for reconsideration. The Court will not now entertain Plaintiffs' arguments that factual questions exist. Because those who did not actually make payments on late fees have been excluded from the usury class entirely, Plaintiffs have no direct or class claims under usury law against Rotunda.[2]

In conclusion, all claims against Rotunda asserted in this lawsuit have been eliminated. The Court's class definitions exclude Rotunda completely based on the Court's previous finding that Rotunda did not collect usurious fees within the two-year period. In addition, the Court's previous rulings eliminated the claims against Rotunda under the FDCPA and LCA. Thus, no claims against Rotunda remain. Accordingly, Rotunda is entitled to summary judgment.

---

[2] The "juridical link" doctrine has no application to this issue. As discussed above, there is no genuine issue of fact that no class members exist with causes of action against Rotunda.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Rotunda's *Second Motion for Summary Judgment* **(Rec. Doc. 595)** is **GRANTED**.

New Orleans, Louisiana, this 7th day of June, 2016.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE