```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


   REYES                                     CIVIL ACTION

   VERSUS                                    NO: 12-2043

   JULIA PLACE CONDOMINIUMS                  SECTION: "J"
   HOMEOWNERS ASSOCIATION,
   INC. ET AL
```

### ORDER & REASONS

Before the Court are three motions seeking approval of class notice. First is a *Motion to Approve Class Certification Notice and Either Confirm or Modify the Scheduling Order* **(Rec. Doc. 602)** filed by Plaintiffs; an opposition thereto (Rec. Doc. 607) filed by Defendants Julia Place Condominiums Association Inc., Mills Row Condominium Homeowners Association Inc., Gallery Row Condominiums Association Inc., The Rotunda Condominiums Homeowners Association Inc., Lofts Condominiums Homeowners Association Inc., Parkview Condominiums Homeowners Association, 1750 Saint Charles Condominium Homeowners Association Inc., The Henderson Condominium Association Inc., and FQRV Resort Condominium Association Inc. (collectively "Condo Associations"); and an opposition thereto (Rec. Doc. 609) filed by Defendants Steeg Law LLC and Margaret V. Glass (collectively "Steeg Law"). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED IN PART** and **DENIED IN PART**.

Second is a *Motion to Approve Notice to the FDCPA Monetary Relief Class* **(Rec. Doc. 603)** filed by Steeg Law and an opposition thereto (Rec. Doc. 611) filed by Plaintiffs. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED IN PART** and **DENIED IN PART**.

Third is a *Cross-Motion to Approve Proposed Class Notice to the Usury Class* **(Rec. Doc. 608)** filed by the Condo Associations and Plaintiffs' opposition thereto (Rec. Doc. 611). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED IN PART** and **DENIED IN PART**.

## FACTS AND PROCEDURAL BACKGROUND

The facts of this case are set forth in detail in previously issued Orders and Reasons (*see, e.g.*, Rec. Doc. 464); therefore, the Court will only briefly recount them here. This is a class action lawsuit brought by Plaintiffs Nicole Reyes and Mike Sobel on behalf of themselves and other condominium owners at various properties throughout New Orleans against their respective condominium associations as well as Steeg Law LLC and Margaret Glass. Plaintiffs allege that the Defendants have engaged in debt collection practices that violate state and federal law.

On May 23, 2014, Plaintiffs filed a motion to certify three classes of condominium owners. (Rec. Doc. 351.) The first class

consists of condominium owners who had been subject to alleged violations of the Fair Debt Collection Practices Act ("FDCPA"). Plaintiffs allege that Steeg Law utilizes a standard form collection letter that violates the FDCPA on its face by demanding payment of unpaid assessments within seven days, and that Steeg Law violated the FDCPA by filing excessive liens on condominium owners' properties. The second class consists of condominium owners who have been charged excessive late fees and interest rates for delinquent payment of assessments that allegedly violated Louisiana's usury laws. The third class consists of those who were charged late fees allegedly in violation of the Louisiana Condominium Act ("LCA").

On December 18, 2014, the Court certified an FDCPA class limited to claims for monetary relief against Steeg. The Court defined the FDCPA monetary relief class narrowly as "consisting of unit owners who received letters identical or substantially similar to those attached as Exhibits 'A' and 'D' of the original complaint during the year prior to the filing of the action."[1] (Rec. Doc. 464, at 16.) The Court denied certification of an FDCPA class for injunction relief and denied certification of an FDCPA monetary relief class for claims against the various condominium

---

[1] As the Court previously explained, the letters provided by Plaintiffs in the original complaint contain an identical or near-identical paragraph threatening legal action and additional fees if outstanding late fees are not paid within seven days. (Rec. Doc. 464, at 15.)

associations. *Id.* at 6, 15. The Court also denied certification of the LCA class and deferred ruling on whether certification was appropriate for the proposed usury class because a portion of the proposed class had not actually paid the late fees that had been charged to them.

On August 20, 2015, the Court certified a narrowed version of the usury class, divided into two subclasses. Specifically, the Court certified "a class of past and present condominium owners who have paid allegedly usurious late fees. The class shall be divided into two subclasses, one seeking monetary relief and another seeking injunctive relief for purported violations of the usury law." (Rec. Doc. 529, at 16.) The Court did not reach whether members who had not actually paid late fees possess standing because the Court held that the usury class "must exclude those who did not actually make payments on late fees because they lack commonality with the other members of the proposed class." *Id.* at 6, 9-10.

Furthermore, the Court held that both Sobel and Reyes were adequate representatives of the usury class seeking monetary relief. *Id.* at 10-14. The Court also found Reyes to be an adequate representative of the class seeking injunctive relief, because Reyes is a current condominium owner. *Id.* However, because Sobel is not a current condominium owner, the Court found that Sobel is not an adequate representative of the class seeking injunctive

4

relief. *Id.* Plaintiffs subsequently filed their Fourth Amended Complaint (Rec. Doc. 553), which adds Patrick Anders as an additional named plaintiff and a purported class representative for the usury class.

On January 8, 2016, this case was temporarily realloted and randomly assigned to this section of the court for all purposes. Since that time, the parties have filed several motions. Plaintiffs filed the instant *Motion to Approve Class Certification Notice and Either Confirm or Modify the Scheduling Order* **(Rec. Doc. 602)** on May 6, 2016. The Condo Associations and Steeg Law opposed Plaintiffs' motion on May 24, 2016. Steeg Law filed the instant *Motion to Approve Notice to the FDCPA Monetary Relief Class* **(Rec. Doc. 603)** on May 12, 2016. The Condo Associations then filed their *Cross-Motion to Approve Proposed Class Notice to the Usury Class* **(Rec. Doc. 608)** on May 24, 2016. Later that day, Plaintiffs opposed both motions. The motions are now before the Court on the briefs.

**PARTIES' ARGUMENTS**

Plaintiffs move for an order approving their proposed class notice, which is a single notice pertaining to both the FDCPA class and the usury class. In addition, because the trial schedule was set by a different section of the Court, Plaintiffs seek either confirmation or modification of the scheduling order. Plaintiffs seek approval to send individual notices using a mailing list of past and former residents, which Plaintiffs have already compiled

5

from the public records. In addition, Plaintiffs seek approval to provide information on an Internet website as a supplement to individual notice.

In opposition, the Condo Associations contend that Plaintiffs' proposed notice is confusing, fails to meet the minimum requirements of Rule 23(c)(2), and omits critical information necessary for potential class members to consider the options and risks associated with this class action. The Condo Associations argue that Plaintiffs' notice fails to state the usury class definition ordered by the Court and required by Rule 23(c)(2). The Condo Associations next argue that the Court should order separate class notices for the FDCPA class and the usury class in order to avoid confusion to the respective class members. Further, the Condo Associations argue that Plaintiffs' proposed notice fails to explain the consequences of the relief sought, namely that the cost of paying any money judgment against the Condo Associations could be borne by the unit owners, including the usury class members themselves.

Steeg Law opposes Plaintiffs' motion for similar reasons. Steeg Law contends that Plaintiffs' proposed notice includes class definitions that are broader than those which were certified by the Court. Next, Steeg Law argues that notice should be separate for the two classes because the classes are factually and legally

6

distinct; the FDCPA class relates solely to individuals who received the specified letters within a one-year period prior to this lawsuit, whereas the usury class relates to payments of late fees and interest. Further, Steeg Law argues that publication is unnecessary because direct mail can be sent to each individual class member.

In response to Plaintiffs' proposed notice, the Condo Associations and Steeg Law each filed motions to approve their respective proposed notices. Steeg Law submitted a proposed notice for the FDCPA monetary relief class, and the Condo Associations submitted a proposed notice for the usury class. Plaintiffs oppose any changes to their proposed notice. In particular, Plaintiffs contend that the Court should approve a single notice. Plaintiffs argue that the two classes are inherently related and a separate notice for each class will only confuse prospective class members.

## **LEGAL STANDARD**

For any class certified under Rule 23(b)(3) of the Federal Rules of Civil Procedure, the court must direct to class members "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Class notice for classes certified under Rule 23(b)(3) "must clearly and concisely state in plain, easily understood language" the following:

7

> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

*Id.* The notice must comply with the detailed requirements of Rule 23(c)(2) and must be the "best notice practicable" for due process purposes. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974).

Sufficient information about the case should be provided in the notice to enable class members to make an informed decision about their participation. *Manual for Complex Litigation (Fourth)* § 21.311 (2004). The Manual for Complex Litigation provides that the notice should describe succinctly the positions of the parties; identify the opposing parties, class representatives, and counsel; describe the relief sought; and explain any risks and benefits of retaining class membership and opting out, while emphasizing that the court has not ruled on the merits of any claims or defenses. *Id.* However, the notice need not make class members "cognizant of every material fact that has taken place prior to the mailing of their individual notice." *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1104 (5th Cir. 1977).

In addition, for any class certified under Rule 23(b)(1) or (b)(2), the court may direct "appropriate" notice to the class. Fed. R. Civ. P. 23(c)(2)(A). Unlike notice in Rule 23(b)(3) actions, notice in (b)(1) and (b)(2) actions is within the court's discretion.

## DISCUSSION

In this case, the Court certified the FDCPA monetary relief class and the usury monetary relief subclass under Rule 23(b)(3); therefore, class notice is mandatory. The Court also has discretion to direct appropriate notice to the members of the usury injunctive relief subclass, which was certified under Rule 23(b)(2). Accordingly, the issue before the Court is whether Defendants' separate proposed notices or Plaintiffs' single proposed notice is "the best notice that is practicable under the circumstances." *See* Fed. R. Civ. P. 23(c)(2)(B).

Because Plaintiffs' proposed notice fails to accurately state the definition of the classes certified, as required by Rule 23(c)(2)(B), the Court cannot approve Plaintiffs' proposed notice. The Court defined the FDCPA class as "consisting of unit owners who received letters identical or substantially similar to those attached as Exhibits 'A' and 'D' of the original complaint during the year prior to the filing of the action." (Rec. Doc. 464, at 16.) Accordingly, the FDCPA class is limited to unit owners who received letters from Steeg Law, during the one-year period prior

to this suit being filed, containing near-identical language threatening legal action and additional fees if outstanding late fees were not paid within seven days. The Court defined the usury class as consisting of "past and present condominium owners who have paid allegedly usurious late fees." (Rec. Doc. 529, at 16.) Accordingly, the usury class is limited to past or present unit owners who have actually made payments on late fees and interest. *Id.* at 9-10. Plaintiffs' proposed notice improperly refers to broader definitions of the FDCPA and usury classes that have not been certified by this Court. Therefore, the Court concludes that Plaintiffs' proposed notice fails to meet the requirements of Rule 23(c)(2)(B).

The parties disagree regarding whether a single notice or a separate notice for each class is the best notice practicable. Plaintiffs argue that separate notices would confuse class members; Defendants argue that a single notice would confuse class members. "Absentee class members will generally have had no knowledge of the suit until they receive the initial class notice. This will be their primary, if not exclusive, source of information for deciding how to exercise their rights under rule 23." *In re Nissan Motor Corp.*, 552 F.2d at 1104. Given the relatively small number of potential class members[2] and the likelihood of overlap

---

[2] Plaintiffs contend that there are between 26 and 41 members of the FDCPA monetary relief class, approximately 40 members of the usury class entitled to monetary relief, and approximately 731 members of the usury class entitled to

10

Case 2:12-cv-02043-CJB-DEK Document 640 Filed 06/17/16 Page 11 of 15

between the two classes, the Court finds that a single notice is the best notice practicable under the circumstances.

Combining the separate notices proposed by Steeg Law and the Condo Associations into a single notice will produce the best notice practicable in this case. Combining the two notices will substantially reduce the costs of the litigation, which is a legitimate factor that a court may consider when determining the best notice practicable under the circumstances. *See id.* at 1106 (citing *Gold Strike Stamp Co. v. Christensen*, 436 F.2d 791, 799 (10th Cir. 1970)). Furthermore, a single notice will adequately describe the nature of this action and provide sufficient information for class members to make an informed decision about their participation in one or both of the classes certified in this action. It is difficult to understand how receiving notice of the FDCPA class and the usury class at separate times would be any less confusing than receiving notice of both classes at once. Although it will require careful drafting, explaining the lawsuit as it has developed to date in objective, neutral terms is far from impossible. Accordingly, the parties shall meet and confer in order to draft a single notice based on the content of the separate notices proposed by Steeg Law and the Condo Associations.

---

injunctive relief. (Rec. Doc. 351-1, at 17-18, 21.) Because the Court limited the FDCPA class to those who received similar collection letters and limited the usury class, including both the monetary relief and injunctive relief subclasses, to those who have actually made payments on late fees and interest, it is likely that neither class exceeds 40 members.

The Court must direct individual notice to all members who can be identified through reasonable effort. *See* Fed. R. Civ. P. 23(c)(2)(B). Generally speaking, where there is a relatively small number of parties in the class, delivering notice "via first class mail to the last known address in defendant's records . . . [is] the most efficient and effective means for reaching individual members of the class." *Am. Sales Co. v. SmithKline Beecham Corp.*, 274 F.R.D. 127, 137 (E.D. Pa. 2010); *see also Manual for Complex Litigation (Fourth)* § 21.311 (2004) ("When the names and addresses of most class members are known, notice by mail is usually preferred." (footnote omitted)). Accordingly, notice by mail is an appropriate means for reaching the individual class members in this case.

In addition, the Court can find no legal justification to deny Plaintiffs' request to post notice on an Internet website as a supplement to individual notice efforts. The Manual for Complex Litigation provides that posting notices on Internet sites is a useful supplement to individual notice. *See Manual for Complex Litigation (Fourth)* § 21.311 ("Posting notices on dedicated Internet sites, likely to be visited by class members and linked to more detailed certification information, is a useful supplement to individual notice, might be provided at a relatively low cost, and will become increasingly useful as the percentage of the population that regularly relies on the Internet for information

increases."). Thus, once the proposed notice is approved, Plaintiffs may post the notice on an Internet site as a supplement to individual notice.

Lastly, due to the reassignment of this case, all parties seek either modification or confirmation of the scheduling order issued on September 11, 2015. Because there is no opposition to the current schedule, the Court confirms the September 11, 2015 Scheduling Order (Rec. Doc. 531).

In sum, the Court rejects Plaintiffs' proposed notice. While the Court preliminarily approves the content of Steeg Law's proposed notice for the FDCPA class and the Condo Associations' proposed notice for the usury class, the Court finds that a single notice for both classes is the best notice practicable under the circumstances. Accordingly, the parties shall meet and confer in order to draft a single notice in accordance with this Order and Reasons. The parties shall file a joint proposed notice within fourteen (14) days of the entry of this Order and Reasons. Further, the parties shall confer and use reasonable effort to identify each class member entitled to individual notice. Once approved, notice shall be mailed to the individuals identified. In addition, Plaintiffs may post the notice on an Internet site.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion to Approve Class Certification Notice and Either Confirm or Modify the Scheduling Order* **(Rec. Doc. 602)** is **GRANTED IN PART** and **DENIED IN PART**. The Court denies approval of Plaintiffs' proposed notice for the reasons set forth above. The Court grants Plaintiffs' motion to the extent that it seeks confirmation of the September 11, 2015 Scheduling Order.

**IT IS FURTHER ORDERED** that Steeg Law's *Motion to Approve Notice to the FDCPA Monetary Relief Class* **(Rec. Doc. 603)** and the Condo Associations' *Cross-Motion to Approve Proposed Class Notice to the Usury Class* **(Rec. Doc. 608)** are **GRANTED IN PART** and **DENIED IN PART**. The Court approves the content of Steeg Law's and the Condo Associations' proposed notices; however, the Court denies Defendants' motions to the extent they seek approval of two separate notices.

**IT IS FURTHER ORDERED** that the parties shall meet, confer, and thereafter submit to the Court a joint proposal of notice as set forth above no later than *fourteen (14) days from the entry of this Order and Reasons*. Once the proposed notice is approved, Plaintiffs' counsel shall transmit the notice to all individual

members of the class via U.S. mail. Plaintiffs' counsel may also post the notice on an Internet site.

**IT IS FURTHER ORDERED** that Plaintiffs' *Motion for Leave to File Supplemental Opposition to Cross Motions Seeking Separate Class Notices* **(Rec. Doc. 629)** is **DENIED**.

New Orleans, Louisiana, this 17th day of June, 2016.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

15