```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


NICOLE REYES, ET AL.                      CIVIL ACTION

VERSUS                                    NO: 12-2043

JULIA PLACE CONDOMINIUMS                  SECTION: "J"(3)
HOMEOWNERS ASSOCIATION,
INC., ET AL.
```

## ORDER & REASONS

Before the Court is a *Motion for Reconsideration* **(Rec. Doc. 641)** filed by Plaintiffs Nicole Reyes and Mike Sobel and an opposition thereto **(Rec. Doc. 646)** filed by Defendant Rotunda condominiums Homeowners Association, Inc. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

The facts of this case are set forth in detail in previously issued Orders and Reasons (*see, e.g.*, Rec. Doc. 464); therefore, the Court will only briefly recount them here. This is a class action lawsuit brought by Plaintiffs Nicole Reyes and Mike Sobel on behalf of themselves and other condominium owners at various properties throughout New Orleans against their respective condominium associations as well as Steeg Law LLC (Steeg). Plaintiffs allege that the Defendants have engaged in debt collection practices that violate state and federal law.

On May 23, 2014, Plaintiffs filed a motion to certify three classes of condominium owners. (Rec. Doc. 351.) The first class consists of condominium owners who were subject to alleged violations of the Fair Debt Collection Practices Act (FDCPA). Plaintiffs allege that Steeg utilizes a standard form collection letter that violates the FDCPA on its face by demanding payment of unpaid assessments within seven days, and that Steeg violated the FDCPA by filing excessive liens on condominium owners' properties. The second class consists of condominium owners who were charged excessive late fees and interest rates for delinquent payment of assessments that allegedly violated Louisiana's usury laws. The third class consists of those who were charged late fees allegedly in violation of the Louisiana Condominium Act (LCA).

On December 18, 2014, the Court certified a FDCPA class limited to claims for monetary relief against Steeg. The Court defined the FDCPA monetary relief class narrowly as "consisting of unit owners who received letters identical or substantially similar to those attached as Exhibits "A" and "D" of the original complaint during the year prior to the filing of the action." (Rec. Doc. 464, at 16.) The Court denied certification of an FDCPA class for injunction relief and denied certification of the FDCPA monetary relief class for claims against the various condominium associations. *Id.* at 6, 15. The Court also denied certification of the LCA class and deferred ruling on whether certification was

appropriate for the proposed usury class because a portion of the proposed class had not actually paid the late fees that had been charged to them.

On August 20, 2015, the Court certified a narrowed version of the usury class, divided into two subclasses. Specifically, the Court certified "a class of past and present condominium owners who have paid allegedly usurious late fees. The class shall be divided into two subclasses, one seeking monetary relief and another seeking injunctive relief for purported violations of the usury law." (Rec. Doc. 529, at 16.) The Court did not reach whether members who had not actually paid late fees possess standing because it held that the usury class "must exclude those who did not actually make payments on late fees because they lack commonality with the other members of the proposed class." *Id.* at 6, 9-10.

On January 8, 2016, this case was realloted and randomly assigned to this section of the court. Since that time, the parties have filed several motions. On June 7, 2016 the Court issued an Order & Reasons on Rotunda's *Second Motion for Summary Judgment* (Rec. Doc. 622.) In short, the Court held that:

> [A]ll claims against Rotunda asserted in this lawsuit have been eliminated. The Court's class definitions exclude Rotunda completely based on the Court's previous finding that Rotunda did not collect usurious fees within the two-year period. In addition, the Court's previous rulings eliminated the claims against Rotunda under the FDCPA and the LCA. Thus no claims against

Rotunda remain. Accordingly, Rotunda is entitled to summary judgment.

Plaintiffs filed the instant *Motion for Reconsideration* on June 24, 2016 challenging the Court's June 7, 2016 Order on Rotunda's *Second Motion for Summary Judgment*. (Rec. Doc. 641.) Defendant Rotunda filed an opposition thereto on July 5, 2016 (Rec. Doc. 646.) The motion for reconsideration is now before the Court on the briefs.

## ARGUMENT

Plaintiffs' arguments in support of their motion for reconsideration may be summarized as follows: The Court either ignored or failed to consider the affidavit of J. Brian Kelley, and in doing so, disregarded a fact which precluded summary judgment in favor of Rotunda. (Rec. Doc. 641-1.) Plaintiffs argue that "[t]he only reason Rotunda was granted summary judgment before class certification was because the district court did not consider plaintiffs' opposition as timely due to an oversight on a pending motion to compel." (Rec. Doc. 641-1, at 2.) Plaintiffs claim their untimely motion was caused by Magistrate Judge Michael North's failure to advise the Court of a pending motion to compel. Id. Plaintiffs argue that Judge North later agreed that subsequent evidence against Rotunda could be presented which would allow the plaintiffs to defeat summary judgment. Id. at 4. Plaintiffs argue that there are no procedural rules which bar them from presenting

4

the affidavit of Mr. Kelley to oppose Rotunda's present motion. Id. at 5.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit treats a motion for reconsideration challenging a prior judgment as either a motion "to alter or amend" under Federal Rule of Civil Procedure 59(e) or a motion for "relief from judgment" under Federal Rule of Civil Procedure 60(b). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994). The difference in treatment is based on timing. If the motion is filed within twenty-eight days of the judgment, then it falls under Rule 59(e). *Id.;* Fed. R. Civ. P. 59(e). However, if the motion is filed more than twenty-eight days after the judgment, but not more than one year after the entry of judgment, it is governed by Rule 60(b). *Id.;* Fed. R. Civ. P. 60(c). In the present case, Defendants' Motion for Reconsideration (Rec. Doc. 641) was filed on June 24, 2016 which is within twenty-eight days of the June 7, 2016 Order & Reasons. (Rec. Doc. 622.) As a result, Defendants' Motion for Reconsideration (Rec. Doc. 641) is treated as a motion to alter or amend under Rule 59(e).

5

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." *Id.; see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Manifest error is defined as "'[e]vident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evidence, and self-evidence.'" *In Re Energy Partners, Ltd.*, 2009 WL 2970393, at *6 (Bankr. S.D. Tex. Sept. 15, 2009) (citations omitted); *see also Pechon v. La. Dep't of Health & Hosp.*, 2009 WL 2046766, at *4 (E.D. La. July 14, 2009) (manifest error is one that "'is plain and indisputable, and that amounts to a complete disregard of the controlling law'") (citations omitted).

The Fifth Circuit has noted that "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Templet*, 367 F.3d at 478-79. Nor should it be used to "re-litigate prior matters that ... simply have been resolved to the movant's dissatisfaction." *Voisin v. Tetra Techs., Inc.*, No.

6

08-1302, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact. *Schiller*, 342 F.3d at 567; *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (to win a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence").

## DISCUSSION

In this case, Defendants do not rely on an intervening change in controlling law since the Court's June 7, 2016 Order and Reasons. (Rec. Doc. 622.) Moreover, Defendants have not pointed to any newly discovered evidence previously unavailable to them. Thus, Defendants must clearly establish either a manifest error of law or fact. *Ross*, 426 F.3d at 763.

At the time of the Court's June 7, 2016 Order and Reasons, the Court had already ruled that Plaintiffs had no direct or class claims under the FDCPA or LCA against Rotunda. (Rec. Doc. 464, at 6, 15, 17.) Thus, the only remaining avenue for recovery was under Louisiana usury laws. In this Court's August 20, 2015 Order and Reasons the Court certified a narrow version of the usury class, limited to "past and present condominium owners who have paid allegedly usurious late fees." (Rec. Doc. 529, at 16.) The Court

7

explained that the requirements of commonality for the class are met for "those members who have made payments on usurious fees only." *Id.* at 10. Further, as explained by the June 7, 2016 Order, "[t]he requirement of commonality, and therefore the requirement that class members have actually paid allegedly usurious fees, applies to both subclasses of the usury class, regardless of whether the relief sought is monetary or injunctive." (Rec. Doc. 622, at 8.) Accordingly, the only issue left to be decided was whether "any condominium unit owners actually paid Rotunda allegedly usurious late fees." *Id.* As explained in this Court's September 11, 2013 Order and Reasons, the Court specifically found that Rotunda did not collect any allegedly usurious late fees during the two-year period at issue. *Id.* at 9. Turning to the Court's September 11, 2013 Order, it is clear that Mr. Kelley's affidavit was considered, but nevertheless, the Court determined that no genuine issues of material fact existed:

> Rotunda argued and submitted evidence that there is no genuine issue of material fact that it did not collect any late fees within two years before filing this suit. Rec. Doc. 227 at 9; Plaintiff has not rebutted this evidence. RCB's general manager, Stephanie Burmaster declared that her company had used property management software to search the General Ledger and Tenant Ledger for Rotunda, and that between August 1, 2010 and May 1, 2013 the only condominium owner that was charged a late fee was MTB Properties, LLC, the owner of unit 210. Rec Doc. 227-2 at 3. Furthermore, while MTB Properties, LLC[1] was assessed four late fees from August to November 2010, Rotunda forgave these late fees on December 1, 2010. *Id.*

---

[1] Mr. Kelly is the registered agent for MTB Properties, LLC. (Rec. Doc. 641-2, at 1.)

8

> . . . The Court finds that Rotunda has demonstrated that it did not collect any late fees during the two-year period at issue here under Louisiana Revised Statute 9:3500(C)(2). Rec. Doc. 277 at 6; Rec. Doc. 153 at 15-16. Therefore, the Court grants Rotunda's motion for summary judgment on this issue only. Rec. Doc. 227.

In conclusion, this Court's June 7, 2016 Order considered the Court's September 11, 2013 Order. The Court's September 11, 2013 Order considered Mr. Kelly's affidavit, but nevertheless found that no genuine issue of material fact existed. Consequently, the Court finds that Defendants' reasons for seeking reconsideration are based on evidence and arguments previously heard and considered by the Court, and the Court's previous ruling was not based on an erroneous view of the law or an erroneous assessment of the evidence.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion for Reconsideration* **(Rec. Doc. 641)** is **DENIED.**

New Orleans, Louisiana, this 19th day of July, 2016.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE