UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NICOLE REYES, ET AL.                    CIVIL ACTION

VERSUS                                  NO: 12-2043

JULIA PLACE CONDOMINIUMS                SECTION: "J"(3)
HOMEOWNERS ASSOCIATION,
INC., ET AL.

## ORDER & REASONS

Before the Court is Plaintiffs' *Motion for Reconsideration*
**(Rec. Doc. 652.)** Having considered the motion and legal memoranda,
the record, and the applicable law, the Court finds that the motion
should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

The facts of this case are set forth in detail in previously
issued Orders and Reasons (*see*, *e.g.*, Rec. Doc. 464); therefore,
the Court will only briefly recount them here. This is a class
action lawsuit brought by Plaintiffs Nicole Reyes and Mike Sobel
on behalf of themselves and other condominium owners at various
properties throughout New Orleans against their respective
condominium associations as well as Steeg Law LLC (Steeg).
Plaintiffs allege that the Defendants have engaged in debt
collection practices that violate state and federal law.

On May 23, 2014, Plaintiffs filed a motion to certify three
classes of condominium owners. (Rec. Doc. 351.) The first class
consists of condominium owners who were subject to alleged

violations of the Fair Debt Collection Practices Act (FDCPA). Plaintiffs allege that Steeg utilizes a standard form collection letter that violates the FDCPA on its face by demanding payment of unpaid assessments within seven days, and that Steeg violated the FDCPA by filing excessive liens on condominium owners' properties. The second class consists of condominium owners who were charged excessive late fees and interest rates for delinquent payment of assessments that allegedly violated Louisiana's usury laws. The third class consists of those who were charged late fees allegedly in violation of the Louisiana Condominium Act (LCA).

On December 18, 2014, the Court certified a FDCPA class limited to claims for monetary relief against Steeg. The Court defined the FDCPA monetary relief class narrowly as "consisting of unit owners who received letters identical or substantially similar to those attached as Exhibits "A" and "D" of the original complaint during the year prior to the filing of the action." (Rec. Doc. 464, at 16.) The Court denied certification of an FDCPA class for injunctive relief and denied certification of the FDCPA monetary relief class for claims against the various condominium associations. *Id.* at 6, 15. The Court also denied certification of the LCA class and deferred ruling on whether certification was appropriate for the proposed usury class because a portion of the proposed class had not actually paid the late fees that had been charged to them.

On August 20, 2015, the Court certified a narrowed version of the usury class, divided into two subclasses. Specifically, the Court certified "a class of past and present condominium owners who have paid allegedly usurious late fees. The class shall be divided into two subclasses, one seeking monetary relief and another seeking injunctive relief for purported violations of the usury law." (Rec. Doc. 529, at 16.) The Court did not reach whether members who had not actually paid late fees possess standing because it held that the usury class "must exclude those who did not actually make payments on late fees because they lack commonality with the other members of the proposed class." *Id.* at 6, 9-10.

On January 8, 2016, this case was realloted and assigned to this section of the court. Since that time, the parties have filed several motions. On June 7, 2016 the Court issued an Order & Reasons on Rotunda's Second Motion for Summary Judgment (Rec. Doc. 622.) In short, this Court held that:

> [A]ll claims against Rotunda asserted in this lawsuit have been eliminated. The Court's class definitions exclude Rotunda completely based on the Court's previous finding that Rotunda did not collect usurious fees within the two-year period. In addition, the Court's previous rulings eliminated the claims against Rotunda under the FDCPA and the LCA. Thus no claims against Rotunda remain. Accordingly, Rotunda is entitled to summary judgment.

On June 24, 2016, Plaintiffs filed a Motion for Reconsideration (Rec. Doc. 641) challenging this Court's June 7,

2016 Order on Rotunda's Second Motion for Summary Judgment (Rec. Doc. 622.) On July 19, 2016 this Court denied Plaintiffs' Motion for Reconsideration. (Rec. Doc. 651.) On July 25, 2016 Plaintiffs filed another Motion for Reconsideration (Rec. Doc. 652) challenging this Court's July 19, 2016 Order. Plaintiff's Motion for Reconsideration challenging this Court's July 19, 2016 order is the presently before the Court on the briefs.

## PARTIES' ARGUMENTS

Plaintiffs argue that this Court committed a manifest error of fact in its July 19, 2016 Order (Rec. Doc. 651) when it held that the Court's September 11, 2013 Order considered Mr. J. Brian Kelley's[1] affidavit but nevertheless found that no genuine issue of material fact existed. *Id.* at 1. Specifically, Plaintiffs argue that Mr. Kelley's affidavit was not submitted until April 25, 2016, and thus could not have been considered by the Court's September 11, 2013 Order. *Id.* In all, Plaintiffs argue that Mr. Kelley's affidavit establishes that he paid a usurious fee and thus has standing to seek injunctive and monetary relief against Rotunda. *Id.* at 3. Accordingly, Plaintiffs argue that Rotunda's Second Motion for Summary Judgment should not have been granted.

---

[1] Mr. Kelley is the registered agent for MTB Properties, LLC. (Rec. Doc. 641-2 at 1.)

## **LEGAL STANDARD**

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). However, the Fifth Circuit has consistently recognized that parties may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b). *S. Snow Mfg. Co., Inc. v. Snowizard Holdings, Inc.*, 921 F. Supp. 2d 548, 563-64 (E.D. La. 2013); *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994). Rules 59 and 60, however, apply only to final judgments. *Snowizard*, 921 F. Supp. 2d at 563-564. "Therefore, when a party seeks to revise an order that adjudicates fewer than all the claims among all of the parties, Federal Rule of Civil Procedure 54(b) controls." *Id.* (citing *Halena Labs. Corp. v. Alpha Sci. Corp.*, 483 F. Supp. 2d 538 (E.D. Tex. 2007)). The difference between a Rule 60(b) and 59(e) motion is based on timing. If the motion is filed within twenty-eight days of the final judgment, then it falls under Rule 59(e). *Id.*; Fed. R. Civ. P. 59(e). However, if the motion is filed more than twenty-eight days after the final judgment, but not more than one year after the entry of judgment, it is governed by Rule 60(b). *Id.*; Fed. R. Civ. P. 60(b). Rule 54 sets forth no such time limitations. Fed. R. Civ. Pro. 54(b); *Lightfoot v. Hartford Fire Ins. Co.*, No. 07-

4833, 2012 WL 711842 (E.D. La. Mar. 5, 2012); *Snowizard,* 921 F.Supp.2d at 563-64; *but see Zapata Gulf Marine Corp. v. Puerto Rico Marine Shipping Auth.*, 925 F.2d 812, 815 (5th Cir. 1991) (discussing a "no just reason for delay" exception).

The general practice of courts in this district has been to evaluate Rule 54(b) motions to reconsider under the same standards that govern Rule 59(e) motions to alter or amend a final judgment. *Snowizard*, 921 F.Supp.2d at 565 (citing *Castrillo v. Am. Home Mortg. Servicing, Inc.,* No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. April 5, 2010)(citations omitted)). Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. *Templet*, 367 F.3d at 479. The general practice of courts in this district has been to evaluate Rule 54(b) motions to reconsider under the same standards that govern Rule 59(e) motions to alter or amend a final judgment. *Snowizard*, 921 F. Supp. 2d at 565 (citing *Castrillo*, 2010 WL 1424398, at *4 (citations omitted)). Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. *Templet*, 367 F.3d at 479.

Courts have noted that motions to reconsider or amend a final or partial judgment are not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Templet*, 367 F.3d at 478-79; *Snowizard*, 921 F.Supp.2d at 565. Also, such motions should not be

used to "re-litigate prior matters that . . . simply have been resolved to the movant's dissatisfaction." *See Voisin v. Tetra Techs., Inc.*, No. 08-1302, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e) or 54(b), the movant must clearly establish at least one of four factors: (1) the motion is necessary to correct a manifest error of law, (2) the movant presents newly discovered or previously unavailable evidence, (3) the motion is necessary in order to prevent manifest injustice, or (4) the motion is justified by an intervening change in controlling law. *Snowizard*, 921 F. Supp. 2d at 565; *Schiller*, 342 F.3d at 567; *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). To prevail on a motion under Rule 60(b), the movant must clearly establish one of six factors: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharge; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

## DISCUSSION

This Court misstated in its July 19, 2016 Order that this Court's September 11, 2013 Order (Rec. Doc. 275) considered Mr. Kelley's affidavit. (Rec. Doc. 651 at 8-9.) However, the Court's June 7, 2016 Order which dismissed Rotunda from this lawsuit remains sound. As explained in this Court's previous orders, Plaintiffs did not seek reconsideration of the Court's September 11, 2013 Order which dismissed Plaintiff's usury claims against Rotunda. (Rec. Doc. 275 at 7.) Further, Mr. Kelley's affidavit does not create a genuine issue of material fact precluding summary judgment in favor of Rotunda. Mr. Kelley's affidavit states that he merely reviewed the same ledgers this Court has already analyzed in its previous orders. Despite Plaintiffs' suggestion, Mr. Kelley's affidavit is not "new evidence" which creates an issue of fact. *See Lechuga v. So. Pac. Transp. Co.,* 949 F.2d 790, 798 (5th Cir. 1991 ("Conclusory statements in an affidavit do not provide facts that will counter summary judgment evidence. . . ."); *U.S. v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001) (holding that without documentary evidence of payment of a loan, a non-movant party's self-serving affidavit stating that the loan was paid was not the type of 'significant probative evidence' required to defeat summary judgment). Moreover, Plaintiffs offer no other evidence proving that a late payment occurred during the requisite period. Plaintiffs have not cited to a change in controlling law, have not

8

presented any newly discovered or previously unavailable evidence, nor shown that this Court's June 7, 2016 Order committed a manifest error of law or fact. Therefore, all claims asserted against Rotunda in this lawsuit have been eliminated.

<u>**CONCLUSION**</u>

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion for Reconsideration* **(Rec. Doc. 652)** is **DENIED.**

**IT IS FURTHER ORDERED** that all claims against Defendant The Rotunda Condominiums Homeowners Association, Inc. are **DISMISSED.**

New Orleans, Louisiana, this 15th day of August, 2016.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE