UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NICOLE REYES, ET AL.                    CIVIL ACTION

VERSUS                                  NO: 12-2043

JULIA PLACE CONDOMINIUMS                SECTION: "J"(3)
HOMEOWNERS ASSOCIATION,
INC., ET AL.

### ORDER & REASONS

Before the Court is Defendant FQRV Resort Condominium Association, Inc.'s (FQRV) *Motion Summary Judgment* **(R. Doc. 601)**, an opposition thereto filed by Plaintiffs **(R. Doc. 606)**, along with FQRV's reply to Plaintiffs' opposition. **(R. Doc. 620.)** Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that FQRV's *Motion for Summary Judgment* should be **GRANTED**.

### FACTS AND PROCEDURAL BACKGROUND

The facts of this case are set forth in detail in previously issued Orders and Reasons (*see*, *e.g.*, Rec. Doc. 464); therefore, the Court will only briefly recount them here. This is a class action lawsuit brought by Plaintiffs Nicole Reyes and Mike Sobel on behalf of themselves and other condominium owners at various properties throughout New Orleans against their respective condominium associations, as well as Steeg Law, LLC (Steeg). Plaintiff Patrick Andras was also added to this lawsuit after class

certification.[1] Plaintiffs allege that the Defendants have engaged in debt collection practices that violate state and federal law.

On May 23, 2014, Plaintiffs filed a motion to certify three classes of condominium owners. (R. Doc. 351.) The first class consists of condominium owners who were subjected to alleged violations of the Fair Debt Collection Practices Act (FDCPA). Plaintiffs allege that Steeg utilizes a standard form collection letter that violates the FDCPA on its face by demanding payment of unpaid assessments within seven days, and that Steeg violated the FDCPA by filing excessive liens on condominium owners' properties. The second class consists of condominium owners who were charged excessive late fees and interest rates for delinquent payment of assessments that allegedly violated Louisiana's usury laws. The third class consists of those who were charged late fees allegedly in violation of the Louisiana Condominium Act (LCA).

On December 18, 2014, the Court certified a FDCPA class limited to claims for monetary relief against Steeg. The Court narrowly defined the FDCPA monetary relief class as "consisting of unit owners who received letters identical or substantially similar to those attached as Exhibits 'A' and 'D' of the original complaint during the year prior to the filing of the action." (R. Doc. 464 at 16.) The Court denied certification of a FDCPA class

---

[1] After the usury class was certified on August 20, 2015, Plaintiffs were granted leave to file their fourth amended complaint. (R. Doc. 553.) This fourth amended complaint added Mr. Andras as a named defendant.

for injunctive relief and denied certification of the FDCPA monetary relief class for claims against the various condominium associations. *Id.* at 6, 15. The Court also denied certification of the LCA class and deferred ruling on whether certification was appropriate for the proposed usury class because a portion of the proposed class had not actually paid the late fees that had been charged to them.

On August 20, 2015, the Court certified a narrowed version of the usury class, divided into two subclasses. Specifically, the Court certified "a class of past and present condominium owners who have paid allegedly usurious late fees. The class shall be divided into two subclasses, one seeking monetary relief and another seeking injunctive relief for purported violations of the usury law." (R. Doc. 529 at 16.) This Court also determined that the usury injunctive relief class was limited to Julia Place and those who owned condominiums at Julia Place. Accordingly, the only remaining claim that Plaintiffs may assert against FQRV is for monetary relief. But this Court's previous order made clear that only "past and present condominium owners who have paid allegedly usurious late fees" were entitled to monetary relief. (R. Doc. 529 at 16.)

Before the Court is FQRV's motion for summary judgment. (R. Doc. 601.) In short, FQRV argues that it is entitled to judgement as a matter of law, because no past or present FQRV condominium

owner paid an allegedly usurious late fee. (R. Doc. 601 at 1.) In response, Plaintiffs make two main arguments: (1) Summary judgment is inappropriate at this stage of the proceedings because class notice has not been issued; and (2) Fact issues remain as to whether a past or present owner paid a late fee within the statutory period and the nature and extent of injunctive relief necessary to correct FQRV's declarations and management agreement. (R. Doc. 606 at 1.) FQRV's motion for summary judgment is now before the Court on the briefs and without oral argument.

<u>**PARTIES' ARGUMENTS**</u>

**1.   FQRV's Arguments**

FQRV argues that it is entitled to summary judgment because no past or present FQRV condominium owner has ever paid an allegedly usurious late fees. (R. Doc. 601 at 1.) FQRV contends that it has never charged condominium owners late fees. *Id.* FQRV has produced the affidavit of its President, William J. Cox, as evidence that FQRV has never charged its past or present condominium owners late fees on any obligation. (R. Doc. 601-1 at 4-5.) Accordingly, Defendant FQRV argues that Plaintiffs' usury claims must be dismissed.

**2.   Plaintiffs' Arguments**

Plaintiffs make two main arguments: (1) Summary judgment is inappropriate at this stage of the proceedings because class notice has not been issued; and (2) Fact issues exists as to whether a

present owner paid a late fee within the statutory period and the nature and extent of injunctive relief necessary to correct FQRV's declarations and management agreement.[2] Specifically, Plaintiffs argue that, in general, dispositive motions in class actions should not be decided until after all potential class members receive notice. *Id.* at 7. Plaintiffs also argue that factual issues remain as to whether past or present FQRV condominium owners paid an allegedly usurious fee. *Id.* at 10. Addressing Mr. Cox's affidavit, Plaintiffs argue that it is "a one-sided, self-serving document presumably prepared by counsel to support summary judgment." *Id.* Plaintiffs argue that the affidavit does not indicate that Mr. Cox has knowledge of FQRV's collection practices prior to him becoming president, and therefore does not prove that no past FQRV condominium unit owner did not pay an allegedly usurious late fee. *Id.*

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075

---

[2] Plaintiffs also briefly argue that FQRV's declarations and management agreement violate Louisiana's usury laws. R. Doc. 606 at 1-2.

(5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the

6

record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g.*, *id*. at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

As previously explained, the only potential claim Plaintiffs have against FQRV is for monetary damages for alleged violations of Louisiana usury law. The injunctive relief class has been limited only to Julia Place and its condominium unit owners. Specifically, because Julia Place did not use Steeg's services in drafting its declarations and bylaws, there is no longer a juridical link between Julia Place and the other Defendants. Therefore, only Julia Place condominium owners are entitled to injunctive relief, and Julia Place is the only condominium subject to injunctive relief in this lawsuit. Accordingly, there are two issues now before the Court: 1) Whether deciding FQRV's motion for summary judgment is premature because class notice has not been issued; and 2) If summary judgment is not premature, whether a genuine issue of material fact remains as to whether a past or

present FQRV condominium unit owner paid an allegedly usurious late fee.

Plaintiffs cite to cases which they argue support the proposition that Defendants motion for summary judgment should not be decided until after all potential class members receive notice. *See* R. Doc. 606 at 7. For example, Plaintiffs cite to *Darrington v. Assessment Recovery of Washington, LLC*, No. 13-286, 2014 WL 3858363, at *3 (W.D. Wash. Aug. 5, 2014). In *Darrington*, the court was faced with the parties' joint motion for class notice and *the plaintiffs'* motion for summary judgment. *Id.* at *1. The court stated that district courts generally do not grant summary judgment on the merits of a class action until the class has been properly certified and notified. *Id.* The court went on to state that "ruling on Plaintiffs' summary judgment motion is premature and, if rendered, would prejudice Defendants." *Id.* at *4. The other cases cited by Plaintiffs stand for this same position— it may be appropriate to postpone ruling on a <u>plaintiff's</u> motion for summary judgment until after class notice has been given. *See Gessele v. Jack in the Box, Inc.*, No. 10-0960, 2012 WL 3686274, at *3 (D. Or. Aug. 24, 2012) ("Absent extraordinary circumstances, it is appropriate to postpone ruling on *a plaintiff's motion for summary judgment* until after class definition issues are settled, notice has been given, and the period for class members to exclude themselves has expired[.]"). None of the cases cited by Plaintiffs

support their position that this Court is unable to render a decision on Defendant FQRV's motion for summary judgment prior to class notice being issued.[3] Accordingly, the Court shall determine whether there is a genuine issue of material fact as to whether any past or present FQRV condominium owners paid an allegedly usurious late fee.

To determine whether a genuine issue of material fact remains, the Court must determine which party ultimately bears the burden of proving that a past or present condominium unit owner has paid an allegedly usurious late fee. While not discussed by either party in their briefs, it appears that Plaintiffs, as the party pleading usury, bear the burden of proving that a past or present FQRV condominium owner has paid an allegedly usurious fee. *See Meadow Brook Nat. Bank v. Massengill*, 427 F.2d 1055, 1060 (5th Cir. 1970) (noting that the party pleading usury bears the burden of proof).

---

[3] The Court in *Darrington* cited to *Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir 1995) in support of its position that district courts generally do not grant summary judgment on the merits before notice is issued. *Darrington*, 2014 WL 3858363, at *3. In *Schwarzschild*, the Ninth Circuit was asked to consider "whether a defendant who has succeeded in obtaining summary judgment may subsequently compel the named plaintiff to give the class the Rule 23(c)(2) notice that is ordinarily given shortly after class certification, or whether by obtaining judgment before the notice is given the defendant has waived any right to have notice sent to the purported class members." 69 F.3d at 294. The court was not addressing whether it was appropriate to rule on a defendant's motion for summary judgment prior to notice being issued. In fact, the Ninth Circuit explicitly recognized that the district court issued a ruling on the defendants' motion for summary judgment prior to notice being issued, but made no reference to such action being inappropriate. *See id.* at 297 ("We join the District of Columbia and Third Circuits in holding that when defendants obtain summary judgment before the class has been properly certified or before notice has been sent, they effectively waive their right to have notice circulated to the class under Rule 23(c)(2); in such cases, the district court's decision binds only the named plaintiffs.")

Consequently, Defendants, as the moving party, may merely point out that the evidence in the record is insufficient with respect to an essential element of Plaintiffs' claim. *See Celotex*, 477 U.S. at 325. Defendants have done so, and argue that Plaintiffs have not produced any evidence that a past or present FQRV condominium owner has paid an allegedly usurious fee. (R. Doc. 601.) Rather than produce evidence that a past or present FQRV condominium unit owner has paid an allegedly usurious late fee, Plaintiffs argue that Defendants have not satisfied their burden of proving that no FQRV condominium unit owner has not paid an allegedly usurious late fee through Mr. Cox's affidavit. (R. Doc. 606 at 10-12.) Plaintiffs argue that Mr. Cox's affidavit is "one sided, self-serving" and "presumably prepared by counsel to support summary judgment." *Id.* at 10. Further, Plaintiffs argue that Mr. Cox does not have personal knowledge of FQRV's charging habits prior to becoming president. *Id.*

Despite Plaintiffs' contentions otherwise, Mr. Cox's affidavit shows that he is personally familiar with and has personal knowledge of FQRV records pertaining to, and reflecting, all fees charged to FQRV condominium owners. (R. Doc. 601-2 at 2.) Further, Mr. Cox's affidavit clearly states that "[n]o past or present FQRV condominium owner *has ever paid, or ever been charged, late fees* on any obligation of FQRV condominium fees, or any type of assessment, whether repair, maintenance, or otherwise." *Id.*

10

(emphasis added). Thus, if the burden is on FQRV, Mr. Cox's affidavit is evidence that no past or present condominium unit owner has paid an allegedly usurious late fee. The burden then shifts to Plaintiffs to rebut this evidence, which Plaintiffs have not done. Specifically, Plaintiffs have produced no evidence that a past or present FQRV condominium unit owner has paid any late fee, let alone an allegedly usurious late fee. Accordingly, regardless of whether the burden is on Plaintiffs or FQRV at this stage of the proceedings, Plaintiffs have not produced *any* evidence that a former or current FQRV condominium owner paid an allegedly usurious late fee, and Mr. Cox's affidavit is sufficient evidence that no such fee has ever been paid. Plaintiffs' usury claims against FQRV must be dismissed.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion for Summary Judgment* **(R. Doc. 601)** is **GRANTED**. All of the Plaintiffs' claims against Defendant FQRV Resort Condominium Association, Inc. are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 7th day of October, 2016.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

11