```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


NICOLE REYES, ET AL.                        CIVIL ACTION

VERSUS                                      NO: 12-2043

JULIA PLACE CONDOMINIUMS                    SECTION: "J"(3)
HOMEOWNERS ASSOCIATION,
INC., ET AL.
```

## ORDER & REASONS

Before the Court is Defendants'[1] *Motion for Partial Summary Judgment* **(R. Doc. 667)**, an opposition thereto filed by Plaintiffs **(R. Doc. 714)**, along with Defendants' reply to Plaintiffs' opposition. **(R. Doc. 744.)** Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**, as explained more fully below.

## FACTS AND PROCEDURAL BACKGROUND

The facts of this case are set forth in detail in previously issued Orders and Reasons (*see*, *e.g.*, Rec. Doc. 464); therefore, the Court will only briefly recount them here. This is a class action lawsuit brought by Plaintiffs Nicole Reyes and Mike Sobel on behalf of themselves and other condominium owners at various properties throughout New Orleans against their respective

---

[1] For purposes of this motion, the "Defendants" includes Mills Row, Gallery Row, 1750 Saint Charles, and The Henderson (Defendants). Mills Row (R. Doc. 574) and Carondelet Place (R. Doc. 551) previously filed independent motions for summary judgment asking to be dismissed from the injunctive relief class. In a separate Order and Reasons, this Court dismissed Plaintiffs' claims against Carondelet Place. (R. Doc. 778.) But the Court shall address Mills Row's request for partial summary judgment within this Order and Reasons.

condominium associations, as well as Steeg Law, LLC (Steeg). Plaintiff Patrick Andras was also added to this lawsuit after class certification.[2] Plaintiffs allege that the Defendants have engaged in debt collection practices that violate state and federal law.

On May 23, 2014, Plaintiffs filed a motion to certify three classes of condominium owners. (R. Doc. 351.) The first class consists of condominium owners who were subjected to alleged violations of the Fair Debt Collection Practices Act (FDCPA). Plaintiffs allege that Steeg utilizes a standard form collection letter that violates the FDCPA on its face by demanding payment of unpaid assessments within seven days, and that Steeg violated the FDCPA by filing excessive liens on condominium owners' properties. The second class consists of condominium owners who were charged excessive late fees and interest rates for delinquent payment of assessments that allegedly violated Louisiana's usury laws. The third class consists of those who were charged late fees allegedly in violation of the Louisiana Condominium Act (LCA).

On December 18, 2014, the Court certified a FDCPA class limited to claims for monetary relief against Steeg. The Court narrowly defined the FDCPA monetary relief class as "consisting of unit owners who received letters identical or substantially similar to those attached as Exhibits "A" and "D" of the original

---

[2] After the usury class was certified on August 20, 2015, Plaintiffs were granted leave to file their fourth amended complaint. (R. Doc. 553.) This fourth amended complaint added Mr. Andras as a named defendant.

2

complaint during the year prior to the filing of the action." (R. Doc. 464 at 16.) The Court denied certification of a FDCPA class for injunctive relief and denied certification of the FDCPA monetary relief class for claims against the various condominium associations. *Id.* at 6, 15. The Court also denied certification of the LCA class and deferred ruling on whether certification was appropriate for the proposed usury class because a portion of the proposed class had not actually paid the late fees that had been charged to them.

On August 20, 2015, the Court certified a narrowed version of the usury class, divided into two subclasses. Specifically, the Court certified "a class of past and present condominium owners who have paid allegedly usurious late fees. The class shall be divided into two subclasses, one seeking monetary relief and another seeking injunctive relief for purported violations of the usury law." (R. Doc. 529, at 16.) In discussing the Rule 23 adequacy requirement, the Court also declared that Mike Sobel was not an adequate representative of the injunctive relief class because he no longer owns a condominium at any of the Defendants' condominium complexes. *Id.* at 13. Judge Berrigan also ruled that "if, as defendants claim, Julia Place did not draft its governing documents with the aid of Steeg's legal advice, then the 'juridical link' between Julia Place and the other defendants is lost for the purposes of seeking injunctive relief, and the injunctive relief

3

class will be limited to members owning units at Julia Place." *Id.* at 14.

On August 9, 2016, several Defendants filed a Motion for Partial Summary Judgment arguing that they should be excluded from the injunctive relief class based on Judge Berrigan's prior Order. (R. Doc. 667.) In short, Defendants argue that Julia Place did not draft its governing documents with the aid of Steeg's legal advice. *See id.* Consequently, Defendants argue that they are entitled to summary judgment dismissing the injunctive relief claims against them. *Id.* Plaintiffs argue that Defendants' motion should be denied, because unit owners have been charged and paid excessive late fees at each of the condominiums that now seek to be dismissed. *See* R. Doc. 714. Defendants' motion is now before the Court on the briefs and without oral argument.

## PARTIES' ARGUMENTS

1. **Defendants' Arguments**

Defendants raise two arguments in support of their motion. First, Defendants argue that Julia Place did not draft its governing documents with the aid of Steeg's legal advice; accordingly, the injunctive relief class should be limited to members owning units at Julia Place. (R. Doc. 667-1.) More specifically, Defendants argue that, in accordance with Judge Berrigan's prior order, because Steeg did not assist Julia Place in preparing its governing documents that there is no longer a

4

"juridical link" between Nicole Reyes and the Defendants. *See* R. Doc. 667-1; R. Doc. 744. Without this connection, Defendants argue that Plaintiffs have no direct or indirect claims against them, and that the Plaintiffs' usury injunctive relief claims against Defendants should be dismissed. *See id.*

Defendants also argue that Plaintiffs cannot show that payment of late charges has resulted in irreparable harm for which there is no adequate remedy at law. (R. Doc. 667-1 at 7.) Defendants argue that the usury class members can be fully compensated monetarily by proceeding in an action for damages. *Id.* Thus, Defendants argue that Plaintiffs, and the usury class members they represent, are not entitled to injunctive relief under Louisiana's usury law. *Id.* at 8.

**2.   Plaintiffs' Arguments**

Plaintiffs argue that factual issues remain as to whether Julia Place drafted its declarations or bylaws using Steeg's legal advice. (R. Doc. 714 at 8.) Regardless, Plaintiffs argue that even if Julia Place did not draft its governing documents with Steeg's advice, "Steeg participated in passing a 'rule change'" that permitted Julia Place to collect the allegedly usurious late fees. *See id.* Specifically, Plaintiffs allege that Julia Place's original declarations and bylaws did not provide for late fees. *Id.* However, "[w]hen Steeg became involved through newly elected association president, Wayne Citron, and after attempts to pass a

5

late fee by amendment to the declarations failed, Steeg participated in passing a 'rule change' in order to circumvent the necessary vote of the condominium members. Rather than a two-thirds vote to approve an amendment to the declarations, the Board simply passed a new 'rule' requiring simple majority of the Board with the advice, consent, and approval of Steeg." *Id.* Plaintiffs have presented no evidence of these assertions. Plaintiffs argue that they "have had outstanding discovery to Steeg Law on this issue since 2013, and Steeg has still not answered the question." *Id.* Plaintiffs allege that this issue has been under submission before Magistrate Judge Knowles, thus, presumably, preventing Plaintiffs from presenting direct evidence of such a relationship between Julia Place and Steeg. *See id.* at n. 14. Further, Plaintiffs argue that Defendants' arguments that the "juridical link" no longer exists is flawed. Plaintiffs argue that

> Steeg was involved in drafting the late fee rules that form the basis of this lawsuit. The declarations do not even include a late fee. The members at Julia Place never voted to approve such a late fee. All late fees that have ever been charged at Julia Place have been illegal and improper. Steeg knew all of that because it knew the attempt to amend the declarations failed. Steeg was involved in the key issue, as it relates to the enforcement and collection of late fees.

*Id.* at 11. Plaintiffs also argue that Defendants' voluntary acts cannot moot the class' claims. *Id.* at 4. In sum, Plaintiffs argue that the juridical link still remains and confers standing, and that this case should proceed to trial. *Id.* at 12.

6

**LEGAL STANDARD**

**1.   Rule 23 of the Federal Rules of Civil Procedure**

Rule 23(a) of the Federal Rules of Civil Procedure presents four requirements in order for one or members of a class to sue, or be sued: (1) the class must be so numerous that joinder of all members is impracticable; (2) there must be questions of law or fact common to the class; (3) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). The Fifth Circuit has explained that:

> The test for typicality is not demanding. It focuses on the similarity between the named plaintiffs' legal and remedial theories of those whom they purport to represent. Typicality does not require a complete identity of claims. Rather, the critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality.

*Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th. Cir. 2002)(quoting *James v. City of Dallas*, 254 F.3d 551, 571 (5th Cir. 2001)). Prior to a final judgment, a court may alter or amend its order granting class certification. Fed. R. Civ. P. 23(c)(1)(c).

**2.   Summary Judgment**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits

7

show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade

8

the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See*, *e.g.*, *id.* at 325; *Little*, 37 F.3d at 1075.

## **DISCUSSION**

The Defendants' motion only addresses whether the injunctive relief class should be limited to members who currently own condominium units at Julia Place. This Court's August 20, 2015 Order, in addressing the Rule 23 adequacy requirement and the juridical link doctrine, clearly explained two important points. First, Nicole Reyes is the only named Plaintiff who can adequately represent the proposed class in seeking injunctive relief. (R. Doc. 529 at 14.) Second, the order provided that if "Julia Place did not draft its governing documents with the aid of Steeg's legal advice, then the 'juridical link' between Julia Place and the other

9

defendants is lost for the purposes of seeking injunctive relief, and the injunctive relief class will be limited to members owning units at Julia Place." *Id.* Defendants argue that there is undisputed evidence that Steeg did not draft Julia Place's "late fees and interest provisions" of its governing documents. *See* R. Doc. 667-1 at 4. Defendants point to two declarations, one by Stephen J. Broussard, and the other by Scott J. Sonnier. (R. Doc. 667-2; R. Doc. 667-3.) Neither Mr. Broussard nor Mr. Sonnier is associated with Steeg. Mr. Broussard's declaration provides that he assisted Julia Place in preparing their declarations, bylaws, articles of incorporation, and initial report in 2005, and assisted in preparing amendments to those declarations in 2006 and 2008. (R. Doc. 667-2 at 1.) Mr. Sonnier's declaration provides that, in 2013, he assisted in amending Julia Place's act of declaration. (R. Doc. 667-3 at 1.) Defendants argue that this evidence proves that Steeg did not draft Julia Place's governing documents; therefore, Plaintiffs' injunctive relief claims should be dismissed in accordance with Judge Berrigan's prior order.

In response, Plaintiffs argues that "Steeg was involved in drafting the late fee rules that form the basis of this lawsuit. . . . Steeg was involved in the key issue as it relates to the enforcement and collection of late fees." (R. Doc. 714 at 11.) Further, Plaintiffs contend that Steeg has withheld discovery which would provide evidence that Steeg was involved in drafting

10

Julia Place's governing documents. *Id.* at 8. Importantly, Plaintiffs filed a motion to compel Steeg to:

> Please produce a copy of any condominium documents that [Steeg] drafted or participated in drafting, reviewed, interpreted or filed, or otherwise provided any other form of legal services in connection therewith. If you do not have possess a copy of any such condominium documents, please identify the condominium document and condominium and/or condominium association for which such legal services were provided. This request is not limited to only those condominium defendants named in this lawsuit, but applies to any and all entities for whom you provided such services.

(R. Doc. 631-1 at 13.)[3] However, on September 14, 2016, Magistrate Judge Knowles issued an order denying Plaintiffs' motion to compel. (R. Doc. 756.) Thus, the only evidence Plaintiff has submitted that Julia Place drafted its governing documents with the aid of Steeg's legal advice is its own word.

The Court's previous order was clear that the "juridical link" between Julia Place and the other Defendants is extinguished if Julia Place did not draft its governing documents with the aid of Steeg's legal advice. (R. Doc. 529 at 14.) Defendants have produced sufficient evidence, through two undisputed declarations, that Steeg did not assist Julia Place in drafting its governing documents. (R. Doc. 667-2; R. Doc. 667-3.) Plaintiffs have presented no evidence that Steeg drafted Julia Place's governing documents. Accordingly, the juridical link between Julia Place and

---

[3] Plaintiffs' Motion to Compel sought complete responses to approximately fifty discovery requests. *See* R. Doc. 756 at 1. The Court denied all of Plaintiffs' requests as they related to Julia Place.

11

the other Defendants, for purposes of injunctive relief for the usury class, has been eliminated. Therefore, in accordance with Judge Berrigan's previous order, the injunctive relief class is hereby limited to members currently owning condominium units at Julia Place, and Plaintiffs' injunctive relief claims against Defendants[4] are hereby dismissed. Further, because Julia Place has not joined in the filing of this motion, and Plaintiffs' injunctive relief claims are limited solely to Julia Place, the Court shall defer ruling on whether injunctive relief for alleged usury violations is an appropriate remedy.

---

[4] *See* n. 1.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' *Motion for Partial Summary Judgment on the Claims for Injunctive Relief* **(R. Doc. 667)** is **GRANTED**.

**IT IS FURTHER ORDERED** that the usury injunctive relief class is limited to members who currently own condominium units at Julia Place. Plaintiffs' claims for injunctive relief against all Defendants, except Julia Place, are hereby **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana this 7th day of October, 2016.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE