```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA


NICOLE REYES, ET AL.                    CIVIL ACTION

VERSUS                                  NO: 12-2043

JULIA PLACE CONDOMINIUM                 SECTION: "J"(3)
HOMEOWNERS ASSOCIATION,
INC., ET AL.
```

### ORDER & REASONS

Before the Court is Defendant Julia Place Condominium Homeowners Association, Inc.'s ("Julia Place") *Motion for Partial Summary Judgment on Property Damage* **(R. Doc. 669)**, an opposition thereto filed by Plaintiff, Nicole Reyes (R. Doc. 712), and a reply to Plaintiff's opposition filed by Julia Place (R. Doc. 748). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

### FACTS AND PROCEDURAL BACKGROUND

Plaintiff owned a condominium unit at Julia Place Condominiums. Along with a myriad of other claims, Plaintiff has made a claim for personal property damages. *See* (R. Doc. 40 at 2.) Plaintiff's condominium was located on the fourth floor of the condominium building. There was not another condominium unit above Plaintiff's unit. Rather, the roof of the condominium building was directly above Plaintiff's unit. Plaintiff alleges that in September 2012, Hurricane Isaac damaged the roof of Julia Place

Condominiums above Plaintiff's condominium unit. As a result, Plaintiff alleges that her condominium unit sustained water damage, and that Julia Place refused to inspect her unit or cover the costs of repairing her unit. Again in February 2014, Plaintiff alleges that the roof had a leak and a heavy rain caused additional damages to her unit, which Plaintiff claims that Julia Place will not repair. As a result of these incidents, Plaintiff seeks emotional distress damages and the repair costs associated with repairing the damage to her unit.

On October 9, 2016, Julia Place filed the present *Motion for Partial Summary Judgment on the Claims for Property Damage* (R. Doc. 669). In short, Julia Place argues that Plaintiff cannot prove that any damage to the roof of the condominium unit caused water to enter her unit. Julia Place further argues that Plaintiff has not produced any evidence of damages. (R. Doc. 669-1 at 3.) In response, Plaintiff argues that she is capable of testifying as to the cause of the water damage and that Julia Place is legally required to make repairs for damages to the roof because it is a "common element"[1] of the condominium. (R. Doc. 712.) Julia Place's motion is now before the Court on the briefs and without oral argument.

---

[1] In general, Julia Place is responsible for repairs to "common elements" of the condominium. The Julia Place Condominium Declarations provide examples of certain "common elements," but the parties do not dispute that the roof of the condominium complex is a "common element."

2

**PARTIES' ARGUMENTS**

1. **Julia Place's Arguments**

Julia Place first argues that Plaintiff has failed to designate an expert witness who will testify as to the alleged cause of Plaintiff's property damage. (R. Doc. 669-1 at 5.) Julia Place argues that specialized and technical knowledge is required to discuss the origin of the alleged leak. *Id.* Further, Julia Place argues that Plaintiff has failed to produce any documents (i.e. repair invoices, estimates, receipts) to support her property damage claim. *Id.* Julia Place further argues that even if an expert is not needed to prove Plaintiff's property damage claim Nicole Reyes cannot testify to such damage. Julia Place asserts that Plaintiff Nicole Reyes has admitted that she does not know the cause of the damage to her unit.

Julia Place also argues that it is not responsible for repairing the interior of Plaintiff's condominium unit. *Id.* at 6. Julia Place asserts that pursuant to the Louisiana Condominium Act, Plaintiff is responsible for maintenance, repair, and replacement of her individual unit. *Id.* (citing La. Rev. Stat. 9:1123.107). Julia Place argues that interior sheet rock damage is not a common element, and therefore Julia Place is not responsible for its repair. *Id.* at 7. Finally, Julia Place argues that Plaintiff has not produced any no evidence that Julia Place fails

3

to maintain property insurance for the condominium building. *Id.* at 8.

### 2. Plaintiff's Arguments

Plaintiff argues that she is able to testify that the damage to her unit came from a leak in the roof of the condominium that was caused by Hurricane Isaac. (R. Doc. 712.) Plaintiff asserts that expert testimony is not necessary prove the cause of the water damage. *Id.* at 2. Plaintiff argues that the LCA and Julia Place's Condominium Declarations require Julia Place to make such repairs. Specifically, Plaintiff argues that because the damage to her unit was caused by the roof, a common element of the condominium, Julia Place is responsible for making repairs to Plaintiff's condominium unit.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide*

4

*Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a

5

genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g.*, *id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

Julia Place only seeks summary judgment on Plaintiff's property damage claim. (R. Doc. 669.) "Under Louisiana law, when property is damaged through the fault of another, the primary goal is to restore the property, as nearly as possible, to the state it was in immediately prior to the damage. It is well settled, in this regard, that the measure of property damage is the cost of restoring the property to its former condition." *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, No. 09-6050, 2010 WL 1710434, at *23 (E.D. La. April 27, 2010) (citing *Summarell v. Ross*, 95-27,160 (La. App. 2 Cir. 8/23/95); 660 So.2d 112, 116-17). "Generally, Louisiana courts consider the cost of restoration to be the proper measure of damage where the thing damaged can be adequately repaired. No mechanical rule is applied with exactitude. Each case must rest on its own facts and circumstances." *Id.*

Plaintiff has not produced any evidence that the cause of the damage to her condominium unit was a leak in the roof of the condominium. Rather, Plaintiff admitted repeatedly in her deposition testimony that she did not know what caused the water

damage to her unit. *See* (R. Doc. 748-1 at 1-4.) Additionally, Plaintiff has not identified any other witness that will testify to the cause of the damage to her unit. Further, Plaintiff admits she has not spent any money to fix her unit, and has not received an estimate from anyone as to the cost of such repair. *Id.* at 5. Accordingly, because Plaintiff has not identified any damages and has not identified a single witness that can testify to the cause of the damage to her unit, Plaintiff's property damage claims must be dismissed.

Finally, Plaintiff failed to address Julia Place's argument that it properly maintained property insurance for the condominium building. (R. Doc. 669-1 at 8.) "Failure to address a claim in response to a defendant's summary judgment motion constitutes abandonment of the claim." *Valenza v. Wal-Mart Stores, Inc.*, No. 16-2469, 2016 WL 7407178, at *4 (E.D. La. Dec. 22, 2016) (citing *Venezia v. ConcoPhillips Co.*, No. 12-2168, 2014 WL 107692, at *13 (E.D. La. Jan. 8, 2014; *Vela v. City of Houston*, 276 F.3d 659, 678-79 (5th Cir. 2001)). Accordingly, any claim that Julia Place did not properly maintain property insurance for the condominium building is abandoned and dismissed.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Julia Place's *Motion for Partial Summary Judgment on the Claims for Property Damages* **(R. Doc. 669)** is **GRANTED**. Plaintiff's property damage claims are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana this 26th day of January, 2017.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE