```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA
```

NICOLE REYES, ET AL.                          CIVIL ACTION

VERSUS                                        NO: 12-2043

JULIA PLACE CONDOMINIUM                       SECTION: "J"(3)
HOMEOWNERS ASSOCIATION,
INC., ET AL.

### ORDER & REASONS

On October 12, 2016, Magistrate Judge Daniel Knowles conducted a settlement conference and reported that a partial settlement was reached. (R. Doc. 785.) The settlement resolved Plaintiffs' claims against all Defendants except for Steeg Law and Julia Place Condominiums Homeowners Association, Inc. ("Julia Place"). *Id.* After dismissing several motions as moot, R. Doc. 793, the Court ordered Julia Place, and any other interested party, to brief whether "there is a proposed class that satisfies Rule 23(a)-(b) of the Federal Rules of Civil Procedure." (R. Doc. 793 at 2.) Plaintiffs,[1] Steeg Law,[2] and Julia Place[3] responded. Steeg Law then filed a reply to Plaintiffs' response. (R. Doc. 797.) Plaintiffs filed a reply that addressed arguments raised in Julia Place's and Steeg Law's response. (R. Doc. 798.) Now, this Court must determine whether the proposed Fair Debt Collection Practices Act class ("FDCPA class") and the Louisiana usury law class ("usury

---

[1] R. Doc. 794.
[2] R. Doc. 795.
[3] R. Doc. 796.

class") still satisfy Rule 23's requirements. The Court shall address these issues in light of the parties' responses.

## FACTS AND PROCEDURAL BACKGROUND

On December 18, 2014, this Court certified an FDCPA monetary relief class, but declined to certify an FDCPA injunctive relief class. (R. Doc. 464 at 6, 10.) In certifying the FDCPA monetary relief class, this Court noted that the class consisted of twenty-one to fifty class members, including seven corporate entities, and noted that Plaintiffs may be able to identify additional class members. *See id.* at 7-9. The Court determined that Plaintiffs satisfied Rule 23's numerosity requirement. *See id.* at 9. On July 29, 2015, this Court held that certain corporate entities proposed by Plaintiff as FDCPA claimants were not "natural persons," and therefore were unable to recover under the FDCPA. (R. Doc. 510 at 7.) The Court then excluded five corporate entities that Plaintiff previously included in the FDCPA class. *Id.* In light of the developments of this case, Steeg Law now contends that there are fewer than twenty-five members of the FDCPA class. (R. Doc. 795.) In response, Plaintiffs merely argue that "[t]he recent settlement did not resolve any component of the FDCPA class. Therefore, the FDCPA class should not be affected by the settlement." (R. Doc. 794 at 1.)

On August 20, 2015, this Court certified a narrow usury class, which was divided into two subclasses. (R. Doc. 529.) Specifically,

the Court certified "a class of past and present condominium owners who have paid allegedly usurious late fees. The class shall be divided into two subclasses, one seeking monetary relief and another seeking injunctive relief for purported violations of the usury law." *Id.* at 16. On October 2, 2016, this Court narrowed the injunctive relief class to "members currently owning condominium units at Julia Place." (R. Doc. 783 at 13.) In light of the settlement in this case, Julia Place argues, *inter alia*, that Rule 23's requirements are no longer met with respect to the usury class. (R. Doc. 796.) As to Rule 23(a)'s numerosity requirement, Julia Place argues that Plaintiffs have produced evidence that there are only eighteen[4] members of the usury class, and no remaining members entitled to injunctive relief. *Id.* at 12, 14. Plaintiffs concede that only eighteen class members remain as to the usury class; however, Plaintiffs argue that the Court should maintain the proposed usury class because the members stand to recover small amounts if they prevail, and several members are from different states. (R. Doc. 794 at 2.) The Court shall address whether, in light of the recent settlement, this action should be maintained as an FDCPA and usury class action.

---

[4] Plaintiffs argue there are eighteen usury class members, while Julia Place argues there are only seventeen members. The evidence presented by Plaintiffs demonstrates a list of eighteen individuals, including the named Plaintiff, Nicole Reyes. See (R. Doc. 794-1.) Nevertheless, Plaintiffs have failed to demonstrate that joinder is impracticable.

**DISCUSSION**

"[A] trial court overseeing a class action retains the ability to monitor the appropriateness of class certification throughout the proceedings and to modify or decertify a class at any time before final judgment." *In re Integra Realty Res., Inc.*, 354 F.3d 1246, 1261 (10th Cir. 2004); *see also McNamara v. Felderhof*, 410 F.3d 277, 281 n.8 (5th Cir. 2005) (quoting *In re Integra* in support of the position that a trial court may alter its class certification ruling). "Four prerequisites to class certification must be met by all classes: numerosity, commonality, typicality, and adequacy of representation." *Izzio v. Century Golf Partners Mgmt., L.P.*, No. 16-10446, 2016 WL 6775944, at *1 (5th Cir. Nov. 15, 2016) (internal quotations and citations omitted). "An order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C); *McNamara*, 410 F.3d at 281 n.8. Under Rule 23(a)(1), certification is only appropriate where "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "[A] number of facts other than the actual or estimated number of purported class members may be relevant to the 'numerosity' question; these include, for example, the geographical dispersion of the class, the ease with which class members may be identified, the nature of the action, and the size of each plaintiff's claim." *Ibe v. Jones*, 836 F.3d 516, 528 (5th Cir. 2016) (quoting *Zeidman v. J. Ray*

4

*McDermott & Co.*, Inc., 651 F.2d 1030, 1038 (5th Cir. 1981)). In *Mullen v. Treasure Chest Casino, LLC*, the Fifth Circuit noted that between 100 and 150 members is within the range that generally satisfies the numerosity requirement, and "any class consisting of more than forty members should raise a presumption that joinder is impracticable." 186 F.3d 620, 624 (5th Cir. 1999); *see also In re TWL Corp.*, 712 F.3d 886, 895 (5th Cir. 2013) (noting that a putative class of only 130 members might present a close question as to numerosity, depending on the facts of the case).

Plaintiffs have produced evidence that there are only eighteen members in the usury class. (R. Doc. 794-1.) Eighteen members clearly does not raise a presumption that joinder is impracticable. *Mullen*, 186 F.3d at 624. While Plaintiffs argue that some class members are dispersed across the country, Plaintiffs have had no difficulty in locating or identifying the putative class members. Accordingly, decertification of the usury class is appropriate. *See Ardoin v. Louisiana*, No. 08-593, 2009 WL 958735, at *4 (M.D. La. Apr. 6, 2009) (holding that numerosity requirement was not met where the plaintiff's proposed class consisted of no more than eighteen putative class members).

As to the FDCPA class, Plaintiffs argue that the settlement did not resolve any FDCPA claims, and that the FDCPA class should not be altered. (R. Doc. 794 at 1.) However, courts "remain under a continuing obligation to review whether proceeding as a class

5

action is appropriate, and may modify the class or vacate the class certification pursuant to evidentiary developments arising during the course of litigation." *Ellis v. Elgin Riverboat Resort*, 217 F.R.D. 415, 419 (N.D. Ill. 2003) (citing *Eggleston v. Chi Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 896 (7th Cir. 1981) (other citations omitted)). The party who seeks to maintain a lawsuit as a class action bears the burden of producing a record demonstrating the continued propriety of maintaining the class action. *Id.* (citing *Stastny v. S. Bell Tel. & Tel. Co.*, 628 F.2d 267, 277 (4th Cir. 1980)). Steeg Law argues that discovery and pre-trial litigation has revealed that the FDCPA class consists of twenty-five or fewer members. (R. Doc. 795 at 4.) Steeg Law contends that throughout this litigation Plaintiffs have asserted that Steeg Law concealed the identities of potential FDCPA class members. *Id.* at 5. However, this Court recently determined that Steeg Law has not concealed the identity of potential class members and has complied with all of its discovery responsibilities in this case. *See* (R. Doc. 756.) Steeg Law asserts that it sent "less than [twenty-five] lien letters within the one-year period the Court included in the class certification Order,"[5] and that Plaintiffs cannot produce any evidence that the FDCPA class

---

[5] The Court certified an FDCPA class of "unit owners who received letters identical to or substantially similar to those attached as Exhibits 'A' and 'D' of the original complaint during the year prior to the filing of the action." (R. Doc. 464 at 16.)

6

consists of more than twenty-five individuals. (R. Doc. 795 at 5.) The Court finds that the FDCPA class must also be decertified. Despite years of litigation, Plaintiffs have not produced any evidence that the FDCPA class consists of more than twenty-five individuals. Further, Plaintiffs have not demonstrated that class members are difficult to identify or that the class is geographically dispersed. Accordingly, Plaintiffs' FDCPA monetary class is decertified.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the class of Plaintiffs asserting claims under the Fair Debt Collection Practice Act in this matter is **DECERTIFIED**.

**IT IS FURTHER ORDERED** that the class of Plaintiffs asserting claims under Louisiana usury law is **DECERTIFIED**.

New Orleans, Louisiana this __31st__ day of __January__, 2017.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE