```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


   NICOLE REYES, ET AL.                    CIVIL ACTION

   VERSUS                                  NO: 12-2043

   JULIA PLACE CONDOMINIUM                 SECTION: "J"(3)
   HOMEOWNERS ASSOCIATION,
   INC., ET AL.
```

**ORDER & REASONS**

Before the Court are cross-motions for summary judgment filed by Defendant, Steeg Law **(R. Doc. 679)**, and Plaintiff, Nicole Reyes **(R. Doc. 670)**.[1] The parties ask the Court to determine, *inter alia*, whether Steeg Law is a "debt collector" for purposes of the Fair Debt Collection Practices Act ("FDCPA"). Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that Steeg Law's motion **(R. Doc. 679)** should be **GRANTED**, and Plaintiff's motion **(R. Doc. 670)** should be **DENIED**.

**FACTS AND PROCEDURAL BACKGROUND**

This case has a long history, as evidenced by more than eight-hundred docket entries. Recently, on October 12, 2016, Magistrate Judge Daniel Knowles conducted a settlement conference and reported that a partial settlement was reached. (R. Doc. 785.) The

---

[1] Shortly after Plaintiff filed her motion for summary judgment Steeg Law filed its own motion for summary judgment (R. Doc. 679) on its status as a debt collector. Steeg Law also filed an opposition (R. Doc. 708) to Plaintiff's motion for summary judgment raising essentially the same arguments as its own motion for summary judgment (R. Doc. 679). Plaintiff also filed an opposition to Steeg Law's motion for summary judgment (R. Doc. 711) raising essentially the same arguments raised in its original motion for summary judgment (R. Doc. 670). Steeg Law filed a reply to Plaintiff's opposition. (R. Doc. 746.)

settlement resolved Plaintiffs' claims against all Defendants, except Steeg Law and Julia Place Condominiums Homeowners Association, Inc. ("Julia Place"). *Id.* Thereafter, this Court decertified Plaintiffs' FDCPA class and usury class. (R. Doc. 804.) The present cross-motions for summary judgment relate mainly to the FDCPA and whether Steeg Law is a "debt collector." In short, Plaintiff argues that Steeg Law is a "debt collector" as defined under the FDCPA, and Steeg Law argues to the contrary. The motions are now before the Court on the briefs and without oral argument.

## PARTIES' ARGUMENTS

### 1. Plaintiff's Arguments

Plaintiff argues that "Steeg has engaged in debt collection activity every month from February of 2008 through the filing of this lawsuit in August of 2012, and beyond." (R. Doc. 670-1 at 1-2.) In support of her motion for summary judgment, Plaintiff submitted three exhibits— documents relied upon for the summary exhibit produced, a summary exhibit created by plaintiff of all documents, and a summary of redacted billing records—that she argues prove Steeg Law is "debt collector" as defined by the FDCPA. *Id.* at 3. Plaintiff argues that the exhibits demonstrate 1,049 activities that are "directly related to collection of condominium assessments from unit owners between January 4, 2010 and December 5, 2012," thus making Steeg Law a "debt collector." *Id.* Plaintiff further argues that Steeg Law is a debt collector because its

website markets debt collection and representing condominium associations. *Id.* at 3.

### 2. Steeg Law's Arguments

Steeg Law argues that (1) it is not a "debt collector" under the FDCPA, (2) Plaintiff lacks a cause of action against it under Louisiana usury law, (3) Plaintiff may not claim Steeg Law was negligent because it did not owe her a duty under the law, and (4) that Plaintiff's class-wide damages are limited under the FDCPA. (R. Doc. 679-3 at 1.) As to Plaintiff's "debt collector" argument, Steeg Law asserts that Plaintiff's argument lacks evidentiary support. *See* (R. Doc. 708.) Specifically, Steeg Law argues that the exhibits produced by Plaintiff are based on assumptions from redacted invoices and privilege logs, and that the information produced is not proper summary judgment evidence. *Id.* at 1. Steeg Law further asserts that it is not a "debt collector" under the FDCPA because it does not regularly engage in debt collection, and debt collection is not its principal business. *Id.* at 6-18; *see also* (R. Doc. 708.) Steeg Law argues that its billable hours for debt collection for the two years prior to the filing of this suit constitute less than 1.5% of its annual revenue. (R. Doc. 679-3 at 7.) Further, Steeg Law argues that its collection work amounted to less than 1% of its case load in 2010, 2011, and 2012. *Id.* at 8. Steeg Law also argues that it sent less than thirty lien letters on behalf of its condominium association clients during the time

3

period prescribed by this Court, and that many of those letters sought debts that were not "consumer debts" under the FDCPA. *Id.* at 13. Finally, Steeg Law argues that its alleged collection activities constituted less than 1.3% of its revenue in 2012, less than 1.1% in 2011, and less than 1.0% in 2010. *Id.* at 15. For these reasons, Steeg Law argues that it is not a debt collector under the FDCPA. Steeg Law also argues that it is not liable for any violation of Louisiana usury law, because it has not charged any allegedly usurious interest or late fees. (R. Doc. 679-3 at 18.) Further, Steeg Law argues that Plaintiff's negligence claim against it should be dismissed because it did not owe Plaintiff a duty under Louisiana law. *Id.* at 19. Finally, Steeg Law argues that Plaintiff's class-wide damages are limited under the FDCPA to 1% of Steeg Law's net worth. *Id.* at 21.

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or

4

weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or

5

referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

**1. Steeg Law is not a "Debt Collector" as Defined by the FDCPA**

The Fair Debt Collection Practices Act seeks to eliminate "abusive, deceptive, and unfair debt collection practices" by regulating the type and number of contacts a "debt collector" can make with a debtor. *See* 15 U.S.C. § 1692. "In order to prevail on an FDCPA claim, plaintiff must prove that: (1) [she] has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Matter of Mayer*, 199 B.R. 616, 619 (E.D. La. 1996); *see also Sibley v. Firstcollect, Inc.*, 913 F. Supp. 469, 471 (M.D. La. 1995). The statute defines "debt collector" to include "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Lawyers engaged in consumer debt collection litigation may be considered "debt collectors" and

6

held liable for violating the FDCPA. *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995); *Addison v. Braud*, 105 F.3d 223, 224 n.1 (5th Cir. 1997). In determining whether a law firm is a debt collector, the focus is on whether debt collection activity is the "principal purpose" of the firm or whether the firm "regularly" engages in debt collection activity. *See Kirkpatrick v. Dover & Fox, P.C.*, No. 13-0123, 2013 WL 5723077, at *5 (S.D. Tex. Oct. 21, 2013). Thus, "a person may 'regularly' collect debts even if debt collection is not the principal purpose of his business." *Id.* (citing *Hester v. Graham, Bright & Smith, P.C.*, 289 F. App'x 35, 41 (5th Cir. 2008)). "Whether a party 'regularly' attempts to collect debts is determined, of course, by the volume or frequency of its debt-collection activities." *Brown v. Morris*, 243 F. App'x 31, 35 (5th Cir. 2007). Indeed, "if the volume of a person's debt collection services is great enough, it is irrelevant that these services only amount to a small fraction of his total business activity; the person still renders them 'regularly.'" *Garrett*, 110 F.3d at 318. Thus, in the Fifth Circuit, "no bright-line rule identifies when an attorney or law firm 'regularly' collects or attempts to collect debts, so courts must make this determination on a case-by-case basis." *Hester*, 289 F. App'x at 41 (citing *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56, 62 (2d Cir. 2004)).

The parties appear to agree that debt collection is not Steeg Law's principal purpose. *See* (R. Doc. 670; R. Doc. 679-3.) However, the parties dispute whether Steeg Law "regularly" engages in debt collection activity. Courts within the Fifth Circuit look to a variety of factors to determine whether a law firm "regularly" engages in debt collection activity. For example, courts within this circuit examine "the number of lawsuits filed and collection letters mailed, the percentage of time debt collection activities consume, the share of total lawsuits filed that were dedicated to debt collection, the number of creditor clients and the length of the firm's relationship with them, the frequency and nature of the non-collection work in which the firm engages, and the number of firm attorneys and other employees dedicated to debt collection activities." *Kirkpatrick*, 2013 WL 5723077, at *5 (collecting cases).

Plaintiff has produced exhibits it purports demonstrates that Steeg Law regularly engages in debt collection activities. (R. Doc. 670-7.) However, Plaintiff relies on redacted billing logs and assumes that every act between Steeg Law and a condominium association constitutes "debt collection" in violation of the FDCPA. *See* (R. Doc. 670 at 65-246.) Plaintiff has not provided any evidence to substantiate her argument, and the Court is unwilling to accept Plaintiff's assumption that every act between Steeg Law

and a condominium association constitutes "debt collection."[2] Further, unsubstantiated assertions are not competent summary judgment evidence. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324). Accordingly, Plaintiff has not produced any competent summary judgment evidence to support her argument that Steeg Law is a "debt collector" under the FDCPA.

Steeg Law argues that it does not regularly engage in debt collection activities. (R. Doc 679-3.) Again, "[w]hether a party 'regularly' attempts to collect debts is determined . . . by the volume or frequency of its debt collection activities." *Hester*, 289 F. App'x at 35 (quoting *Brown v. Morris*, 243 F. App'x 31, 35 (5th Cir. 2007)). Steeg Law argues that its collection activity is merely incidental to its general representation of condominium association clients and is limited to sending lien letters. (R. Doc. 679-3 at 7.) Steeg Law further argues, and Plaintiff agrees, that between 2010 and 2012 that Steeg Law sent only fifty-nine letters seeking to collect consumer debts. (*Id.* at 13-14; R. Doc. 670-1 at 3 n.7) Steeg Law produced the affidavits of Nicolle A. Jené, a Steeg Law paralegal, and Randy Opotowsky, a partner with Steeg Law. (R. Doc. 679-4, R. Doc. 679-5.) Ms. Jené has performed

---

[2] It should also be noted that Steeg Law submitted the affidavit of Randy Opotowsky who affirmed that the legal services performed on behalf of its condominium association clients did not exclusively consist of debt collection services. (R. Doc. 679-6 at 2.)

matters on behalf of Steeg Law's condominium association clients, and she compared Steeg Law's revenue from all files on which it charged for legal services from 2010 through 2012 to Steeg Law's revenue from files relating to collection of debts. (R. Doc. 679-4 at 1-2.) Ms. Jené affirmed that the percentage of Steeg Law's revenue attributable to fees accrued through the representation of condominium associations in perfecting and enforcing liens and recovering delinquent balances on behalf of those associations for the years 2010, 2011, and 2012 was less than 1.3% of Steeg Law's revenue during those time periods. *Id.* at 2-3. Ms. Jené further declared that Steeg Law does not employ any full-time employees to collect debts. *Id.* at 3.

Similarly, Mr. Opotowsky affirmed that Steeg Law does not market to obtain debt collection files with any of its clients, none of its attorneys regularly engage in the collection of consumer debts, and debt collection is not the principal purpose of Steeg Law's business. (R. Doc. 679-5.) Mr. Opotowsky also declared that Steeg Law's total billable hours billed toward condominium association files between 2010 and 2012 was less than 1.5% of all of Steeg Law's billable hours during that time period. *Id.* at 4. Even beyond sending lien letters, Mr. Opotowsky affirms that less than 3.5% of the total hours billed to the condominium association files between 2010 and 2012 was for debt collection activity. *Id.* at 5. Mr. Opotowsky also notes that Steeg Law

10

performs various tasks for its condominium association clients. *Id.* at 2-4.[3]

The two affidavits submitted by Steeg Law are the only competent summary judgment evidence before the Court. These affidavits demonstrate that the volume of Steeg Law's debt collection activity is trivial when compared to the rest of its business, that Steeg Law's principal business is not debt collection activity, that Steeg Law performs numerous tasks other than debt collection for its condominium association clients, and that Steeg Law does not have employees dedicated to debt collection. Courts must determine whether a law firm regularly collects debt on a case-by-case basis. *Hester*, 289 F. App'x at 41. Therefore, in light of all of the evidence presented, the Court finds that Steeg Law is not a "debt collector" as defined under the FDCPA. *See Franco v. Maraldo*, No. 99-3265, 2000 WL 288378, at *2-3 (E.D. La. Mar. 16, 2000) (finding a lawyer was not a debt collector where less than one percent of his practice involved debt collection activity, and where attorney handled a variety of matters on behalf of his clients).[4]

---

[3] Mr. Opotowsky's affidavit states, among other things, that Steeg Law advises condominium associations on building construction requirements, building appearance requirements, building safety and operation, short-term rental regulations, compliance with the condominiums' rules, and issues that arise from resident complaints.

[4] Plaintiff also argues that Steeg Law markets itself as a debt collector, and that this is evidence of its status as a debt collector. However, as explained in *Franco v. Maraldo*, "[t]his argument is meritless. . . . [T]he appropriate inquiry into whether defendant is a debt collector within the definition of the FDCPA is whether the principal purpose of his business is debt collection or

11

2. **Plaintiff's Claims against Steeg Law for Violations of Louisiana Usury Law are Dismissed**

Steeg Law's motion for summary judgment asserts that it is not liable for violations of Louisiana usury law. (R. Doc. 679-3 at 19.) Plaintiff argues that "Steeg Law's argument that it is not liable for violations of Louisiana's usury laws is inconsequential." (R. Doc. 711 at 3.) Plaintiff argues that if Steeg Law violated the FDCPA, which in turn led to payment of illegal, excessive, and usurious interest or late fees, then those damages are recoverable from Steeg Law under the FDCPA. *Id.* Steeg Law argues that it has never charged any party an allegedly usurious fee or interest. Further, Steeg Law argues that even if this Court were to find that Julia Place violated Louisiana usury law there is no support for Plaintiff's contention that Steeg Law can be held liable for Julia Place's alleged violation. Plaintiff has not provided any support for her position—nor was the Court able to locate any—that Steeg Law may be held liable for Julia Place's alleged usury violations. Accordingly, Plaintiff's claims against Steeg Law for violations of Louisiana's usury laws are dismissed. *See Munson v. Comm'r of Soc. Sec. Admin.*, No. 12-369, 2014 WL 1165837, at *3 (M.D. La. Mar. 21, 2014) ("Because Plaintiff has not adequately developed [his] argument, the Court does not

---

whether he is regularly engaged in that activity. His statements in the letter and in his client's complaint do not supersede the statute definition of a debt collector. . . ." 2000 WL 288378, at *3.

12

address it."); *see also Riecke v. Barnhart*, 184 F. App'x 454, 456 n.3 (5th Cir. 2006) (refusing to consider plaintiff's "vague, unsupported arguments" which he offered "no evidence" or "authority" to support and only referenced once in his brief).

### 3. Plaintiff's Negligence Claims against Steeg Law are Dismissed

Steeg Law argues that Plaintiff's negligence claim should be dismissed because Steeg Law does not owe Plaintiff a duty under Louisiana law. (R. Doc. 679-3 at 19.) In response, Plaintiff argues that she is not asserting a negligence claim "rather, [she alleges] that Steeg engaged in intentional conduct to harm the Plaintiffs as a debt collector. . . ." (R. Doc. 711 at 3.) However, as noted by Steeg Law, Plaintiff has alleged that Steeg Law was negligent. (R. Doc. 40 at 12-13.) Because Plaintiff admits that she does not have a negligence claim against Steeg Law, Plaintiff's negligence claim against Steeg Law is dismissed. Further, to the extent Plaintiff is arguing a claim for intentional infliction of emotional distress against Steeg Law, this claim has already been dismissed by this Court. (R. Doc. 380.)

### 4. Steeg Law's Argument as to FDCPA Damages is Moot

Steeg Law's motion sought a declaration that its liability in this case is limited to one percent of its net worth. (R. Doc. 679-3 at 20.) Specifically, Steeg Law argued that in FDCPA class

actions 15 U.S.C. § 1692k(a)(2)(B)(ii) limits the amount class members may collect to the lesser of $500,000 or one percent of the net worth of the debt collector. *Id.* at 21. However, in light of the Court decertifying Plaintiff's FDCPA class and determining that Steeg Law is not a "debt collector," Steeg Law's argument is moot.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Steeg Law's Motion for Summary Judgment **(R. Doc. 679)** is **GRANTED**. Specifically, the Court holds that (1) Steeg Law is not a "debt collector" as defined by the Fair Debt Collection Practices Act, (2) Plaintiff's usury claims against Steeg Law are **DISMISSED WITH PREJUDICE**, and (3) Plaintiff's negligence claims against Steeg Law are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana this 1st day of February, 2017.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE